UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
:
:
:
:
IN RE ELETSON HOLDINGS INC.                          :
:
:
:
:
:
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/11/2026

26-cv-3620 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

On August 7, 2026, Plaintiffs Levona Holdings, Ltd., Eletson Gas LLC, and EMC Gas Corp. ("Plaintiffs"), jointly with Defendants Eletson Holdings, Inc. and Eletson Corp. (the "Eletson Defendants") and Defendants Reed Smith LLP, Charles G. Weller, and Louis M. Solomon (the "Reed Smith Defendants") (collectively, the "Appearing Parties") filed a joint letter concerning the Appearing Parties' competing proposals for the Protective Order and ESI Protocol to be entered in this action. *See* Dkt. No. 74.

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process," *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)), including the "[c]ollection, review, and production of ESI," *Winfield v. City of New York*, 2017 WL 5664852, at *7 (S.D.N.Y. Nov. 27, 2017) (noting, however, that "ESI presents special challenges and requires 'cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI'" (quoting *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009))). Moreover, "[c]ourts are endowed with broad discretion to tailor protective orders to the circumstances of a particular litigation." *In re*

*Zyprexa Injunction*, 474 F. Supp. 2d 385, 413 (E.D.N.Y. 2007) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

The Court has reviewed the Appearing Parties' disagreements with respect to the ESI Protocol and orders as follows:

1. The Appearing Parties' competing proposals for the ESI Protocol's language regarding the obligations of outside counsel, *see* Dkt. No. 74-5 at 4–5, are denied. The ESI Protocol may incorporate language consistent with (and no broader or less broad than) Federal Rule of Civil Procedure 26(g)(1), which provides that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented," and that "[b]y signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after reasonable inquiry" that it complies with Federal Rule of Civil Procedure 26(g)(1)(A) and (B).

2. The changes proposed by the Reed Smith Defendants to Sections III and IV are denied. The ESI Protocol should retain the text as filed at Dkt. No. 74-2. *See* Dkt. No. 74-5 at 8–12. The obligation to, *inter alia*, disclose data sources and search terms is reasonable, likely to streamline any future disputes, and does not strike the Court as unduly burdensome. *Cf. Gardner-Alfred v. Fed. Rsrv. Bank of N.Y.*, 2023 WL 3495091, at *15 (S.D.N.Y. May 17, 2023) (noting that "parties are generally encouraged to meet and confer on the appropriate search terms to employ for ESI discovery," but "the producing party, even absent agreement or discussion about the appropriate [search] terms, still has an independent obligation to craft search terms to

fulfill the requirements of Rules 26 and 34"); *Fischer v. Forrest*, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017) (Peck, Mag. J.) (discussing that an objecting party must explain why discovery is "burdensome" or "overly broad" and may not rely on general objections).

3. The deletion proposed by the Reed Smith Defendants to Paragraph 9 of Section X, Dkt No. 74-5 at 27, is denied.  The paragraph will be retained as modified:  "Upon first assertion of any common interest or joint-defense protection, the asserting Party shall identify the participants, time period, and general subject matter of the asserted arrangement.  The existence, participants, duration, and scope of any such arrangement shall not itself be treated as privileged."

The Court has also reviewed the Appearing Parties' disagreements with respect to the Protective Order and orders as follows:

1. The deletion proposed by the Reed Smith Defendants to Paragraph 6 is denied.  *See* Dkt. No. 74-6 at 7.  No party may rely on categorical objections to designate discovery materials "Confidential" or "Attorneys' Eyes Only."  Such designations must be supported by a particularized basis.  *See, e.g.*, *Taschler v. J.P. Morgan Chase & Co.*, 2020 WL 5814236, at *3 (S.D.N.Y. Sept. 30, 2020) (issuing a protective order that prohibits "[m]ass, indiscriminate, or routinized designations" of discovery material as confidential or for attorneys' eyes only).

2. For similar reasons, the deletion proposed by the Reed Smiths Defendants to Paragraph 23 is denied.  *See* Dkt. No. 74-6 at 17–18.  Typically, designating discovery materials as for attorneys' eyes only "is considered the most restrictive (and thus least often justified) tier of discovery" and requires "that disclosure will result in

a clearly defined, specific and serious injury." *In re Genial Institucional Corretora de Cambio, Titulos e Valores Mobiliarios S.A.*, 2025 WL 40783, at \*7 (S.D.N.Y. Jan. 7, 2025) (internal citations and quotation marks omitted).

With respective to the Protective Order, the Appearing Parties also disagree to what extent discovery materials produced in this action may be used in related actions, including *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331 (S.D.N.Y. filed Aug. 8, 2023).[1] *See* Dkt. No. 74-6 at 9–12, 14, 19, 21. The dispute concerns non-designated discovery, material designated "Confidential," and material designated "Attorneys' Eyes Only." *See* Dkt. No. 74-6 ¶¶ 9–11. As to Paragraph 9 concerning limits on use of "all Discovery Material," *id.* ¶ 9, the Court denies the deletions proposed by the Reed Smith Defendants. The Federal Rules permit the "collaborative use of discovery" so long as the "initial litigation has not been instituted in bad faith for the purpose of obtaining documents for other actions." *Cipollone v. Liggett Grp., Inc.*, 113 F.R.D. 86, 91 (D.N.J. 1986); *see id.* at 93 ("the mere fact that plaintiffs intend to use these materials outside of this litigation is not 'good cause' to support the protective order"). To the extent that discovery requests are solely for the purpose of eliciting discovery materials to be used in other actions and not justified in this proceeding, the producing party can address that issue through a motion for a protective order. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the

---

[1] The Parties agree that, in addition to this action, "all Discovery Material, whether Designated Material or non-Designated Material, shall be used by Receiving Parties . . . for the purposes of . . . the adversary proceeding filed by Eletson Holdings, Adv. Pro. No. 25-01120-jpm (the 'Holdings Proceeding')." *Compare* Dkt. No. 74-2 at 8 *with* Dkt. No. 74-4 at 7.

4

purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.").

The Court also rejects the Reed Smith Defendants' alterations concerning the use of materials designated "Confidential" or "Attorneys' Eyes Only." *See* Dkt. No. 74-6 ¶¶ 9–11.  The Protective Order limits the use of designated materials to circumstances where "the Designated Material is subject to confidentiality restrictions in such proceeding that are at least as protective as provided for in this Order." *Id.* ¶ 9.  That language mirrors standard practice and "is consistent with Fed. R. Civ. P. 1 which provides that the Rules are to 'be construed to secure the just, speedy, and inexpensive determination of every action.'" *Baker v. Liggett Grp., Inc.*, 132 F.R.D. 123, 126 (D. Mass. 1990) (citing *Cipollone*, 113 F.R.D. at 91); *see also Devlin v. Transp. Commc'ns Int'l Union*, 2000 WL 28173, at *8 (S.D.N.Y. Jan. 14, 2000) ("[A]ny confidential information disclosed in discovery shall be used solely for purposes of this litigation or any related pending or potential litigation.  Further, to the extent that such information is shared in connection with other litigation, it shall be subject to all provisions of the confidentiality order entered here.").

The Appearing Parties are requested to file a proposed amended ESI Protocol and Protective Order conforming with this Order by August 19, 2026.

SO ORDERED.

Dated: August 11, 2026
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge