**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LEVONA HOLDINGS LTD., ELETSON GAS LLC, and EMC GAS CORP.,

Plaintiffs,

v.

ELETSON HOLDINGS, INC., ELETSON CORP., APARGO LIMITED, FENTALON LIMITED, DESIMUSCO TRADING LIMITED, VASSILIS KERTSIKOFF, VASILIS HADJIELEFTHERIADIS, LASCARINA KARASTAMATI, REED SMITH LLP (DELAWARE), REED SMITH LLP (ENGLAND & WALES), CHARLES G. WELLER, and LOUIS M. SOLOMON,

Defendants.

Case No. 1:26-cv-03620-LJL

**PROTECTIVE ORDER**

**Recitals**

WHEREAS, on April 24, 2026, Plaintiffs filed a complaint in the United States Bankruptcy Court for the Southern District of New York commencing this action, *see Levona Holdings Ltd. v. Eletson Holdings Inc.*, No. 26-ap-01036 (Bankr. S.D.N.Y.), ECF 1 (the "Action");

WHEREAS, on June 17, 2026, this Court withdrew the bankruptcy reference for this Action (ECF 19);

WHEREAS, on July 28, 2026, Plaintiffs filed the First Amended Complaint (ECF 61);

WHEREAS, Defendants Apargo Limited, Fentalon Limited, Desimusco Trading Limited, Vassilis Kertsikoff, Vasilis Hadjieleftheriadis, Lascarina Karastamati, and Reed Smith LLP (England & Wales) have not yet appeared, and the other Defendants (collectively with Plaintiffs, the "Undersigned Parties") have appeared;

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to the Action, including through service of document requests, interrogatories, depositions, and other discovery requests (collectively, the "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules" or "FRCP") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules");

WHEREAS, the Undersigned Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Undersigned Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal;

WHEREAS, there are certain persons or entities other than the Parties hereto that may be served with subpoenas or Discovery Requests in connection with the Action; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Undersigned Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Action.

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, the Undersigned Parties stipulate and agree, without waiver of the objections raised in Dkt. Nos. 74-1 to 74-6[, and the Court orders,] as follows:

1. Pending the Court's approval of this Order, the Undersigned Parties agree to abide by all of its terms, as if it had been approved by the Court.

2. Unless otherwise agreed upon by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to FRCP 6.

**Scope Of Order**

3. This Order applies to all information, documents, and things exchanged in or subject to discovery, either by a Party or non-Party (a "Producing Party") to any other Party or non-Party (each a "Receiving Party"), formally or informally, in response to or in connection with any Discovery Requests including without limitation deposition testimony, documents, data, interrogatory responses, and other information (collectively, "Discovery Material") in the Action.

4. This Order also applies to all non-Parties that are served with subpoenas or who otherwise produce documents or are noticed for depositions with respect to the Action, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations herein upon signing a Declaration in the form provided as Exhibit A and agreeing to be bound by the terms of this Order.

**Designating Discovery Material**

5. Any Producing Party may designate Discovery Material as "Confidential" or "Attorneys' Eyes Only" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

a. Confidential Material: A Producing Party may designate Discovery Material as Confidential if such Producing Party believes in good faith (or with respect to documents received from a third party that has advised the Producing Party that the documents constitute Confidential Material) that such Discovery Material constitutes or contains sensitive nonpublic, proprietary, commercially sensitive, or confidential technical, business, financial, personal, or other information; or is subject by law or by contract to a legally protected right of privacy; or the Producing Party is under a preexisting obligation to a third party to ensure its confidential treatment; or the Producing Party has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party. Discovery Material that does *not* fit the aforementioned criteria does not become Confidential Material simply because the information is damaging to one's position in the Action.

b. Attorneys' Eyes Only Material: A Producing Party may designate Discovery Material as Attorneys' Eyes Only solely if such Producing Party believes in good faith (or with respect to documents received from a third party that has advised the Producing Party that the documents constitute Attorneys' Eyes Only Material) that such Discovery Material contains highly sensitive nonpublic information and that disclosure of such material to persons other than those identified in Paragraph 11 of this Order would create a substantial risk of competitive, commercial, business, personal, privacy, or other serious injury that could not be avoided by a less restrictive designation as Confidential. Attorneys' Eyes Only treatment shall be reserved for the limited category of information that warrants heightened protection and shall not be used routinely or as a substitute for a Confidential designation. Attorneys' Eyes Only Material may include highly sensitive nonpublic, proprietary, or confidential information, certain trade secrets, sensitive financial or business information, or material prepared by the Producing Party's industry professionals, advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff), to the extent that the Producing Party believes in good faith that the disclosure of such material to persons other than those identified in Paragraph 11 of this Order would create a substantial risk of competitive, commercial, business, personal, privacy, or other serious injury. Discovery Material that does *not* fit the aforementioned criteria does not become Attorneys' Eyes Only Material simply because the information is damaging to one's position in the Action.

6. Manner Of Designation: Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking every such page "Confidential" or "Attorneys' Eyes Only" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, a Producing Party may designate material as "Confidential" or "Attorneys' Eyes Only" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production that such material is "Confidential" or "Attorneys' Eyes Only." Inclusion of the words "Confidential" or "Attorneys' Eyes Only" in the file names of any native file documents shall be deemed to comply with this requirement. No Party or non-Party may designate an entire production, collection, or category of Discovery Material as "Confidential" or "Attorneys' Eyes Only" on a wholesale or categorical basis. Each designation must be based on the actual content of the specific Discovery Material being designated and a particularized, good-faith determination, made at the time of designation, that such material satisfies the applicable criteria set forth in Paragraph 5(a) or 5(b), as the case may be. The designation of Discovery Material as "Confidential" or "Attorneys' Eyes Only" solely because such material may be adverse to, or damaging to the litigation position of, the Designating Party shall not constitute a sufficient basis for any designation under this Order.

7. Designation Of Written Discovery Material: Where Designated Material is produced in the form of a written response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may designate such material by imprinting "Confidential" or "Attorneys' Eyes Only" as applicable before the written response, or by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production that such material is "Confidential" or "Attorneys' Eyes Only." The designation of

Discovery Material as "Confidential" or "Attorneys' Eyes Only," regardless of the medium or format of such Designated Material or the method of designation as provided for herein, shall constitute a representation by the Producing Party that there is a good-faith basis for that designation.

8. Late Designation Of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Attorneys' Eyes Only" at the time of production ("Misdesignated Material") shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order. At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

**Use And Disclosure Of Confidential Or Attorneys' Eyes Only Material**

9. General Limitations On Use And Disclosure Of All Discovery Material: Except as set forth in Paragraph 30, unless otherwise agreed to by the Producing Party or ordered by the Court, all Discovery Material, whether Designated Material or non-Designated Material, shall be used by the Receiving Parties solely for the purposes of the Action, the case *Eletson Holdings Inc. v. Levona Holdings Limited,* 23-cv-7331 (LJL) (the "Vacatur Proceeding"), the adversary proceeding filed by Eletson Holdings, Adv. Pro. No. 25-01120-jpm (the "Holdings Proceeding"), or any other action, litigation, or arbitration with substantially similar facts to this proceeding (any "Other Proceeding"), and use of such Discovery Material shall be subject to the procedures set forth in Paragraphs 10 through 13 below, and not for any other purpose. Disclosure by Receiving Parties of Designated Material in the Holdings Proceeding, Vacatur Proceeding or any Other Proceeding is only permitted if the Designated Material is subject to confidentiality restrictions in such proceeding that are at least as protective as provided for in this Order.

10. Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available, or communicated only to the following:

a. counsel or other professional advisors for the Parties in this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding, and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services), in each case only as necessary to assist with or make decisions with respect to this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding;

b. the Parties in this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding, and the directors, officers, partners, members, and

employees of the Parties who are assisting counsel in this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding, in each case only as necessary to assist with or make decisions with respect to this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding;

c. any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d. witnesses, noticed or subpoenaed, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding, provided that the witness has signed or agreed on the record to sign a Declaration in the form provided as Exhibit A hereto. Those witnesses or deponents who are shown Confidential Material shall not be allowed to retain copies;

e. with the written consent of the Producing Party, any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto;

f. any judge, arbitrator, mediator, tribunal, or neutral in the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding; and

g. any additional persons specified in Paragraph 11 below.

11. Attorneys' Eyes Only Material: Attorneys' Eyes Only Material, and any and all information contained therein, may be given, shown, made available, or communicated only to the following:

a. outside counsel for the Parties in this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding, and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services), in each case only as necessary to assist with or make decisions with respect to this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding;

b. industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the Parties in connection with this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding;

c. with the written consent of the Producing Party, outside counsel for any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto;

d. court reporters, stenographers, or videographers who record testimony in connection with this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding;

e. any mediators (and their staff) appointed or engaged by the Parties in connection with this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding;

f. the Court, its officers, and clerical staff in any judicial proceeding that may result from this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding;

g. witnesses being questioned, either at a deposition or in court proceedings, and the witness's counsel, where the witness is indicated on the face of the document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting, in each case only to the extent such disclosure is reasonably necessary for this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding, provided that the witness has signed or agreed on the record to sign a Declaration in the form provided as Exhibit A hereto. Those witnesses or deponents who are shown Attorneys' Eyes Only Material shall not be allowed to retain copies;

h. any judge, arbitrator, mediator, tribunal, or neutral in the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding; and

i. any other person or entity with respect to whom the Producing Party may consent in writing.

12. <u>Sealing Of Designated Material Filed With Or Submitted To A Court:</u>

a. Any Party that intends to file ("Filing Party") in this Action any pleadings, documents, or other papers (or attachments thereto) containing Designated Material shall redact such Designated Material from such pleadings, documents, or other papers (or attachments thereto) and file with the court under a temporary seal.

b. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(H) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents

under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

c. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

d. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

e. Any Party that intends to file with the court in the Holdings Proceeding, Vacatur Proceeding, or Other Proceeding any pleadings, documents, or other papers (or attachments thereto) containing Designated Material shall comply with the procedures for filing confidential documents as set forth in the protective order

entered in that case (or, if there is no such protective order in place, in accordance with that court's procedures with respect to filing of documents under seal).

13. Use Of Discovery Material In Open Court: Counsel for any Party or non-Party shall confer on such procedures as are necessary to protect the confidentiality of Confidential Material or Attorneys' Eyes Only Material used in the course of any court hearing in this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted to the court (or, as to a court hearing in the Holdings Proceeding, Vacatur Proceeding, or Other Proceeding, resolved in the manner specified by the rules or procedures applicable in that proceeding).

**Depositions**

14. Manner Of Designation For Deposition: In the case of depositions in this Action, if counsel for a Party or non-Party believes that a portion of the testimony should be Designated Material of such Party, such testimony may be designated as appropriate by:

a. Stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony is so designated; or

b. Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) or entirety of such transcript or video of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s)

of or the entire transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 18 below. Until expiration of the aforesaid seven (7) or three (3) day period following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Attorneys' Eyes Only unless otherwise agreed on the record at the deposition.

15. Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 14 shall apply to or affect the confidentiality designations of Discovery Material entered as exhibits at depositions in the Action. Designated Material shall not lose its confidentiality status as a result of being marked as a deposition exhibit.

16. Witness Review Of Deposition Testimony: Nothing in Paragraphs 14 or 15 shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits.

17. Presence Of Certain Persons During Designated Deposition Testimony: When Designated Material is elicited during a deposition in the Action, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

18. Responsibilities And Obligations Of Court Reporters: In the event that testimony in the Action is designated as Confidential or Attorneys' Eyes Only, the court reporter shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Attorneys' Eyes Only," as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level

of confidentiality as the transcript and include the legend "Confidential" or "Attorneys' Eyes Only," as appropriate, if any portion of the transcript itself is so designated.

**General Provisions**

19. This Order is a procedural device intended to protect Discovery Material designated as Confidential or Attorneys' Eyes Only. Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

20. Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

21. Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order, immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further review, dissemination, or use by the person or entity to whom the disclosure was made, and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further review, dissemination, or use thereof. Disclosure

of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

22. Manner Of Objecting To Designation Of Designated Material: If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. If within five (5) business days after receipt of an objection in writing the Producing Party does not agree to change the designation of the Designated Material, the Receiving Party may seek relief from the Court. Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party. Upon a motion, the Court may order the removal of the "Confidential" or "Attorneys' Eyes Only" designation from any Discovery Material so designated subject to the provisions of this Order. The burden of establishing that information has been properly designated as Designated Material is on the Designating Party. Notwithstanding the foregoing, circumstances may exist that require a party to seek Court authority to remove the "Confidential" or "Attorneys' Eyes Only" designation of Designated Material on a more expedited basis. In such a circumstance, the moving party will provide advance notice to the Producing Party to the extent practicable.

23. Particularized Showing Upon Challenge: Upon a challenge to an "Attorneys' Eyes Only" designation pursuant to Paragraph 22, the Designating Party bears the burden of demonstrating to the Court, on a document-by-document or reasonably defined category-by-category basis, the specific, articulable harm that would result from disclosure to persons authorized to receive Confidential Material under Paragraph 10. It shall not be sufficient for the

Designating Party to assert harm in general terms or by reference to the sensitivity of its production as a whole.

24. Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Receiving Party to challenge the "Confidential" or "Attorneys' Eyes Only" designation of Discovery Material by a Producing Party during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at an evidentiary hearing or trial.

25. Inadvertent Production Of Privileged Discovery Material: Pursuant to Federal Rule of Evidence 502(d), and FRCP 26(b)(5)(B), the disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure, whether inadvertent, unintentional, or otherwise, shall not constitute a waiver of the privilege or protection in the Action or any state or federal proceeding. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and FRCP 26(b)(5)(B). Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Upon request from the Producing Party, the Receiving Party must destroy any document over which privilege or protection is asserted, all copies thereof, and any information derived therefrom, regardless of whether the Receiving Party agrees with the assertion of privilege or protection, but may keep one copy to be used and disclosed solely for the purpose of, and to the extent necessary to, making a challenge to the designation of privilege or protection.

The Receiving Party may move to compel production of the document should it challenge the designation of privilege or protection.

26. Use Of Non-Confidential Material: To the extent that any Receiving Party has documents or information that (a) were already in its possession at the time the same document or information is received from a Producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (b) are received or become available to a Receiving Party on a non-confidential basis, not in violation of an obligation of confidentiality to any other person; (c) were independently developed by such Receiving Party without violating its obligations hereunder; or (d) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person (collectively "Non-Confidential Material"), nothing in this Order shall limit a Receiving Party's ability to use Non-Confidential Material in a deposition, hearing, trial, or otherwise in connection with the Action. Nothing in this Order shall affect the obligation of any Receiving Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including but not limited to any confidentiality obligations arising from agreements entered into prior to the Action.

27. Obligations Following Conclusion Of The Action: Within ninety (90) days of the later of the resolution of the Action, Holdings Proceeding, and Vacatur Proceeding, including all appeals as to all parties thereto, and unless otherwise agreed to by the Parties or ordered by a court, all Parties and non-Parties shall take all reasonable steps to return to counsel for the respective Producing Party or to destroy all Designated Material and all copies thereof in the possession of any person, except that counsel may retain for its records (a) their work product; (b) a copy of court filings or submissions, transcripts, deposition/examination recordings,

deposition/examination exhibits, and expert reports; and (c) exhibits introduced at any hearing or trial. A Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes, provided that such retained documents will continue to be treated as designated consistent with the provisions in this Order. If a Receiving Party chooses to take all reasonable steps to destroy rather than return documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

28. Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order: The provisions of this Order shall survive the final resolution of the Action for any retained Designated Material. The final termination of the Action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

29. Amendment Of Confidentiality Agreement And Stipulated Protective Order: Upon good cause shown, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

30. Disclosure Of Designated Material In Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal or regulatory process or demand seeking the disclosure of a Producing Party's Designated Material in a proceeding or action other than this

Action, the Holdings Proceeding, Vacatur Proceeding, or Other Proceeding (a) shall notify the Producing Party within three (3) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation) and provide that Producing Party with a reasonable opportunity to appear and be heard on whether that information should be disclosed; and (b) in the absence of a court order preventing such disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

31. Use Of Designated Material By Producing Party: Nothing in this Order affects the right of any Producing Party to use or disclose its own Designated Material in any way.

32. Obligations Of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, the Federal Rules of Evidence, and the Local Rules, or under any other rules applicable to this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding, or under any future stipulations and orders regarding the production of documents or the making of timely responses to Discovery Requests in connection with this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding.

33. Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Action and, in the course thereof, relying on examination of Designated Material provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

34. Notice: When notice is permitted or required by the provisions hereof, such notice shall be in writing. Notice shall be delivered by email, and shall be effective upon receipt.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD, WITHOUT WAIVER OF THE OBJECTIONS RAISED IN DKT. NOS. 74-1 TO 74-6.**

Dated: August ___, 2026

QUINN EMANUEL URQUHART & SULLIVAN LLP

*/s/*___________________
Isaac Nesser
William B. Adams
Daniel M. Kelly
Michael A. Wittmann
295 Fifth Avenue
New York, NY 10016
Tel: (212) 849-7253
isaacnesser@quinnemanuel.com
williamadams@quinnemanuel.com
danielkelly@quinnemanuel.com
michaelwittmann@quinnemanuel.com

Matthew Scheck
Matthew Roznovak (pro hac vice forthcoming)
Alexander Van Dyke (pro hac vice forthcoming)
300 W. 6th Street
Austin, TX 78701
Tel: (737) 667-6100
matthewscheck@quinnemanuel.com
matthewroznovak@quinnemanuel.com
alexvandyke@quinnemanuel.com

*Attorneys for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP

*/s/*___________________
Marshall R. King
mking@gibsondunn.com
C. Lee Wilson
clwilson@gibsondunn.com
Nancy Hart
nhart@gibsondunn.com

200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000

*Attorneys for Defendants Reed Smith LLP (Delaware), Reed Smith LLP (England & Wales), Louis M. Solomon, and Charles G. Weller*

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.

/s/ ____________________
Elkan Abramowitz
eabramowitz@maglaw.com
Richard F. Albert
ralbert@maglaw.com

556 Fifth Avenue
New York, New York 10017
Tel: (212) 880-9560

*Attorneys for Defendants Louis M. Solomon and Charles G. Weller*

GOULSTON & STORRS PC

/s/ ____________________
Jennifer B. Furey (admitted pro hac vice)
Nathaniel R.B. Koslof (admitted pro hac vice)
One Post Office Square, 28th Floor Boston,
MA 02109
jfurey@goulstonstorrs.com
nkoslof@goulstonstorrs.com
Tel: (617) 574-3575

Rae Berger
730 Third Avenue, 12th Floor
New York, NY 10017
rberger@goulstonstorrs.com
Tel: (212) 878-5120

*Attorneys for Defendants Eletson Holdings Inc. and Eletson Corporation*

**IT IS SO ORDERED.**

Dated: August 19, 2026

New York, NY

LEWIS J. LIMAN
United States District Judge

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEVONA HOLDINGS LTD., ELETSON GAS LLC, and EMC GAS CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>ELETSON HOLDINGS, INC., ELETSON CORP., APARGO LIMITED, FENTALON LIMITED, DESIMUSCO TRADING LIMITED, VASSILIS KERTSIKOFF, VASILIS HADJIELEFTHERIADIS, LASCARINA KARASTAMATI, REED SMITH LLP (DELAWARE), REED SMITH LLP (ENGLAND & WALES), CHARLES G. WELLER, and LOUIS M. SOLOMON,<br><br>Defendants. | Case No. 1:26-cv-03620-LJL |

JOINDER TO CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Reference is made to that certain Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"), dated as of _____, 20__, by and between the parties as specified in the signature pages of this Protective Order, and any other persons or entities who become bound by this Order (collectively with the foregoing, each individually a "Party" and collectively the "Parties"). All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Protective Order.

The undersigned, [____________________] (the "Joinder Party") hereby:

(i) acknowledges that it has received and reviewed a copy of the Protective Order, and agrees to be bound by the terms and conditions of the Protective Order;

(ii) acknowledges and agrees that it is entitled to receive Attorneys' Eyes Only Material and Confidential Material solely for the purposes of this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding; and further certifies that it will not use the Designated Material for any purpose other than in connection with this Action, the Holdings Proceeding, Vacatur Proceeding, or any Other Proceeding, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Protective Order to receive Designated Material; and

(iii) the undersigned hereby submits to the jurisdiction of the Court solely with respect to the provisions of the Protective Order.

This Joinder and all obligations hereunder shall terminate in parallel with the Protective Order.

[JOINDER PARTY]

By:

Name:

Title: