GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Marshall R. King
Direct: +1 212.351.3905
MKing@gibsondunn.com

November 10, 2026

VIA ECF

The Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15C
New York, NY 10007

Re: *Levona Holdings Ltd., et al. v. Eletson Holdings Inc., et al.*, No. 26 Civ. 3620 (LJL)

Dear Judge Liman:

I write on behalf of Defendants Reed Smith LLP (Delaware), Reed Smith LLP (England & Wales), Louis M. Solomon, and Charles G. Weller (the "RS Defendants"), to respectfully request leave to file under temporary seal, and to file publicly in redacted form, certain exhibits to the Declaration of Marshall R. King and a Memorandum of Law in support of RS Defendants' Motion for Issuance of Letters Rogatory, dated November 10, 2026. This request is made pursuant to Rule 2(H) and Attachment A of the Court's Individual Practices in Civil Cases; Federal Rule of Civil Procedure 5.2(d); and Paragraph 12 of the Protective Order entered August 19, 2026, ECF No. 82 (the "Adversary Proceeding Protective Order").

**Designated Exhibits and Memorandum.** The exhibits at issue (the "Designated Exhibits"), Exhibit E, Exhibit F, Exhibit G, and Exhibit H, are submitted in support of the RS Defendants' Motion for Issuance of Letters Rogatory ("Motion"). The RS Defendants' Memorandum of Law in support of their Motion ("Memorandum") reflects information in the Designated Exhibits.

**Designating Parties.** Exhibit E was produced by Pach Shemen LLC, and Exhibits F, G, and H were produced by Murchinson Ltd. (together, the "Designating Parties") during discovery in connection with *In re Eletson Holdings Inc.*, 23-10322-jpm (Bankr. S.D.N.Y) (the "Bankruptcy Proceeding"). Each Designated Exhibit bears a "Confidential" designation as applied by the Designating Parties, pursuant to the Protective Order in the Bankruptcy Proceeding. *Id.*, ECF No. 1018 (the "Bankruptcy Protective Order").

**Applicable Protective Orders.** Paragraph 12(a) of the Adversary Proceeding Protective Order requires a party that files Designated Material in this Action to redact it and file it under temporary seal. Paragraph 12(b) requires leave of the Court under Rule 2(H) and provides that a confidentiality designation creates no presumption that material will be sealed. Paragraph 12(d) requires a publicly redacted copy that redacts only the Designated Material itself.

Paragraph 12(e) of the Adversary Proceeding Protective Order allows a party to file "documents or other papers (or attachments thereto) containing Designated Material" from

"Other Proceedings" if the party "compl[ies] with the procedures for filing confidential documents as set forth in the protective order entered in that case." "Other Proceeding," as defined by Paragraph 9 in the Adversary Proceeding Protective Order, is "any other action, litigation, or arbitration with substantially similar facts to this proceeding."

Paragraph 13 of the Bankruptcy Proceeding Protective Order provides for a process similar to that prescribed by this Court's Individual Practices. The Filing Party must file documents under a temporary seal, *id.* ¶ 13(a), and provide notice to the Designating Party that such filing contains its Designated Material, *id.* ¶ 13(b).

**Process Followed By The RS Defendants.** The Reed Smith Defendants have proceeded accordingly:

(1) *Notice*. On November 10, 2026, the RS Defendants notified the Designating Parties by email of their intent to file the Designated Exhibits and of this request.

(2) *Filings Pending the Designating Parties' Showing.* Because the Designated Exhibits were designated by the Designating Parties, and the RS Defendants cannot yet know what specific information, if any, the Designating Parties will show warrants sealing, the RS Defendants have (a) filed each Designated Exhibit and the Memorandum in full under temporary seal, visible to the Court and the parties, (b) filed a slip sheet in place of each Designated Exhibit on the public docket reflecting only the exhibit number and the Bates range, and (c) filed a redacted Memorandum on the public docket redacting the information in the Designated Exhibits.

(3) *Temporary Seal*. The RS Defendants request that the Designated Exhibits and Memorandum remain under temporary seal for seven days to permit the Designating Parties to support any request for continued confidential treatment.

(4) *Burden*. The burden falls on the party who produced confidential information to explain the particular reasons for seeking to keep a document marked confidential under seal.

## Legal Standard

Documents may be sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The Court first determines whether the documents are "judicial documents"—that is, whether they would "reasonably have the tendency to influence a district court's ruling on a motion." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). It then determines the weight of the presumption of public access, which depends on "the role those documents played in determining litigants' substantive rights," *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), and finally balances competing considerations against that presumption, *Lugosch*, 435 F.3d at 119–20.

GIBSON DUNN



**Argument**

The RS Defendants file the Designated Exhibits under temporary seal solely because of the Designating Parties' designation and out of an abundance of caution, as Paragraph 12(a) of the Protective Order directs. The RS Defendants do not concede that any Designated Exhibit warrants confidential treatment and take no position at this time on the merits of the designations.

The Designated Exhibits are judicial documents: the RS Defendants rely on them in their Motion for Issuance of Letters Rogatory for the reasons described in the Memorandum of Law in support of the Motion. The Designated Exhibits therefore bear on the Court's resolution of RS Defendants' Motion for Issuance of Letters Rogatory.

Accordingly, the RS Defendants respectfully request that (i) the Designated Exhibits and Memorandum remain under temporary seal for seven days; (ii) the Designating Parties be directed to submit, within that period, a letter making the particularized showing that is required; and (iii) to the extent the Designating Parties do not do so, or the Court finds the showing insufficient, the Designated Exhibits and the Memorandum be unsealed or, if the Court finds that any portion warrants sealing, only the narrowly tailored portion identified by the Court remain redacted.

Respectfully submitted,

*/s/ Marshall R. King*
Marshall R. King

cc: All counsel of record (via ECF)