**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEVONA HOLDINGS LTD., ELETSON GAS LLC, and EMC GAS CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>ELETSON HOLDINGS, INC., ELETSON CORP., APARGO LIMITED, FENTALON LIMITED, DESIMUSCO TRADING LIMITED, VASSILIS KERTSIKOFF, VASILIS HADJIELEFTHERIADIS, LASCARINA KARASTAMATI, REED SMITH LLP (DELAWARE), REED SMITH LLP (ENGLAND & WALES), CHARLES G. WELLER, and LOUIS M. SOLOMON,<br><br>Defendants. | Case No. 1:26-cv-03620-LJL |

**PLAINTIFFS' OMNIBUS MEMORANDUM OF LAW IN RESPONSE TO THE MOVANTS' MOTIONS FOR ISSUANCE OF LETTERS ROGATORY WITH RESPECT TO MURCHINSON LTD. AND ACE148 INCORPORATED**

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

BACKGROUND ....................................................................................................................3

A. The Court's Prior Orders On Discovery From Murchinson ......................................3

B. The Process Here ....................................................................................................4

LEGAL STANDARD ..............................................................................................................7

ARGUMENT .........................................................................................................................8

I. THE REQUESTS WOULD IMPROPERLY CIRCUMVENT PARTY DISCOVERY ........................................................................................................8

A. The Requests Improperly Seek Plaintiffs' Documents And Exceed The Parameters Of Party Discovery..........................................................................9

B. The Requests Improperly Seek Documents That Movants Narrowed, Resolved, Or Never Pressed .........................................................................10

C. The Requests Improperly Present Disputes That Remain Unresolved In Party Discovery .........................................................................................................13

II. PLAINTIFFS DO NOT OPPOSE APPROPRIATELY SCOPED LETTERS ROGATORY .........................................................................................................15

CONCLUSION ......................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Blagman v. Apple, Inc.*,
2014 WL 1285496 (S.D.N.Y. Mar. 31, 2014) ....................8

*In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*,
347 F.R.D. 572 (E.D.N.Y. 2024) ....................13

*Fishon v. Peloton Interactive, Inc.*,
336 F.R.D. 67 (S.D.N.Y. 2020) ....................10

*Great Am. Ins. Co. v. Gemstone Prop. Mgmt., LLC*,
2025 WL 3535065 (S.D.N.Y. Dec. 10, 2025) ....................11

*Kaye v. N.Y.C. Health & Hosps. Corp.*,
2020 WL 283702 (S.D.N.Y. Jan. 21, 2020) ....................13

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*,
841 F. Supp. 2d 769 (S.D.N.Y. 2012) ....................7

*Pearlstein v. BlackBerry Ltd.*,
332 F.R.D. 117 (S.D.N.Y. 2019) ....................7, 8

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
2023 WL 5322019 (S.D.N.Y. Mar. 8, 2023) ....................7

## Rules / Statutes

28 U.S.C. § 1781(b)(2) ....................7

Fed. R. Civ. P. 26 ....................7, 10

Fed. R. Civ. P. 28(b) ....................7

Fed. R. Civ. P. 34 ....................10

## Other Authorities

Restatement (Third) of Foreign Relations Law § 442(1)(c) ....................7

Plaintiffs Levona Holdings Ltd. ("Levona"), Eletson Gas LLC ("Gas"), and EMC Gas Corp. ("EMC") respectfully submit this omnibus memorandum in response to the motions of Defendants Reed Smith LLP (Delaware), Reed Smith LLP (England & Wales), Charles G. Weller, and Louis M. Solomon ("Movants") for issuance of letters rogatory to the Ontario Superior Court of Justice directed to non-parties Murchinson Ltd. ("Murchinson") and Ace148 Inc. ("Ace148") ("Murchinson Mot.," ECF 126 and "Ace148 Mot.," ECF 131, together the "Motions").

## INTRODUCTION

Plaintiffs do not oppose issuance of appropriate letters rogatory to Murchinson and Ace148, and have made that position clear to Movants from the outset. But the proposed Requests (ECFs 129-1, 136-1, the "Requests") are not appropriate. Among other things, they seek to circumvent agreements Movants made with Plaintiffs in party discovery; front-run disputes between the Movants and Plaintiffs that have been or will be addressed to the Court in party discovery; and seek irrelevant documents in an apparent effort to harass third parties. Along the way, Movants cast baseless aspersions on Plaintiffs' negotiations in party discovery in an apparent effort to distract from Movants' months of inexplicable delay in seeking the international discovery at issue.

To begin with, the Motions are an improper effort to circumvent party discovery. Plaintiffs and Movants have spent dozens of hours meeting and conferring, and exchanged over a hundred pages of correspondence and emails to resolve party discovery disputes. On many issues, the parties have come to agreement; on others, the Court's intervention has been or will be requested. The Motions ignore all of that. For example, the parties agreed to mutually withdraw requests for discovery from mobile devices; requests concerning document preservation and retention policies (Movants' Request 36 and Plaintiffs' Request 39); and requests concerning the authority under which Levona is directing this action and any funding or recovery-sharing arrangement (Movants' Request

4 and Plaintiffs' Request 38). ECF 128-1 at 8, 28.[1] Having induced Plaintiffs to make those compromises, Movants now pretend as if none of those compromises exist and demand each of the foregoing categories in full from *non-parties*—all while arguing that the non-parties are actually indistinguishable from Plaintiffs (Murchinson Mot. at 1, 11, 13), and often in the very same words the Movants asserted and then withdrew during party discovery (ECF 129-1, Definition 18; ECF 136-1, Definition 17). Third-party discovery is not a second bite at party discovery and should not exceed the measure of discovery that the parties themselves have agreed is proportional.

The Motions also rest on the misleading suggestion that Plaintiffs are somehow hiding the ball. The opposite is true. As Plaintiffs have repeatedly explained to Movants, the process being implemented here is the same one the Court ruled was "reasonable" (Vacatur ECF 495 at 2) for purposes of vacatur discovery last year. Under that process, Murchinson and Ace148 will segregate an overinclusive set of Plaintiffs' documents for delivery to Plaintiffs, following which Plaintiffs will review that overinclusive set and produce the subset that is within the agreed or so-ordered scope of discovery. That approach is necessary, as Movants know, because Plaintiffs' documents are stored on servers that also include Murchinson and Ace148's documents, in a context where Murchinson and Ace148 engage in businesses that have nothing to do with the matters in dispute here. Plaintiffs have been completely transparent about all of this, for years, with Movants and the Court.

Plaintiffs have also repeatedly offered to confer about any specific concerns Movants may have about the foregoing protocol. Movants instead filed their Motions—not because anything like an impasse had developed, but rather explicitly because of concern about the limited time remaining in the discovery schedule. That is no justification for requesting over-broad discovery from a

---

[1] The parties are also discussing a proposal by Movants to narrow their investor-communications request (Request 52) to communications about the Preferred Shares and the Relevant Proceedings. *Id.*

Canadian court. It is also an issue of Movants' own making: Almost ***five months ago***, the Movants explained to the Court that they would "be ***seeking discovery … from Canadian third-party entities***" in order "to be sure we get … fulsome discovery" because of questions "as to who had documents and possession of documents." ECF 57 at 25:14–26:1 (July 2, 2026). The Court ruled that discovery would open that same day, in part so that such third-party discovery could proceed. *Id.* at 38:21–39:3. Movants make no attempt to explain why they are first filing their Motions now.

Accordingly, and in addition to any limitations that may be warranted based on arguments in Murchinson and Ace148's opposition to the Motions, the Court should at a minimum limit the Requests by (i) excluding documents Murchinson and Ace148 turn over to Plaintiffs for review, (ii) excluding documents from before January 1, 2022 and after April 24, 2026, consistent with the period for party discovery, (iii) excluding requests for documents on mobile devices, and (iv) excluding Murchinson Requests 5–6 (ownership/control/structure of Plaintiffs and other entities and litigation funding and control), 8 (knowledge of Withheld Documents), 11–17 (Murchinson/Bistricer legal proceedings, reputational information, and personal information), 25 (document retention and deletion policies), Murchinson Deposition Topics 4–5 (control and ownership), 7–9 (reputational information and document policies), Ace148 Requests 4–5 (ownership and recovery from lawsuits), 9 (knowledge of Withheld Documents), 11–14 (reputational information and document policies), and Ace148 Deposition Topic 4 (document policies).

## BACKGROUND

### A. The Court's Prior Orders On Discovery From Murchinson

In the Vacatur Proceeding, Intervenors sought letters of request directed to Levona's counsel in the United Kingdom and the British Virgin Islands, to Nomis Bay and BPY, and to Murchinson. On June 20, 2025, the Court denied the first two requests and granted the third in part. Vacatur ECF

435 at 16–20. As to Levona's parents, it held Intervenors had failed to show the discovery "is not available … as party discovery," noting "this Court should not ask a foreign court to obtain for use in proceedings before it evidence that it can compel the parties before it to produce" (*id*. at 16, 17).

The Court treated Murchinson differently. It observed that Murchinson "is not a shell company like Nomis Bay and BPY," and that its employees may have had communications "in their capacity as Murchinson employees" that "would not be available to Levona as the subsidiary." *Id*. at 19. The discovery permitted consisted of "documents and communications regarding the At-Issue documents" before July 3, 2024, excluding knowledge gained through Pach Shemen's participation in the bankruptcy. *Id*. at 20. The specific language of the requests was to be proposed by Intervenors, who then proposed a letter rogatory with three topics. On July 14, 2025, the Court issued the letter as to Request 1 only. It denied Request 2 (communications with Levona's counsel) as duplicative of Request 1 or, to the extent broader, as failing to exclude knowledge gained through Pach Shemen's role in the bankruptcy. It denied Request 3, which sought communications with Mr. Kanelos for a three-month period "without any limitation." Vacatur ECF 494 at 2–3.

The same day, the Court found that "***the process which counsel for Levona and Murchinson undertook to segregate non-Levona documents from Levona's document production is reasonable***." Vacatur ECF 495 at 2 (emphasis added). In so holding, it explained that Murchinson "conducts business that is entirely separate and apart from Levona's corporate purpose," and rejected Intervenors' demand for all Levona documents held by Murchinson.

### B. The Process Here

The relevant facts here are similar to those the Court addressed last year: Plaintiffs do not maintain their own document systems, and their custodians' relevant emails reside in non-segregated Microsoft 365 accounts controlled by non-parties Murchinson and Ace148. Vacatur ECF 435 at 19;

ECF 128-2. Plaintiffs had disclosed those facts to Reed Smith during the Vacatur Proceeding and said so again in their September 8, 2026 ESI Disclosure here, identifying Adam Spears, Mark Lichtenstein, and Elliott Bistricer as custodians and explaining that Plaintiffs' documents "will first need to be identified on the foregoing servers for delivery to Plaintiffs." ECF 128-2.

At the July 2, 2026 case management conference in this action, for example, Movants' counsel told the Court: "We're going to be seeking discovery not just from the parties that have sued us, but from Canadian third-party entities." ECF 57 at 25:14–18. The Court opened discovery that day, specifically to facilitate third-party discovery. *Id.* at 38:21–39:3. And during multiple meet-and-confer discussions thereafter, Plaintiffs told the Movants that they would not object wholesale to letters of request to Murchinson and asked to see the requests before they were filed; at least twice, Plaintiffs asked whether Movants still intended to file them, given the months of silence on the issue. Movants indicated they intended to pursue the discovery but did not ask for Murchinson's counsel's contact information, or ask how Levona's documents would be identified, until September 18. ECF 128-1 at 66–67.

On October 7, Movants asked about the basis of Plaintiffs' right to access their own documents on Murchinson's servers. Two days later, Plaintiffs explained that the issue had been litigated in the Vacatur Proceeding, where the Court held the segregation process acceptable. *Id.* at 34–35, 37–38. Movants asked again on October 21, and Plaintiffs responded on October 22, 23, and 27. *Id.* at 20–26. The October 27 response reiterated the relevant process, in writing: Murchinson's counsel would be applying search terms (including the terms Movants proposed on October 7) to collected custodial files; documents to or from specified email domains would be transferred to Plaintiffs' counsel without further review; and Murchinson's counsel would review the remaining documents and transfer to Plaintiffs those that concern Plaintiffs' business. ECF 128-2 at 17–19. (Murchinson's

counsel had likewise confirmed on October 21 that it would be "providing Levona's documents to Levona" using "search terms and document review." ECF 128-3 at 3–4.)

On October 28, Movants requested adjustments and clarifications to the review protocol. ECF 128-2 at 15–17. Plaintiffs responded the next day, *id*. at 15–17, and again on November 4, reporting that Murchinson had agreed to the adjustments, *id*. at 2–3, 16–17. Those adjustments included an agreement to add the domains of Tufton, Oaktree, Libera, Unigas, and WSF Bank, and a Gmail address associated with Mr. Peter Kanelos, to the domain filter for documents dated on or before November 18, 2024. *Id.* at 16–17. Plaintiffs also confirmed that Murchinson would provide documents concerning the Vessels and their financing. *Id*. at 16–17. In a further effort to resolve these issues, Plaintiffs agreed to add Joshua Fenttiman as a custodian, *id*. at 36–37, notwithstanding the Court's order in the Vacatur Proceeding denying a motion to compel that result. Vacatur ECF 495 at 2–3.

Also on November 4, Movants shared a copy of their draft requests to Murchinson and Ace148 for the first time. Nesser Decl., Ex. 1 at 6. Plaintiffs two days later asked to meet and confer, *id.* at 5, and the parties did so on November 9, *id.* at 1, during which Plaintiffs proposed a stipulation, subject to Murchinson and Ace148's agreement, under which Movants' party discovery requests over which there was a dispute and that overlapped with draft requests to Murchinson and Ace148 would be briefed together by the parties so as to limit or avoid the need for letters of request in Canada. *Id.* Movants, who had indicated concern about the time remaining for fact discovery, nevertheless filed the Murchinson Motion the next day—more than four months after first informing the Court of their intention to do so. *Id.* at 1.

The Murchinson Motion seeks documents concerning twenty-five expansive topics and seeks deposition examination on ten similarly broad topics. ECF 129-1 at 14–21. The "Relevant Period"

runs from January 1, 2021 to April 24, 2026 (Definition 45), and Request 7 and Topics 3, 4, and 6 apply even more broadly. Levona was formed on October 20, 2021, Murchinson Mot. at 5, and Movants themselves are refusing to search for documents predating July 2022, ECF 128-1 at 29–30 (refusing to produce documents concerning representations before July 2022).

The Ace148 Motion followed three days later. It includes sixteen requests and eight deposition topics that largely repeat the Murchinson requests. ECF 136-1. The repetition is in several instances nonsensical because Ace148 is a Toronto private investment firm founded by Adam Spears—an individual who is an authorized representative of Levona and a custodian for both Plaintiffs and Eletson but *not* a Murchinson employee. ECFs 135-5, 135-7, 128-2; Vacatur ECF 551-86 at 4:11–17.

## LEGAL STANDARD

Rule 28(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) "authorize … letters rogatory that enable a U.S. litigant to obtain non-party discovery from a foreign entity." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2023 WL 5322019, at *1 (S.D.N.Y. Mar. 8, 2023) (quoting *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012)). When determining whether to issue letters rogatory, the Court is to conduct a "particularized comity analysis," considering the sovereign interests at stake, the likely effectiveness of the request, and "the availability of alternative means of securing the information"—it "should not ask a foreign court to obtain for use in proceedings before it evidence that it can compel the parties before it to produce." Vacatur ECF 435 at 16–17; *Lantheus*, 841 F. Supp. 2d at 792 (comity factors include importance, specificity, origin, availability of alternative means, and the interests of the United States and the foreign state) (quoting Restatement (Third) of Foreign Relations Law § 442(1)(c)).

Whether to issue letters rogatory also turns on "the principles of discovery under Rule 26." *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019); *see Lantheus*, 841 F. Supp. 2d at 776 ("In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26."). One such principle is that non-party discovery is not a vehicle for a fishing expedition or for obtaining more than party discovery would allow. *See Pearlstein*, 332 F.R.D. at 121 (a non-party "especially should not be burdened with preparation for a broader array of topics than is proportional to the needs of the case"). Another such principle is that discovery "may be curtailed where the information sought would be 'unreasonably cumulative or duplicative' or when 'the burden or expense of the proposed discovery outweighs its likely benefit.'" *Blagman v. Apple, Inc.*, 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014) (quoting Fed. R. Civ. P. 26(b)).

## ARGUMENT

### I. THE REQUESTS WOULD IMPROPERLY CIRCUMVENT PARTY DISCOVERY

For three months, Plaintiffs and Movants have negotiated the time period, data sources, custodians, and specific requests each side would and would not pursue. And Movants have had ample opportunity to address any remaining disputes to this Court. ECFs 117–120. The Requests disregard all of that in at least three ways: ***First***, they explicitly and without explanation seek Plaintiffs' own documents and insist on broader search parameters than those to which the parties agreed. ***Second***, they depart from the parties' negotiations and understandings as to particular requests that were either narrowed, mutually dropped, or never pressed. ***Third***, they seek from non-parties what remains disputed or unresolved in negotiations between the parties. And in nearly every instance, Movants demand categories of documents from non-parties that Movants themselves are refusing to produce in party discovery.

### A. The Requests Improperly Seek Plaintiffs' Documents And Exceed The Parameters Of Party Discovery

The Court should reject Movants' attempt to get Plaintiffs' documents abroad and should require them to be bound by their decisions and the Court's holdings in party discovery, in three ways.

*Plaintiffs' Documents*: The requests, by their terms, improperly seek Plaintiffs' own documents. For example, the Murchinson Requests (ECF 129-1) define "You" as Murchinson and its affiliates, and "Murchinson Affiliate" in turn expressly includes Levona. Similarly, the Ace148 Requests (ECF 136-1 at 11) demand production of documents maintained "for the benefit of … any Plaintiff." That is improper and the Court should limit any discovery to the documents of Murchinson and Ace148, respectively, excluding Plaintiffs' own documents.

*Relevant Time Period*: The Requests improperly seek documents from a period outside of what is currently agreed to in party discovery. On September 8, Plaintiffs disclosed that they would search for documents between January 1, 2022 and April 24, 2026, ECF 128-2 (ESI Disclosure). Despite hours of meet and confers, dozens and dozens of pages of correspondence, ECF 128-1, a subsequently-resolved motion to compel, ECF 118, and Plaintiffs raising an issue with the Movants' proposed date range, ECF 117, the Movants never objected to that range during party discovery. Instead they are asking the Court to burden a foreign court and third parties on that issue. That is improper—particularly because Movants are refusing to search their own files for documents before July 1, 2022. ECF 128-1 at 30, 41. The Court should thus limit each Request to the period January 1, 2022 through April 24, 2026. ECF 128-2.

*Data Sources*: After extensive discussion and negotiation, the parties agreed that they would mutually forego collection of documents from custodians' personal mobile devices. ECF 128-1, at 28. Ignoring all of that, Movants now improperly seek the very same documents (likely from the very same custodians) via third party discovery. *See* ECFs 129-1, at 4, 136-1, at 4 (seeking "text

messages, … instant messages, photographs, social media messages and posts, chat and collaboration platform messages (including Microsoft Teams, Slack, WhatsApp, Signal, and Telegram), and any other electronic or digital Communications"); *see also id.* at 14, 19 (similar); ECF 136-1, at 14, 17 (similar). The Court should reject Movants' attempt to get a second bite at the apple and depart from their agreements by excluding mobile devices, messaging platforms, personal hard-copy files, and similar repositories from the scope of the Requests.

### B. The Requests Improperly Seek Documents That Movants Narrowed, Resolved, Or Never Pressed

Courts "must limit" discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii); *see Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020) (third party discovery "clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34") (internal citation omitted). The Requests violate that principle in multiple ways. If anything, the point is stronger here than in an ordinary case because Movants (wrongly) contend that Murchinson and Levona are "interchangeable." Ace148 Mot. at 2, 7; *see also* Murchinson Mot. at 1, 5, 11, 13 (similar). Movants ought not be permitted to reach agreement regarding the scope of discovery with a party and then seek broader documents from a purportedly "interchangeable" third party.

*Authority, Control, And Funding Of The Litigation* (Murchinson Request Nos. 5–6, Deposition Topic No. 4; Ace148 Request Nos. 4–5)*:* The Requests seek from non-parties (i) "any authorization, resolution, power of attorney or agreement under which Levona directs the prosecution of the Adversary Proceeding" on behalf of Gas and EMC, ECF 129-1, at 15 (Murchinson Request 5(c)), and (ii) "any agreement or arrangement relating to the funding of, or the sharing of any recovery in, the [proceedings]," *id.* (Murchinson Request 5(d)); *see id.* at 20 (seeking deposition testimony on the same subjects). The Ace148 requests are similar. ECF 136-1, at 15, 19.

These requests are improper because Movants already resolved requests for the same subject matters during party discovery. For example, Movants' Request 1 to Plaintiffs sought any "agreement, resolution, power of attorney, or authorization" concerning the prosecution of this action on behalf of Gas and EMC; in response, Plaintiffs agreed to produce documents "sufficient to demonstrate Gas and EMC's authorization of this action." ECF 118-2 at 7. As another example, Movants' Request 4 to Plaintiffs sought documents concerning the "commencement, funding, direction, control, or sharing of proceeds" of the Arbitration, the Vacatur Action, the Proof of Claim, and this action; in response, Plaintiffs represented, after reasonable inquiry, that they are not party to formal agreements with third parties on those subjects, except to the extent their organizational documents qualify as such. *Id.* at 8–9. Movants not only accepted those limitations, they actually proposed to "mutually withdraw" their Request 4 and Plaintiffs' related Request 38 (ECF 128-1 at 28), and the parties ultimately agreed to search their own files for formal written indemnification or contribution agreements (*id.* at 21). Having resolved these subjects on those terms as to party discovery, Movants ought not be permitted to reverse course in requests to non-parties.

*Recovery In Actions* (Murchinson Request Nos. 5–6, Deposition Topic No. 5; Ace148 Request Nos. 4–5): The Requests seek, from non-parties, discovery into who will share in any recovery in this action and the related proceedings. That request should be denied because Movants made a similar request in party discovery but, pursuant to negotiations between the parties, decided not to pursue it. *See* ECF 118-2, at 8–9, 12 (Plaintiffs objecting to Requests 4 and 11). On top of all that, (i) the identity of who may share in litigation proceeds is generally not discoverable (*see Great Am. Ins. Co. v. Gemstone Prop. Mgmt., LLC*, 2025 WL 3535065, *5 (S.D.N.Y. Dec. 10, 2025)), and (ii) Plaintiffs have already agreed to produce documents sufficient to show the ownership of Plaintiffs and their respective authority to bring this action (*see* ECF 118-2 at 7–9).

*Organizational Structure* (Murchinson Request Nos. 5–6, Deposition Topic No. 5; Ace148 Request Nos. 4–5): In response to Movants' Requests 2, 3, and 5, Plaintiffs agreed to produce documents sufficient to show the current owners, officers, and directors of each Plaintiff, and Levona's ownership by BPY and Nomis Bay. ECF 118-2, at 7–9. Despite apparently accepting Plaintiffs' limitation on the scope of those requests, Movants are now seeking much more from nonparties, including documents concerning anyone who "directs or controls" each Plaintiff, all "ultimate beneficial owners," and "organizational charts." ECF 129-1, at 15, 20–21; *see also* ECF 136-1, at 15 (seeking "each role, title, or capacity in which Spears has acted for or on behalf of" a slew of entities). And Movants are doing so even while they refuse to produce comparable discovery about themselves.[2] Similarly, Movants seek "all compensation, fees, carried interest, profit participation, or other remuneration" paid to Ace148 or Mr. Spears, ECF 136-1, at 15, at the same time they are objecting to Plaintiffs' request for the compensation of Messrs. Solomon and Weller as an "effort to intrusively pry into those individuals' private financial affairs." ECF 119 at 2.

*Investor Communications*: Murchinson Request 13 is identical to Movants' party Request 52, verbatim. *Compare* ECF 129-1, at 16–17, *with* Nesser Decl., Ex. 4 at 14. Plaintiffs objected (Nesser Decl., Ex. 4 at 14), and Movants on November 4 proposed narrowing it to the Preferred Shares and Relevant Proceedings. Those discussions are ongoing. ECF 128-1 at 8. Yet Murchinson Request 13 seeks the unnarrowed version from a non-party without explanation.

*Document Retention And Discovery On Discovery*: The parties agreed to mutually withdraw Movants' Request 36 to Plaintiffs (ECF 118-1, seeking litigation holds, retention policies, and lost

[2] Movants initially acknowledged that Plaintiffs are "entitled to some limited discovery" on the relationship between Reed Smith LLP (Delaware) and Reed Smith LLP (England & Wales). ECF 128-1 at 59. More than a month later, however, and only after numerous follow-ups, Movants stated that they would not produce organizational charts—even while acknowledging that such documents exist in their possession. *See id.* at 39 (Oct. 9 follow-up), 32 (Oct. 16 follow-up), 15 (Oct. 29 follow-up), 6 (chart exists but Movants will not produce it).

data by any "Levona Affiliate") and Plaintiffs' similar Request 39 to Movants (ECF 128-1 at 28). The Requests nonetheless seek that same information from non-parties—a blatant effort to obtain from third parties documents they agreed not to seek from Plaintiffs as part of a bargained-for resolution during party discovery. *See* ECFs 129-1, at 19, 21, 136-1, at 17, 19–20.

Relatedly, Murchinson Request 25 and Ace148 Request 14 seek other accounts used, retention policies, and "the criteria and process by which You have identified, or will identify, Documents as Plaintiffs' documents." ECFs 129-1, at 19, 136-1, at 17. As with the other requests discussed above, those requests are indistinguishable from requests Movants made to Plaintiffs during party discovery and then agreed not to pursue as part of a bargain in which Plaintiffs agreed to drop a similar request to Movants. *See* ECF 128-1 at 4–5 (rejecting Plaintiffs' request for the same information); *id.* at 28 (withdrawing Movants' request). In any event, the request seeks discovery about discovery, which is warranted, if at all, only on a showing of a specific deficiency. *Kaye v. N.Y.C. Health & Hosps. Corp.*, 2020 WL 283702, at *1 (S.D.N.Y. Jan. 21, 2020); *In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 590 (E.D.N.Y. 2024). Movants identify none. The Court should thus deny the Motions as to Murchinson Request 25 and Deposition Topic 9 and Ace148 Request 14 and Deposition Topic 4.

### C. The Requests Improperly Present Disputes That Remain Unresolved In Party Discovery

Movants are also seeking from third parties two categories of documents that are currently the subject of discussions and/or disputes between the parties and that will either be resolved by the parties or presented to the Court for resolution in the context of party discovery.

*Reputational Requests* (Murchinson Request Nos. 11–12, 14–17, Deposition Topic Nos. 7–8; Ace148 Request Nos. 11–13): Movants requested from Plaintiffs documents concerning the reputational impacts of the relevant events. Nesser Decl., Ex. 4 at 12–15. That objection is still being

negotiated between the parties. *See* Nesser Decl., Ex. 2 at 1–2; ECF 128-1 at 7–8 (Movants' agreement to narrow Request 52 and to remove Movants from the scope of Request 53). The dispute is not ripe in the context of party discovery, Movants have not moved to compel in that context, and a letter rogatory is thus not the appropriate mechanism to resolve the issue. The issue is particularly troubling because, as with several other requests, Movants are refusing to produce corresponding discovery on the same topic. *See* ECF 117 ¶¶ 6–7 (motion to compel on reputational topics).[3]

*Withheld Documents* (Murchinson Request No. 8; Ace148 Request No. 9): The Requests seek documents concerning when Murchinson and Mr. Spears first learned of the Withheld Documents, and all communications about them before January 12, 2026. This is the one subject on which the Court previously authorized discovery from Murchinson and was the subject of extensive discovery in the Vacatur Proceeding. The Court confined that discovery to "documents and communications regarding the At-Issue documents prior to July 3, 2024." Vacatur ECF 435 at 20. It also "exclude[d] those documents and communications relating to knowledge gained by Murchinson as a result of Pach Shemen's participation in the bankruptcy proceeding." *Id.* Without explanation, the Requests here drop both limits and extend the cutoff by eighteen months. And the party-discovery counterpart, Movants' Request 38 to Plaintiffs, is still being negotiated. Nesser Decl., Ex. 2 at 1–2. Plaintiffs do not contend that discovery here should necessarily be limited to the scope permitted in the Vacatur proceeding. On this specific subject, however, the Court has already decided what is relevant and how it should be bounded, and Movants offer no reason why the same subject warrants a different scope.

[3] The Movants argue that discovery should focus on the alleged misconduct and not on "a party's discussions about the potential consequences," ECF 119 at 2, yet the Amended Complaint alleges that they acted to avert "injury to their professional and personal reputations," ECF 61 ¶ 52, and their emails show reputational concern. ECF 113-9. The reputational information Plaintiffs seek from them is therefore relevant, whereas the non-public reputational information of non-parties could not have affected how others viewed Plaintiffs.

## II. PLAINTIFFS DO NOT OPPOSE APPROPRIATELY SCOPED LETTERS ROGATORY

The Motions baselessly contend that Plaintiffs, Murchinson, and Ace148 are using the Canadian entities' locations as a "sword and shield" to "conceal crucial evidence," and go so far as to accuse Plaintiffs of engaging in a "shell game." Murchinson Mot. at 1, 4, 22. Those serious accusations are untoward, and particularly inapt given Movants' own history of concealing crucial evidence. They are also completely incorrect: Plaintiffs repeatedly communicated in multiple meet and confers that they expected a request for letters rogatory and would not object wholesale, asking simply to see the requests before they were filed and emphasizing that the process ought to be the same one the parties employed and the Court vetted during the Vacatur Proceeding.

The Motions' premise is misconceived in that it asks the Court to decide again what it decided last year, namely how Levona's documents are to be distinguished from Murchinson's (and, by extension, Ace148's). In July 2025, Levona told the Court that Murchinson's outside counsel pulled the custodian's mailbox, "segregated any of those documents that involved non-Levona business," and delivered the rest, using disclosed search terms, any hits with "an email domain associated with Levona work (e.g., Levona's outside counsel)," and "a document-by-document review of the remainder." Vacatur ECF 491 at 1–2. Murchinson's counsel likewise represented that it (a) turned over without review "all documents associated with email domains involving entities that worked solely on Levona-related matters" and (b) reviewed the remainder "to exclude documents concerning Murchinson's non-Levona business or Murchinson's work being performed on its own behalf, such as Murchinson asset analyses and accounting activities." Vacatur ECF 491-2 at 2.

Nobody has ever suggested that the process in the Vacatur Proceeding did not function as it was described and intended. And there is no reason to believe anything will be different this time. Instead, the Intervenors, whose requests largely replicated Movants' own (Vacatur ECF 491 at 3; ECF

495 at 3) pressed the same argument Movants press now: that they were entitled to "any document held by Murchinson" because Levona, Murchinson, and Pach Shemen were "one another's alter egos." Vacatur ECF 495 at 2. The Court rejected that argument, noting that it had vacated the alter-ego finding in the JAMS Award and that it is "undisputed that Levona is a subsidiary of investment funds subadvised by Murchinson" and that "Murchinson conducts business that is entirely separate and apart from Levona's corporate purpose." *Id.* As the Court further noted, "[g]iven that corporate separateness, the process which counsel for Levona and Murchinson undertook to segregate non-Levona documents from Levona's document production is reasonable," and "[t]he suggestion that they were entitled to all Levona documents, unfiltered by negotiated search terms, is unavailing." *Id.* Plaintiffs are using the same process here that they used before. *See supra* at 4–7. There is no basis for Movants (who were involved then) to describe the same entities as "interchangeabl[e]," Murchinson Mot. at 11; Ace148 Mot. at 2, 7, and the same process as a "shell game," Murchinson Mot. at 1.

The same is true as to Mr. Spears's files, as counsel for Murchinson and Ace148 confirmed. ECF 128-2; ECF 135-4 at 3. The Ace148 Motion's description of it as a "voluntary arrangement" that "lacks the force of a discovery obligation," Ace148 Mot. at 12, ignores that the Court approved how the line is drawn, and the January 1, 2022 start date it criticizes, *id.* at 19, is the range Plaintiffs proposed for their own review, a party-discovery question Movants have not raised before the Court.

Nor is it evidence of concealment that Murchinson made no production in response to the Vacatur letter, as the Movants suggest. Murchinson Mot. at 8 n.1. The Court limited that letter rogatory to a single topic, Vacatur ECF 494 at 3, and, subject to agreed-upon search parameters, no documents responsive to that topic were located.

Finally, Movants' aspersions are particularly mistaken because Plaintiffs have been responsive to Movants' questions, agreed to expand the processes at issue to address Movants' concerns, and have offered to continue that conversation to the extent any concerns remain. For example, the current process applies overbroad search terms Movants themselves proposed. ECF 128-1 at 17–19. As a second example, Murchinson accommodated Movants' request to incorporate domain names for Tufton, Oaktree, Libera, Unigas, and WSF Bank, and a Gmail address associated with Mr. Kanelos, for documents dated on or before November 18, 2024. *Id.* at 16–20. As a third example, in response to Movants' questions, Plaintiffs clarified and communicated Murchinson's intention to provide documents concerning the Vessels and their financing. *Id.* at 17. There is no support at all for Movants' suggestion that Plaintiffs are attempting to hide documents concerning those very subjects. Murchinson Mot. at 3, 12. Nor is there support for Movants' assertion that Plaintiffs "have not answered" questions about the process. Murchinson Mot. at 2. Plaintiffs provided those answers repeatedly—including in the November 4 correspondence the Motion itself cites (ECF 128-1 at 16–17).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that, in addition to any limitations that may be warranted based on the arguments in Murchinson and Ace148's opposition to the Motions, the Court should at a minimum limit the Requests by (i) excluding documents Murchinson and Ace148 turn over to Plaintiffs for review, (ii) excluding documents from before January 1, 2022 and after April 24, 2026, consistent with the period for party discovery, (iii) excluding requests for documents on mobile devices, and (iv) excluding Murchinson Requests 5–6 (ownership/control/structure of Plaintiffs and other entities and litigation funding and control), 8 (knowledge of Withheld Documents), 11–17 (Murchinson/Bistricer legal proceedings, reputational

information, and personal information), 25 (document retention and deletion policies), Murchinson Deposition Topics 4–5 (control and ownership), 7–9 (reputational information and document policies), Ace148 Requests 4–5 (ownership and recovery from lawsuits), 9 (knowledge of Withheld Documents), 11–14 (reputational information and document policies), and Ace148 Deposition Topic 4 (document policies).

Dated: November 23, 2026

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ *Isaac Nesser*

Isaac Nesser
William B. Adams
Daniel M. Kelly
Michael A. Wittmann
295 Fifth Avenue
New York, New York 10016
Tel: (212) 849-7000
isaacnesser@quinnemanuel.com
williamadams@quinnemanuel.com
danielkelly@quinnemanuel.com
michaelwittmann@quinnemanuel.com

Matthew Scheck
Matthew Roznovak (*pro hac vice* forthcoming)
Alexander Van Dyke (*pro hac vice* forthcoming)
300 W. 6th Street
Austin, Texas 78701
Tel: (737) 667-6100
matthewscheck@quinnemanuel.com
matthewroznovak@quinnemanuel.com
alexvandyke@quinnemanuel.com

*Attorneys for Plaintiffs*