# EXHIBIT 2

**From:** Freire, Andrew <AFreire@gibsondunn.com>
**Sent:** Thursday, November 19, 2026 4:23 PM
**To:** Michael Wittmann; Flores, Rommy; Matthew Roznovak; 'ralbert@maglaw.com'; Adams, Anna; 'eabramowitz@maglaw.com'
**Cc:** Isaac Nesser; William Adams; Daniel Kelly; QE-Levona; Koslof, Nathaniel; Furey, Jennifer; Berger, Rae; Seibald, M. Jonathan; King, Marshall R.; Hart, Nancy; McCracken, Casey J.; Dore, Michael H.; Nardi, James Peter; Walner, Kate
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from afreire@gibsondunn.com]**

---

Counsel,

Our responses in ***purple*** are included inline with the emails below.

Best,

**Andrew Freire**
Associate Attorney

T: +1 212.351.5202
AFreire@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Wednesday, November 11, 2026 5:23 PM
**To:** Flores, Rommy <RFlores@gibsondunn.com>; matthewroznovak@quinnemanuel.com; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Adams, Anna <aadams@maglaw.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>; Freire, Andrew <AFreire@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Hart, Nancy <NHart@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Nardi, James Peter <JNardi@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall, Rommy, et al.,

Our responses are included inline with your email below, highlighted turquoise following your associated orange responses.

As to the RS Defendants' search term counterproposal file that you shared on Monday, Plaintiffs request that you provide hit counts (*i.e.*, hits, hits + families, unique hits, and total aggregate figures) for your latest proposed search parameters (columns M–O in both tabs). *See* ECF 81 § IV(d)(i). Can you also please confirm that your prior hit counts for Plaintiffs' proposed terms (columns J–L) utilized Plaintiffs' proposed date range (column G)? ***The RS Defendants will provide hit counts for their counter proposed terms if Plaintiffs do the same. Plaintiffs rejected most of the RS Defendants' proposed terms for Set 1, proposed counter terms, but did not provide hit counts for those terms. Please confirm Plaintiffs also agree to provide hit counts for their counter terms to the RS Defendants' Set 1 and Set 2 terms (both to come).*** Can you also please confirm that, should Plaintiffs prevail on the date range issue currently before the Court (*see* ECF 117), the Reed Smith Defendants' current position is that they are willing to run the terms they proposed on 11/9 (columns M–O) but with Plaintiffs' proposed date ranges (column G)? ***RS Defendants used the date range of 7/1/22-4/24/26 for all of Plaintiffs' proposed terms.***

Separately, in connection with the third-party subpoena we served on Jackson Walker and the privilege log it produced yesterday, we request that Reed Smith associate Jos Maesen be added as a custodian. Please let us know if you agree to add him for all document productions. If you do not agree, please provide your basis for disagreement. ***Mr. Maesen was a very junior associate who appears to have played only a small role on one or two matters, and for a limited period of time. The mere fact that Jackson Walker identified him as among the Reed Smith attorneys on privileged communications is not a justification for treating him as a custodian, given the many custodians we are already searching. If you have reason to believe that he might have unique documents that are material to the matters, we are willing to discuss further.***

Regards,
Michael

---

**From:** Flores, Rommy <RFlores@gibsondunn.com>
**Sent:** Monday, November 9, 2026 5:32 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Adams, Anna <aadams@maglaw.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>; Freire, Andrew <AFreire@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Hart, Nancy <NHart@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Nardi, James Peter <JNardi@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from rflores@gibsondunn.com]**

---

Michael, Isaac, et al. –

See attached for RS Defendants' search term counterproposals as to both Set 1 (first tab) and Set 2 (second tab) of your RFPs for which RS Defendants have agreed to produce documents. As noted during our meet and confer last week, our proposed terms of September 8 and October 27 already included terms that bear on the topics in the Rule 11 sanctions discovery ("purported nomination", "purported buyout" and "JAMS discovery misconduct"). Nevertheless, we added several additional terms per our

discussion in an effort to narrow any further concerns. Most, if not all, the terms proposed by RS Defendants today overlap with those used for sanctions discovery. You will also see in both Sets what the results were of running Plaintiffs' proposed counters, including those that errored out or were outside of Relativity's limits, many of which we attempted to narrow and address.

Please advise whether you are in agreement as to these proposed terms.

Best,
Rommy

**Rommy Flores**
Of Counsel

T: +1 213.229.7966 | M: +1 213.335.1672
RFlores@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Flores, Rommy
**Sent:** Thursday, November 5, 2026 10:36 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; Freire, Andrew <AFreire@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Michael, et al. –

Our answers in line below in **orange.**

Thanks,
Rommy

**Rommy Flores**
Of Counsel

T: +1 213.229.7966 | M: +1 213.335.1672
RFlores@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Wednesday, November 4, 2026 5:46 PM
**To:** Freire, Andrew <AFreire@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall and Jon,

We write to summarize the parties' November 3 and 4 meet and confers regarding our respective Second Set of Document Requests (Plaintiffs' Nos. 43–56 and RS Defendants' Nos. 38–53). This summary is not intended to be exhaustive. Please let us know if your understanding differs.

Please also see below additional responses in red to Jon's questions/requests inline in your October 28 email.

I. **RS DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF RFPS**

*Agreements*:

- Withholding: RS Defendants are not withholding any documents on the basis of general objections or objection based on request being duplicative of another request. **Agreed.**
- Custodians: The RS Defendants will search the same custodians agreed to for First Set of Requests, including those in our October 7 email, Sally-Ann Underhill, and the other custodians identified in your ESI disclosure on October 1. **Agreed.**
- Privilege log: The RS Defendants will log all documents withheld on the basis of privilege or other protection, including documents withheld under English legal professional privilege, which will be logged in accordance with U.S. standards. **Agreed.**
- Start date: The RS Defendants will apply the Court's ruling on the start date in the pending motion to compel (ECF 117) to the Second Set. **Agreed.**
- End date: The parties will use an end date of April 24, 2026, subject to revisiting that date as to evidence of damages. **Agreed.**
- "LISCR": The RS Defendants will construe "LISCR" to include persons the RS Defendants know or believe to have been acting on LISCR's behalf. Any remaining issue will be addressed through search terms. **Agreed.**
- Request No. 44: The RS Defendants' production will not be limited to matters "relating to disputes Concerning Gas or its subsidiaries," and will cover all Eletson Entity matters. **Agreed.**
- Request No. 50: The RS Defendants will produce documents responsive to the request and are not limiting their production to Communications. The RS Defendants will include in their searches any additional

registry, registered agent, or address-of-record provider that Plaintiffs identify by name in proposed search terms. The RS Defendants maintain their limitation to vessels owned by Gas, EMC Gas, and their subsidiaries, and will apply the Court's ruling on that issue in the pending motion to compel (ECF 117) to this request. **The RS Defendants agreed to consider other names that Plaintiffs might identify; other than that clarification, agreed.**

- 

*RS Defendants To Respond*:

- Search terms: The RS Defendants will send this week an updated set of search terms together with their responses to the terms in Exhibit A to Plaintiffs' October 19 letter. Please identify which of Plaintiffs' terms could not be run or returned errors, and provide hit counts for the terms that could be run. Plaintiffs note that they ran overlong strings as component parts and aggregated the hits, and are happy to exchange platform limits so that terms can be drafted accordingly. **We will identify which of Plaintiffs' terms could not be run or errored out, and provide hit counts for those that could be run, when we send our updated terms and responses to Exhibit A.**
- Request No. 43: The RS Defendants will revert on how they will comply with ESI Protocol ¶ X(9) as to common-interest assertions, including as to the common-interest assertions reflected on the RS Defendants' log in No. 23-cv-7331. **The RS Defendants will comply with the ESI Protocol when asserting a common interest protection. We are considering how to address the common interest assertions made in the vacatur proceeding concerning communications with Intervenors' counsel, consistent with the ESI Protocol, and will revert.**
- Request No. 44: The RS Defendants will consider running a modified version of Plaintiffs' proposed search string concerning staffing and the allocation of legal work, and whether they will produce documents beyond time records. The RS Defendants stated that they do not believe they would withhold responsive documents. **The timekeeper records the RS Defendants have agreed to produce will show which timekeepers performed what work (i.e., allocation of tasks). To the extent Plaintiffs seek internal discussions about staffing, that is overbroad and irrelevant to Plaintiffs' claims. The RS Defendants will not withhold responsive nonprivileged documents that discuss staffing or allocation of work if they hit on searches that the RS Defendants are already running, but we do not think it is practical to run additional search terms for this request.**

We appreciate your willingness to produce nonprivileged Documents that hit on search terms already agreed to. Can you please confirm that we're at an impasse concerning internal discussions and new search terms, and that you will not consider running additional terms? ***We have said that we do not think it is practical to run terms specifically targeted at Request No. 44, and the terms that Plaintiffs proposed could not be run because of errors. You are welcome to propose alternative terms if there is really a universe of documents that you do not think will be caught by the many terms that the RS Defendants are already running. We will consider any proposals you might make, recognizing that we believe that all or most of what you are looking for would be captured by time records and the other searches.***

- Request No. 47: The RS Defendants will consider whether they will produce documents responsive to the request as limited to the Arbitration, the Vacatur Action, the Proof of Claim, and the claims asserted in the Amended Complaint (*i.e.*, the scope of the RS Defendants' Request No. 4 to Plaintiffs). **The RS Defendants are producing documents concerning authority and control, as well as the RS Defendants' engagement letters and other documents reflecting fee arrangements between the RS Defendants and the Eletson Entities, in response to Request Nos. 9, 19, 21, and 22. The RS Defendants do not object to producing agreements among other Defendants; should the RS Defendants identify any such documents in searching for and reviewing documents responsive to other requests, they will produce them.**
- Request No. 48: The RS Defendants will consider whether the documents Plaintiffs described can be searched for, or are responsive to other requests to which the RS Defendants have agreed to respond. Those documents concern the collection, custodians, search terms, document-management set-up, and

review and production of documents in the other Relevant Proceedings (including the LCIA and DVI proceedings), and the extent to which those efforts overlapped. **This Request, as written, is overbroad, would sweep in irrelevant documents, and is duplicative of numerous other requests (e.g., Request Nos. 1–5). Even as narrowed, the collection, custodians, search terms, document-management set-up, and review and production of documents in any proceeding other than the Arbitration and Bankruptcy is not relevant to any of Plaintiffs' claims.**

We disagree with your position that the request is irrelevant to the claims in this action. Please confirm that we're at an impasse as to RFP 48. ***Confirmed we are at an impasse.***

- Request No. 49: The RS Defendants stated that they are not withholding documents otherwise responsive to other requests on the basis of their objections to this request. The RS Defendants asked Plaintiffs to identify any specific subject matter they believe is not covered by other requests. **As drafted, this Request makes no sense, as there is no dispute that information obtained through Reed Smith's representation of Gas, EMC Gas, or their subsidiaries would have been disclosed to, at a minimum, the Individual Defendants. If Plaintiffs can be clearer about what documents they are looking for that would be relevant to their claims and not covered by other requests, and propose a more targeted request, the RS Defendants will consider it.**

As we stated on the call, at minimum the RS Defendants should be willing to search for and produce Documents from subpart (c) of the request ("any person whose interests were or reasonably could have been adverse to Gas, EMC Gas, or Levona"). Some obvious and pertinent examples would be the sharing of confidential information with vessel financiers, banks and other financial institutions, brokers, lessors, mortgagees, charterers, technical managers, appraisers, registries, Golden Energy, Unigas, Oaktree, Tufton, Libera, insurers and their counsel, the media, and escrow counterparties. Please let us know if you agree to search for and produce communications with third parties Concerning "any use, disclosure, transfer, or provision by any Reed Smith Defendant of confidential, proprietary, privileged, or other nonpublic information obtained through Reed Smith's Representation of Gas, EMC Gas, or their subsidiaries."

These issues are particularly significant because Reed Smith has represented vessel financiers at relevant times. Plaintiffs have a reasonable basis to believe that the RS Defendants used the confidential information of Plaintiffs that was acquired through Reed Smith's representation of at least one vessel financier, including through communications with the Individual Defendants and/or the Purported Nominees. Please let us know if you agree to search for and produce any such Documents.

If you do not agree to search for, review, and produce or log (as appropriate) the above material, please confirm that we're at an impasse.

***We still do not understand what you are looking for, or the relevance of your request. In your first paragraph, you seem to be asking us to search for the sharing with third parties of confidential information learned through Reed Smith's representation of Gas; but the example you give is of Reed Smith (allegedly) learning information acquired through the representation of a vessel financier and then sharing that information with the Individual Defendants and/or the Purported Nominees. Perhaps it would help if you would share this example with us, so we can understand the context.***

- Request Nos. 52–53: The RS Defendants' position is that the documents sought are covered by Request No. 9 and that they will not produce documents as to Holdings or Corp. unless the Court rules in favor of the Plaintiffs on the same issue on other RFPs. Can you please clarify your position on these two RFPs, if you are agreeing to produce notwithstanding your objection that it is covered by Request No. 9, or if you are objecting and therefore refusing to produce and we are at an impasse? **These Requests are overbroad as written and, to the extent relevant, duplicative of what the RS Defendants have agreed to produce for**

**Request No. 9. With respect to Request No. 52 in particular, requesting all documents concerning any assertion of privilege is plainly absurd. The RS Defendants will produce documents responsive to these requests to the extent agreed in response to Request No. 9, but object to producing documents beyond that.**

Please confirm that we're at an impasse and that you are refusing to search for or produce Documents in response to either of these requests. ***We still do not understand what Plaintiffs believe would be responsive to these requests that is not covered by Request No. 9 – other than documents concerning any assertion or waiver of privilege on behalf of Gas, as to which we agree we are at an impasse.***

- Request Nos. 54–55: The RS Defendants stated that they will not conduct searches beyond those for Plaintiffs' other requests and the sanctions discovery in No. 23-cv-7331. The RS Defendants will consider running the search terms used in the sanctions discovery across the custodians in this action, to the extent those terms are not already among the RS Defendants' proposed terms. Plaintiffs will identify any such terms. Plaintiffs noted that, in the sanctions discovery, Plaintiffs agreed to a narrower scope on the understanding that broader discovery would be pursued in this action. **These Requests are overbroad, unnecessary, and duplicative of both the sanctions discovery, in which the RS Defendants have produced and logged thousands of documents, and numerous other requests here, including, but not limited to, Request Nos. 1–5. We are considering your request to run the sanctions search terms over the current set of custodians and date ranges. We disagree with Plaintiffs' suggestion that the discovery effort being undertaken in this action is not "broader" than undertaken in connection with sanctions discovery; plainly, in the number of custodians, the date ranges, the search terms, and the subjects on which the RS Defendants have agreed to produce documents, it is far broader.**

- Request No. 56: The RS Defendants will consider Plaintiffs' request that they identify, using an email-domain search, the volume of communications between the RS Defendants and Greenberg Traurig during the relevant period that do not hit on previously agreed to search terms. **As drafted, this Request is overbroad and a fishing expedition. Plaintiffs' proposed term for this Request generates approximately 46,000 hits and 167,000 documents with families. If Plaintiffs propose a more targeted search, the RS Defendants will consider it. RS Defendants are considering your request for an email domain search and will revert. To be clear, if a communication with Greenberg Traurig is responsive to one of the other requests as to which the RS Defendants have agreed to produce documents, we will not withhold it on the basis of this objection.**

Please let us know hit counts for the domain search and the quantity of documents that would not already be reviewed under the current set of agreed search terms, *i.e.*, the delta, if any, between all communications with Greenberg Traurig and Reed Smith (i.e., agreed RS custodians) during the relevant period and the hits from the search terms to which you've already agreed to apply.

***The RS Defendants have run the terms (Eletson* OR egas* OR emc OR Gas OR Holdings OR levona OR Apargo OR Fentalon OR Desimusco OR davit OR ascella OR blige OR intervenor* OR nominee* OR Kerts* OR Hadj* OR Karast* OR vessel* OR ((purchase OR buyout OR "buy* out") W/3 option) OR BOL OR (preferred* W/3 share*)) and "gtlaw.com" in the TO/FROM/CC fields. This has resulted in 732 documents with families. We are willing to include this in our review. Please let us know if Plaintiffs agree.***

- RS Defendants will let Plaintiffs know if a RS Organizational Chart exists. **The RS Defendants do not agree to search for and produce organizational charts, which are not relevant to liability or damages, or the pleaded basis for personal jurisdiction. We can confirm that there is an organizational chart.**

*Impasse*:

- Request No. 46: The parties are at an impasse. The RS Defendants stated that their production of documents concerning the Plan may depend in part on the Court's ruling on Plaintiffs' pending motion to compel, but cannot commit that a decision in Plaintiffs' favor on the issues in the motion to compel will resolve the RS Defendants' objections to this request.
- Request No. 51: The parties are at an impasse. The RS Defendants will not search for documents responsive to this request beyond their searches for other requests, and will withhold documents responsive only to this request on the basis of their objections.
- Organizational chart: The RS Defendants stated that they will not agree to produce an organizational chart for RS (Delaware) and RS (England and Wales), but will let Plaintiffs know whether one exists.

**Please confirm we are at an impasse on these issues.** ***Confirmed we are at an impasse.***

## II. PLAINTIFFS' RESPONSES TO THE RS DEFENDANTS' SECOND SET OF RFPS

*Agreements*:

- Request Nos. 39–41: Plaintiffs will apply search terms to custodial and non-custodial sources and review the results for responsiveness, and will ask their client whether non-custodial financial records of the kind the RS Defendants described exist.
- Request Nos. 43 and 45: No dispute.
- Request No. 48: Plaintiffs agree to produce non-privileged documents Concerning the allegations in the paragraphs of the Amended Complaint listed in the request, subject to negotiated search terms. As to the request for Communications with Vessel Financiers Concerning the Reed Smith Defendants, Plaintiffs will produce non-privileged communications, subject to the negotiation of search terms.
- Request No. 49: The parties agreed that ordinary-course documents concerning vessel value, to the extent they exist, are covered by Plaintiffs' response to Request No. 39 and the negotiated search terms.

**This summary does not accurately cover our discussion. On the call, we explained that Plaintiffs' proposed narrowing appears to limit responsive documents to the emails cited and search term hits on defaults under financing agreements, while our request is broader and asks for communications with financiers, lessors, mortgagees and charterers. Plaintiffs stated that they didn't think they were attempting to make any carveouts but would confirm and get back to us on it.**

**Our understanding of the discussion concerning Request No. 49 differs slightly from the above summary. The parties agreed that this Request does not seek expert materials, and that Plaintiffs will produce ordinary-course, nonprivileged business documents concerning Vessel equity and any diminishment of Vessel equity. Perhaps you consider such documents encompassed by "documents concerning vessel value," but we want to be explicit as equity is not necessarily the same thing as value. Please confirm that Plaintiffs will produce such documents, whether in response to this Request, or Request No. 39.**

Plaintiffs agree to produce ordinary course, nonprivileged, business Documents concerning the Vessels' equity and any diminishment of the same, to the extent they exist, subject to the negotiation and agreement of search terms.

*Plaintiffs To Respond*:

- Request No. 38: Plaintiffs will consider the RS Defendants' proposal. Under that proposal, Plaintiffs would represent that their requests for the Withheld Documents were either publicly filed or made to Reed Smith, and would identify those requests, rather than produce documents.

**This is an inaccurate summary of our discussion. Plaintiffs, not the RS Defendants, stated that their efforts to obtain the Withheld Documents are reflected either in the public record or in Reed**

**Smith's client file, that Plaintiffs did not seek the Withheld Documents from any other third party, and offered, subject to Mr. Nesser's views, to provide a "sufficient to show" identification of the relevant ECF filings, letters, and documents produced in the vacatur proceeding.**

**The RS Defendants will consider Plaintiffs' proposal following Plaintiffs response which (i) confirms in writing that all of Plaintiffs' efforts to obtain the Withheld Documents—whether in the Arbitration, the Chapter 11 Case, the LCIA, or any other proceeding, and whether through formal process or informal requests—are reflected in publicly filed materials or in materials already in the RS Defendants' possession, and that no other responsive documents exist; and (ii) identifies those materials by ECF number, Bates number, or other reference sufficient for the RS Defendants to identify and obtain the materials.**

Based on a reasonable inquiry, we are not aware of an effort by Levona to seek the Withheld Documents other than (a) from Reed Smith and its clients or purported clients, and (b) via judicial or arbitral orders.

Plaintiffs can identify the following references and also note that Levona's 56.1 Statement of Undisputed Facts in the Vacatur Proceeding (ECF 550) includes a more complete history of the events relating to the Withheld Documents:

- Vacatur Proceeding, ECF 148-6 (Klein email to Lou Solomon)
- Vacatur Proceeding, ECF 67-52 (Levona request to Arbitrator)
- Vacatur Proceeding, ECF 67-54 (Levona seeking reconsideration of Arbitrator's denial)
- Vacatur Proceeding, ECF 34 (Levona seeking referral to bankruptcy court)
- Vacatur Proceeding, ECF 38 (seeking reconsideration of referral)
- Bankruptcy Proceeding, ECF 144 (Levona seeking production of Withheld Documents)
- Vacatur Proceeding, ECF 127-14–15 (Levona's motion to modify the protective order in bankruptcy court)
- Vacatur Proceeding, ECF 127-17 (Levona's files proof of claim in bankruptcy to allow it to participate in discovery)
- Vacatur Proceeding, ECF 127-18, 127-19 (February 2024: Levona's document requests in the bankruptcy case)
- Vacatur Proceeding, ECF 127-21 (Feb. 15, 2024: Levona's request for a conference regarding withheld documents in bankruptcy court)
- Vacatur Proceeding, ECF 127-22 (March 12, 2024 bankruptcy hearing)
- Vacatur Proceeding, ECFs 127-23–24 (April 2024: Levona's requests for discovery conference in bankruptcy court)
- Vacatur Proceeding, ECF 127-25 (May 2024: Levona's notice of status conference regarding discovery issues in bankruptcy court)
- Bankruptcy Proceeding, ECF 699 (May 15, 2024: Levona's motion to compel in bankruptcy court)
- Vacatur Proceeding, ECF 127-27, at 7–11 (May 2024: email chain between Levona and Reed Smith regarding discovery)
- Vacatur Proceeding, ECF 136, at 14 (May 2024: Levona sought discovery in bankruptcy case from third parties concerning Withheld Document, but did not receive any such documents)
- Bankruptcy ECFs 779, 865

Additional material related to Levona's attempts to seek the Withheld Documents in the London Court of International Arbitration between 2023–2024 are also in the possession, custody, and control of Reed Smith, as former counsel to Eletson Holdings in that action, *see* Vacatur Proceeding ECFs 138–139.

We also understand that attempts were made in the High Court of Justice in the British Virgin Islands to gain access to the Withheld Documents. Any such requests/attempts would be in the RS Defendants' possession, custody, and control.

- Request No. 44: Plaintiffs will confirm whether they will produce communications with Vessel Financiers concerning the Eletson Entities beyond those concerning the Vessels, subject to negotiated search terms.
- Request No. 51: Plaintiffs will consider the RS Defendants' request as to Murchinson-related documents, and whether a narrowed request concerning Gas's reputation can be agreed. Plaintiffs will also respond to the RS Defendants' question as to whether Levona is seeking damages for injury to its reputation.
- Request No. 52: The RS Defendants proposed narrowing the request to communications with any investor, limited partner, member, prospective investor, placement agent, fund administrator, or auditor of Levona or any Murchinson Affiliate concerning the Preferred Shares or the Relevant Proceedings. That includes investor letters, updates, and presentations. Plaintiffs will consider and revert.
- Request No. 53: The RS Defendants agreed to remove the RS Defendants from the scope of the request. Plaintiffs will consider and revert

*RS Defendants To Respond*:

- Request No. 42: RS Defendants will propose a narrowed version of the request directed to the allegations concerning escrow accounts and allegedly diverted funds.

**Without waiving the RS Defendants' position that the Request is proper as drafted, we propose narrowing it as outlined below. Please let us know whether Plaintiffs will produce according to the narrowed request or if we are at an impasse on this issue.**

***Narrowed Request:*** **All Documents Concerning Funds, Payments, wire transfers or confirmations, charter hire, freight, revenue, refunds, management fees, receivables, or escrow proceeds identified in Plaintiffs' allegations (FAC ¶¶ 35, 55, 61, 69, 73–84, 116) that are owed to, belonging to, or held for the benefit of any Eletson Entity, any Plaintiff, or any Levona Affiliate, including:**
**a. any escrow agreement involving any Lawyer, including any Payments, Funds, proceeds, or property associated with or claimed by any Plaintiff;**
**b. account statements for any operating, trust, IOLTA, escrow, segregated-client-funds, or third-party-managed escrow account maintained by any Lawyer that holds or held Funds for, for the benefit of, or claimed by any Plaintiff; and**
**c. bank accounts used or attempted to be used to receive or hold Payments or Funds from any charterers, financing parties, lenders, brokers, registries, banks, or other third parties.**

We will review and get back to you. ***Please let us know when we can expect a response.***

- Request Nos. 46–47: RS Defendants will write to Plaintiffs identifying (i) any respects in which they dispute footnote 29 of the Vacatur Decision (No. 23-cv-7331, ECF 678) that were not considered by the Court, and (ii) the other bases on which they contend the requested documents are relevant. Plaintiffs will consider that correspondence.

**Footnote 29 was issued in a proceeding to which the RS Defendants were not a party, in a different context, and under a different standard. Judge Liman previously found Kanelos "is not a minor or peripheral witness." Vacatur ECF 435 at 8. The RS Defendants do not concede the conclusions in that footnote; among other things, the RS Defendants disagree that the alleged bribery of Eletson's CFO by an outside party did not injure Eletson, and these issues will ultimately be for the factfinder in this action. In any event, the argument that Levona can refuse to produce documents related to Kanelos because the few produced documents reveal only a portion of the bribery scheme that at least two Levona witnesses in the arbitration participated in and sought to cover up is circular. The relevant documents will show, among other things, the full scope of Levona's fraud in the**

**proceeding that extends beyond the cherry-picked production that was the basis for footnote 29 in the Vacatur decision.**

**Documents and communications concerning Mr. Kanelos are relevant in at least three respects. First, Plaintiffs allege "Had Defendants not engaged in that wrongdoing, Eletson's Arbitration claims—including that it controlled Gas—would have failed, and Levona's Counterclaim would have succeeded." FAC ¶ 42. Thus, whether the Arbitration would have come out the same way had all documents been produced—including documents concerning Mr. Kanelos and the allegedly withheld documents—goes directly to causation. Second, Plaintiffs allege that the RS Defendants knowingly participated in a fraud in the Arbitration; what Mr. Kanelos was doing and saying, and the reliability of documents emanating from Mr. Kanelos and the Murchinson parties, bears on this issue. Third, the documents are directly relevant to the credibility of at least Bistricer and Lichtenstein.**

**Additionally, the Requests properly reach documents concerning Mr. Kanelos involving Mr. Bistricer or any Murchinson affiliate. Please let us know whether Plaintiffs will produce or if we are at an impasse.**

We disagree with your characterization of the facts and find your accusation that Levona engaged in fraud as inappropriate and without any basis. We also note that the Reed Smith Defendants were found to have engaged in fraud on the arbitrator, together with the Individual Defendants. The undisputed facts and Judge Liman's Vacatur Decision notwithstanding, and in an effort to compromise, Plaintiffs are willing to produce nonprivileged documents from the Relevant Period Concerning Peter Kanelos and the Eletson Entities, subject to negotiation and agreement of appropriate search terms.

Regards,
Michael

---

**From:** Michael Wittmann
**Sent:** Monday, November 2, 2026 2:16 PM
**To:** Freire, Andrew <AFreire@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Thank you, Andrew.

The draft looks fine. We don't have an objection to your filing it, assuming there are no substantive changes.

**From:** Freire, Andrew <AFreire@gibsondunn.com>
**Sent:** Monday, November 2, 2026 12:46 PM
**To:** Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from afreire@gibsondunn.com]**

Michael,

Attached is a draft letter withdrawing our motion to compel. We are still tinkering with this draft and awaiting client sign-off so the draft may change. Please provide any comments by 4PM ET today so we can get this on file.

Best,

**Andrew Freire**
Associate Attorney

T: +1 212.351.5202
AFreire@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Seibald, M. Jonathan <MSeibald@gibsondunn.com>
**Sent:** Monday, November 2, 2026 10:10 AM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Hi Michael,

Yes, we will share our draft letter withdrawing the motion with you before filing.

Best,

Jon

**M. Jonathan Seibald**
Of Counsel

T: +1 212.351.3916 | M: +1 617.780.8926
MSeibald@gibsondunn.com

GIBSON DUNN
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Sunday, November 1, 2026 9:03 PM
**To:** Seibald, M. Jonathan <MSeibald@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** Re: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Hi Jon,

Thanks for getting back to us over the weekend and appreciate the agreement to withdraw the motion.

Can I trouble you to please share a copy of the letter to the Court before filing? Doubt we'll have any comments.

Have a good rest of your weekend.

Regards,
Michael

---

**From:** Seibald, M. Jonathan <MSeibald@gibsondunn.com>
**Sent:** Sunday, 01 November 2026 17:03:42
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee

<CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from mseibald@gibsondunn.com]**

---

Hi Michael,

Thank you for your email. While we disagree with certain of the characterizations of the record in your email, in light of Plaintiffs' agreement to produce responsive documents in response to these narrowed requests, we will agree to withdraw our motion, without waiving any rights with respect to these requests. We will file a letter tomorrow, notifying the Court that Plaintiffs have agreed to produce the documents we moved to compel, and we therefore withdraw our motion.

Regards,

Jon

**M. Jonathan Seibald**
Of Counsel

T: +1 212.351.3916 | M: +1 617.780.8926
MSeibald@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Friday, October 30, 2026 5:00 PM
**To:** Seibald, M. Jonathan <MSeibald@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Hi Marshall,

We have reviewed the RS Defendants' October 29 Letter Motion to Compel (ECF 118), and we hope to resolve it without the Court's intervention.

**RFP No. 26.** Your letter helpfully clarified the RS Defendants' position, and Plaintiffs can now agree to the proposed narrowing. The original request sought "All Documents Concerning each statement by any Reed Smith Defendant that You contend was false, deceitful, or collusive as alleged in ¶¶ 33, 65–68, and 129–130 of the Amended Complaint." Plaintiffs objected, *inter alia*, that the request did not seek documents with "reasonable particularity" and instead vaguely sought "'[a]ll Documents Concerning' multiple allegations in seven paragraphs of the Amended Complaint."

On October 7, you agreed to narrow the request to "documents showing when Plaintiffs learned of each statement they allege was false." That proposal appeared to narrow the request to *when* Plaintiffs learned of each statement. But it also broadened the request to every statement Plaintiffs allege was false, which would make it an improper contention interrogatory.

Your October 29 Letter Motion to Compel (ECF 118) indicates that the RS Defendants seek only documents showing when Plaintiffs learned of each of the statements alleged to be false in ¶¶ 33, 65–68, and 129–130 of the Amended Complaint. As so limited, Plaintiffs agree to search for and produce, or log, such documents, subject to finalization of search terms.

**RFP No. 31.** The original request sought "All Documents and Communications Concerning the allegations that Defendants acted in concert, conspired with, aided and abetted, or acted as agents of one another, as alleged in ¶¶ 31, 82, 102–103, 109, and 120 of the Amended Complaint, including any alleged agreement among Defendants." Plaintiffs objected, *inter alia*, that the request did not seek documents with "reasonable particularity" and instead vaguely sought "'[a]ll Documents and Communications Concerning' multiple allegations in six paragraphs of the Amended Complaint."

On October 7, you agreed to narrow the request to "any document Plaintiffs contend evidences an agreement among Defendants." That proposal narrowed the request to agreements. However, it was framed as a contention interrogatory, because it required Plaintiffs to identify the documents they "*contend*" evidence an agreement.

Your October 29 Letter Motion to Compel (ECF 118) indicates that the RS Defendants do not seek Plaintiffs' contentions, but only "[w]hether Plaintiffs possess any document evidencing such an agreement," which the letter describes as a "factual question." The letter also confirms that the narrowed request is limited to "documents evidencing an agreement among Defendants concerning the purported misconduct alleged in paragraphs 31, 82, 102–103, 109, and 120 of the Amended Complaint."

As so limited, Plaintiffs agree to search for and produce, or log, documents evidencing an agreement among Defendants concerning the misconduct alleged in ¶¶ 31, 82, 102–103, and 120 of the Amended Complaint, to the extent any exist, subject to finalization of search terms.

In light of the above, please let us know whether the RS Defendants will agree to withdraw the motion, subject to the agreement set out above. We need a response by 10am on Monday, November 2.

Have a good weekend.

Regards,
Michael

---

**From:** Michael Wittmann
**Sent:** Thursday, October 29, 2026 9:06 PM
**To:** 'Seibald, M. Jonathan' <MSeibald@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee

<CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall, Jon, et al.,

Please see our responses to your questions/requests below in blue.

Separately, should the Court grant our motion to compel as to any of RFPs 27, 28, or 30, the parties will need to address custodians for those requests. Those requests concern Reed Smith's executive and management committees, conflicts and ethics committees, senior management, and general counsel, and the identities of the individuals who held those roles during the relevant period are not known to Plaintiffs. We reserve the right to raise custodians for those requests following any ruling.

Please also let us know when we can expect an update on the organizational chart we discussed as to RFP 33.

Regards,
Michael

---

**From:** Seibald, M. Jonathan <MSeibald@gibsondunn.com>
**Sent:** Wednesday, October 28, 2026 10:15 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from mseibald@gibsondunn.com]**

---

Michael,

Thank you for providing this information. We have some clarifying questions and additional names we believe should be included.

Specifically, with respect to point 2.a in your email, we believe the following additional domain names/email addresses should be included:

- @tufton.com
- @oaktreecapital.com
- @libera.co.jp
- @unigas.nl

- @wsfbank.com
- pgkanelos@gmail.com

Please let us know if you would agree to include those domain names/email addresses.
We will get back to you.
Nov. 4: Although neither Murchinson nor Plaintiffs believe that the above email filters are appropriate, in effort to compromise Murchinson has agreed to include those emails in its email filtered review and provide those documents to Plaintiffs for responsiveness and privilege review.

With respect to point 2.c in your email, please confirm that when you say, "Murchinson's counsel will then review the remaining documents not previously transferred," you mean that Murchinson counsel will review the remaining documents that did not hit on the domain names in points 2.a and 2.b to determine whether the remaining documents concern what you assert to be the business of Levona, Eletson Gas, and/or EMC Gas? Correct.

How will this determination be made as to what is the business of Levona, Eletson Gas, and/or EMC Gas? For example, please confirm that documents relating to the Vessels and/or their financing will be considered documents that concern the business of Levona, Eletson Gas, and/or EMC Gas. Please also confirm that documents relating to the acquisition of preferred shares of Gas before Levona came into existence also will be included. We are inquiring about "Vessels and/or their financing" and will get back to you. We are also inquiring about "documents relating to the acquisition of preferred shares of Gas before Levona came into existence" and will get back to you, but note that, as stated in our R&Os and discussed in multiple meet and confers, Plaintiffs are only producing documents after 1/1/2022.
Nov. 4: As to documents concerning Vessels and their financing, we understand that Murchinson intends to provide such documents to Plaintiffs. As to documents prior to the Levona's existence, Plaintiffs have already stated that they will not produce documents from before 1/1/2022, so the request is irrelevant, but in any event such documents are not within Plaintiffs' possession, custody, or control.

Finally, we again ask that you please clarify whether there is a document that gives Levona the right to obtain certain Levona, Eletson Gas, and EMC Gas documents (as to only certain custodians not including Marc Bistricer) from Murchinson or whether Murchinson would be voluntarily providing those documents to Levona. We are not certain what kind of document you have in mind but reiterate that Plaintiffs have access to their own documents to the extent maintained on Murchinson/Ace servers but not to other documents of Murchinson and Ace, each of which we understand conducts business involving industries and companies entirely unrelated to the business of Plaintiffs.
Nov. 4: There is no written agreement between Plaintiffs and Murchinson regarding Plaintiffs' rights to their documents. Murchinson has agreed to provide Plaintiffs' documents to them. Marc Bistricer has no formal or informal role with any of the Plaintiff entities, so Plaintiffs lack any right or authority to access his documents.

Can you please also confirm that the same process you described also applies to documents in Ace148's possession? Yes.

We would like to avoid the need for a motion to compel but are concerned about the process you propose and reserve all rights, including but not limited to the right to seek additional documents directly from Murchinson and/or Ace148.

Thanks,

Jon

**M. Jonathan Seibald**
Of Counsel

T: +1 212.351.3916 | M: +1 617.780.8926
MSeibald@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Tuesday, October 27, 2026 5:20 PM
**To:** King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Hi Marshall and Jonathan,

As to your agreement on the Thursday filing, we appreciate the accommodation.

As to the Murchinson review issue, as disclosed in the Vacatur Proceeding (ECF 491) and found to be "reasonable" by the Court (ECF 495), we understand that Murchinson undertook a three-step process in Vacatur discovery to segregate Levona documents from non-Levona documents held on Murchinson servers. In step one, Murchinson's counsel applied overly broad search terms to the collected custodial files to set the review population. In step two, Murchinson's counsel applied an email domain filter segregating emails associated with Levona work (*e.g.*, email domains of Levona's outside counsel), and those emails and attachments were then separated and transmitted to Quinn Emanuel. Finally, in step three, Murchinson's counsel undertook a review of the remaining population and segregated Levona documents from non-Levona documents. The Levona documents were then transmitted to Quinn Emanuel, and Quinn Emanuel then ran disclosed search terms tailored to the requests and reviewed the hits and families for responsiveness and privilege. We understand that a similar process, as applied to the facts of this case, is being used here:

1. The custodial files of Messrs. Fenttiman, Lichtenstein, E. Bistricer, and Spears have been collected, and Murchinson's counsel will apply the overly broad and objectionable search terms that the Reed Smith Defendants proposed on October 7, 2026. (This in no way constitutes a waiver of Plaintiffs' objections to those search terms.)
2. Murchinson's counsel will then apply an email domain filter to the remaining population. Documents in which any of the following email domains or addresses appears in the From, To, CC, or BCC metadata fields will be transmitted, together with their families, to Quinn Emanuel:
    a. Documents dated on or before November 18, 2024:
        i. @quinnemanuel.com
        ii. @teamtogut.com
        iii. @hsfkramer.com
        iv. @goulstonstorrs.com
        v. @frankelrubin.com

vi. @rahmanravelli.co.uk
vii. @4pumpcourt.com
viii. @twentyessex.com
ix. @shlegal.com
x. @conyers.com
xi. @carreyolsen.com
xii. @reedsmith.com
xiii. @gtlaw.com
xiv. @parissayer.ca
xv. @gibsondunn.com
xvi. @harneys.com
xvii. @7kbw.co.uk
xviii. @calavros.gr
xix. @daniolos.gr
xx. @jw.com
xxi. @pbwt.com
xxii. @proskauer.com
xxiii. @rimonlaw.com
xxiv. @rksllp.com
xxv. @roystonlaw.com
xxvi. @sidley.com
xxvii. @timagenislaw.com
xxviii. @wfw.com
xxix. @eletson.com
xxx. @naftilosmaritime.com
xxxi. vaskerts@hotmail.com
xxxii. eletsonshipmanagement.com (intentionally does not include "@" symbol because domain often appears with variation, *e.g.*, @bellnevada.eletsonshipmanagement.com)

b. Documents dated on or after November 19, 2024 (Effective Date of Bankruptcy Plan):
   i. @quinnemanuel.com
   ii. @frankelrubin.com
   iii. @rahmanravelli.co.uk
   iv. @4pumpcourt.com
   v. @twentyessex.com
   vi. @shlegal.com
   vii. @conyers.com
   viii. @carreyolsen.com

c. Murchinson's counsel will then review the remaining documents not previously transferred and transmit to Quinn Emanuel those that concern the business of Levona, Eletson Gas, and/or EMC Gas.

We are willing to discuss at your convenience the process outlined above, and if you have any suggestions/questions about any aspect of it, we are happy to take them under advisement.

Regards,
Michael

---

**From:** King, Marshall R. <MKing@gibsondunn.com>
**Sent:** Tuesday, October 27, 2026 10:45 AM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; Freire, Andrew <AFreire@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>;

'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from mking@gibsondunn.com]**

---

Filing Thursday is fine with us. If you are able to get back to us today regarding Jon's questions, that would be greatly appreciated.

**Marshall R. King**
Partner

T: +1 212.351.3905 | M: +1 201.788.4374
MKing@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Monday, October 26, 2026 9:39 PM
**To:** King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall, Jonathan, et al.,

We will get back to you regarding Jonathan's questions on the Murchinson review/segregation process raised on Friday.

Separately, I know we agreed to file our respective motions to compel on Wednesday. I overlooked that oppositions would then be due two business days later, on Friday, October 30. Two members of our team are Sabbath-observant, and with sundown now so early, a Friday filing will be difficult. As a courtesy, would you agree to move the filing date to Thursday, October 29, which would put oppositions on Monday, November 2? Thank you.

Regards,
Michael

**From:** King, Marshall R. <MKing@gibsondunn.com>
**Sent:** Friday, October 23, 2026 7:47 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; Freire, Andrew <AFreire@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from mking@gibsondunn.com]**

1. We will agree to search for and produce any formal written agreements Concerning indemnification, contribution, or similar agreement between any of the RS Defendants, on the one hand, and any Eletson Entity, on the other, Concerning this action or any Relevant Proceeding.
2. Filing letter motions to compel next Wednesday regarding ripe disputes is fine with us.

**Marshall R. King**
Partner

T: +1 212.351.3905 | M: +1 201.788.4374
MKing@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Friday, October 23, 2026 3:31 PM
**To:** Freire, Andrew <AFreire@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall, et al.,

Please see below in red for further responses to your October 21 email. Please also see the attached hit report.

Can you also please get back to us today, as you agreed yesterday regarding:

1. Our proposal on mutually agreeing to search for formal written agreements Concerning indemnification, contribution, or similar agreement among any of the Defendants/Plaintiffs or Eletson Entities Concerning this action or any Relevant Proceeding.
2. A schedule on the anticipated motions to compel.

Also, in our meet and confer yesterday we didn't cover our deficiency letter to you regarding your R&Os to our Second Set of Document Requests. Can we please schedule a meeting next week to cover that and hopefully also address the questions we raised in our email yesterday regarding your productions in No. 23-07331?

Thank you.

Regards,
Michael

---

**From:** Michael Wittmann
**Sent:** Thursday, October 22, 2026 8:33 PM
**To:** 'Freire, Andrew' <AFreire@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall, Andrew, et al.,

Please see responses to your Wednesday email in-line below in blue.

Also below is a short summary of our call today.

1. Absent further follow up, RS agrees to use the updated definition of Withheld Documents.
2. RS to get back to us tomorrow about scheduling motions to compel.
3. RS will get back to us on the Org Chart as soon as they can.
4. RS will get back to us tomorrow on mutually searching for formal written agreements Concerning indemnification, contribution, or similar agreement among any of the Defendants/Plaintiffs or Eletson Entities Concerning this action or any Relevant Proceeding.
5. RS agrees to use an end date of 4/24/26 as to all requests other than Plaintiffs RFPs Nos. 1–5.

Regards,
Michael

**From:** Freire, Andrew <AFreire@gibsondunn.com>
**Sent:** Wednesday, October 21, 2026 5:10 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>;

'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from afreire@gibsondunn.com]**

---

Counsel,

We write to follow up on a few issues.

**Prior Productions.** We have designated Rommy Flores and Andrew Freire to discuss this topic, and Plaintiffs have designated Michael and Matt. On October 9, Matt indicated that this discussion would need to wait until after the parties' next meet and confer. That meet and confer took place on October 13, and we have not heard back since. Please provide your availability on Friday. We met with Rommy and James after our call today and have a plan forward. We'll plan to meet again next week on Thursday.

**October 7th Proposed Search Terms.** On October 7, the RS Defendants sent Plaintiffs proposed search terms and date ranges for Plaintiffs' documents. Apart from Matt's October 9 note that Plaintiffs do not see the basis for the additional terms, we have not received a response. Please provide by Friday, October 23, Plaintiffs' position on each term, with the supporting information the Protocol requires for any term Plaintiffs reject or propose to modify. We'll get back to you hopefully by tomorrow. Please see attached comparative hit report outlining our respective responses to the RS Defendants' proposed search terms. We hereby incorporate by reference Plaintiffs' September 8, 2026 Responses and Objections to the RS Defendants' Document Requests.

**Plaintiffs' October 19 Search Terms.** We are in receipt of the search terms and hit report Plaintiffs served on October 19, together with their responses and objections to the RS Defendants' Second Set of Requests for Production. We are reviewing them and will respond separately. In the meantime, we note that neither the October 19 report nor Plaintiffs' September 8 Appendix 1 states the total number of documents searched. ECF 81 § IV(d)(i) requires that figure, and Plaintiffs agreed to provide it on September 18 and again on October 2. The September 8 report does not include family-inclusive or unique hit counts. Please supplement both reports by Friday, October 23. We will get back to you on the universe searched hopefully by tomorrow, but we also note that you have not provided the same information. When will you get back to us with that information? The search population is 1,384,064 documents. Please provide the same for the Reed Smith Defendants. Your other questions are addressed in the attached.

**Data Searched and Segregation of Plaintiffs' Documents.** Plaintiffs' September 8 ESI Disclosure states that Mr. Spears's documents are maintained in a non-segregated account controlled by Ace148, and that Messrs. Lichtenstein's and Bistricer's documents are maintained in a non-segregated account controlled by Murchinson. It also states that Plaintiffs' documents "will first need to be identified on the foregoing servers for delivery to Plaintiffs." On October 2, you identified John Elliott of Sichenzia Ross Ference Carmel as counsel to Murchinson and Ace148 and stated that he is undertaking a process to

segregate Plaintiffs' materials from non-Plaintiffs' materials. On October 9, you stated Plaintiffs' position that Levona controls its own documents on the Murchinson servers but not non-Levona documents. Correct.

We need to understand how Levona will obtain its documents from these repositories. We have asked this repeatedly, but have not received any information about the proposed process. Neither search report you provided states how many documents were searched. Relatedly, on September 19 we asked who is performing the segregation, the criteria applied, whether it occurs before or after search terms are run, and whether any responsive material will be withheld as a Murchinson or Ace148 document. On September 25 you said you would get back to us. Apart from identifying Mr. Elliott and restating Plaintiffs' position on control, Plaintiffs have not answered those questions. Neither has Mr. Elliot. Please provide an answer on these questions by Friday, October 23. As discussed on our call today, in multiple meet and confers with you and Reed Smith, and as outlined clearly in the existing record, Levona does not have possession, custody, or control over Murchinson documents. The search terms we agree to use will be applied on Levona's documents, as consistent with what we did in the Vacatur Proceeding and held by Judge Liman to be "reasonable." *See* No. 23-07331, ECF 491 ("Murchinson's outside counsel ... pulled Mr. Lichtenstein's entire Outlook mailbox; ... segregated any of those documents that involved non-Levona business; and delivered the remaining documents ... to Quinn Emanuel."); *id.*, ECF 495 (Judge Liman: "[T]he process which counsel for Levona and Murchinson undertook to segregate non-Levona documents from Levona's document production is reasonable."). We have no reason to believe that responsive materials will be withheld by Murchinson or Ace148, but do not have possession, custody, or control over their documents.

**Control of Murchinson Server.** Despite our direct question on October 7th and our repeated inquiries, you still have not explained the factual basis for Plaintiff's position that Levona has control over certain documents on Murchinson's server. What are you claiming gives Levona that control? What is the criteria for the determination that Levona has control over a particular document compared to others? If you claim that an agreement or some other document gives Levona that control, please identify that document and its date. If you are relying on some other basis to claim that Levona has control over certain documents on Murchinson's server, please tell us what that is and when Levona and Murchinson started relying on it. We are concerned that Levona and Murchinson have manufactured a distinction for the first time in litigation that they are relying on to make ad hoc, self-serving, and unduly narrow choices about what documents Murchinson will provide to Levona from among a commingled collection of documents. Levona has control of its own documents insofar as Levona is not Murchinson and does not have possession, custody, or control of Murchinson's documents. As discussed above and on today's call the process by which Levona will get its documents from Murchinson were disclosed more than two years ago to your clients, was litigated before the Court, and ruled upon more than a year ago. ECF 495 ("Murchinson conducts business that is entirely separate and apart from Levona's corporate purpose"; "Given that corporate separateness, the process which counsel for Levona and Murchinson undertook to segregate non-Levona documents from Levona's document production is reasonable.").

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Wednesday, October 21, 2026 4:36 PM
**To:** King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores,

Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall,

Thank you for the responses. Does 2pm on Thursday work for you and your team? Can you please confirm whether we can also discuss our deficiency letter sent on Monday, October 19, with respect to the Reed Smith Defendants' R&Os to Plaintiffs' Second Set of Document Requests?

A few follow ups from your email using the numbering from the Friday email.

#5 (Withheld Documents): attached please find copies of the requested documents.
#7 (org chart): when can you get back to us on this?
#9 (sworn declaration): Plaintiffs are ok with this subject to further information that may emerge in discovery that necessitates revisiting and with full reservation of rights.
#10 (direction/funding/indemnification for litigation): can we mutually agree to search for formal written agreements Concerning indemnification, contribution, or similar agreement among any of the Defendants/Plaintiffs or Eletson Entities Concerning this action or any Relevant Proceeding?
#11 (custodians and search terms): thank you for agreeing to search those custodians; when can you get back to us with a counterproposal on search terms?
#13 (date ranges): can you confirm that you will be using 4/24/2026 as the end date for all Plaintiffs' requests, including those in the second set of document requests, except 1–5?
#14 (insurance information): Plaintiffs are ok with your proposal subject to further information that may emerge in discovery that necessitates revisiting it and with full reservation of rights.

Regards,
Michael

---

**From:** King, Marshall R. <MKing@gibsondunn.com>
**Sent:** Tuesday, October 20, 2026 8:16 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; Freire, Andrew <AFreire@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from mking@gibsondunn.com]**

---

I am copying and pasting the items in your Friday email, along with our response on each in red. We are available Thursday afternoon to discuss.

***Agreements***

1. The parties will mutually withdraw RS Defendants' Request No. 36 and Plaintiffs' Request No. 39. Agreed
2. RS Defendants will produce responsive, non-privileged documents in response to Request Nos. 1–3, 6, 12, 14, 15, and 32. Agreed
3. As to Request No. 35(d), RS Defendants will not withhold responsive documents that hit on the search terms on the basis of their objections. Agreed
4. Plaintiffs will include all Vessels in their search terms, consistent with Plaintiffs' position that all Vessels and Eletson Entities are relevant to this action.

**RS Defendants to Respond**

5. Request Nos. 4–5: whether RS Defendants accept the definition of "Withheld Documents" Plaintiffs proposed on October 7. RS Defendants otherwise agree to produce in response to these requests. While we are inclined to accept your definition and produce documents in response to these requests, we have not been able to locate copies of the documents bates numbered PREFSH0001771, PREFSH0001712, PREFSH000171, PREFSH0000383, and ELETSONHOLDINGS_0000109. Please send us copies of those documents so that we can confirm the definition and develop appropriate searches for responsive documents.
6. Request Nos. 17–23: confirmation that Reed Smith's accounting and matter-opening systems contain all of the information sought in these requests. As discussed on our last call, we believe that these systems, along with search terms on custodial data, will provide all of the information sought.
7. Request No. 33: whether RS Defendants will produce an organizational chart. The RS Defendants are still investigating.
8. Mobile devices (to the extent the RS Defendants are seeking to add mobile devises as repositories): whether the RS Defendants' custodians use mobile devices for business communications. The RS Defendants agree that, subject to further information that may emerge in discovery that necessitates revisiting, neither side will include mobile devices among the data to be searched.
9. Request No. 35(b)–(c): whether RS Defendants will provide a declaration addressing these requests. The September 3, 2026 declaration of Mr. Weller provides the requested representations on behalf of Reed Smith (UK), with the exception of "receivables," and "accounts held at institutions with a presence in the United States," which the RS Defendants are not able to make representations about, for the reasons we discussed on our last call.
10. Plaintiffs' Request No. 38 and RS Defendants' Request No. 4: whether RS Defendants agree to Plaintiffs' proposal that both sides produce in response to these requests. In lieu of your proposal, we instead propose that the parties mutually withdraw these requests.
11. Custodians: whether RS Defendants will add Rymer, Singer, Avdellas, Shachmurove, Borman, Irizarry, Semoy, Venugopal, Osei-Bonsu, Kaye, and Galibois. The RS Defendants agree to include these custodians in our searches. We reserve the right to seek modifications as we assess the responsiveness of documents hitting on search terms for these and other custodians. We are continuing to work through an acceptable set of search terms. Plaintiffs' proposed terms are not workable as drafted. Many were plainly targeted at requests to which we have objected. Several exceeded the review platform's limits and had to be broken into component parts, and several could not generate results because the search terms as drafted are too broad and caused errors running them. Even a modified set of your proposed terms to account for these issues resulted in a review population of almost 2 million documents, which is not reasonable or proportionate. Given the number of problems with Plaintiffs' proposed terms and errors that they are resulting in, we are continuing to iterate on a modified set of terms, incorporating those of Plaintiffs' terms that can reasonably be run, and will share the updated set and accompanying hit reports.
12. Interrogatories: RS Defendants' response to Plaintiffs' concerns regarding RS Defendants' interrogatory objections. The RS Defendants agree to Plaintiffs' proposal in item 15 that both sides defer any dispute

over the other side's interrogatory objections, with all rights reserved to raise those or any other objections at a later date.

13. Date ranges: please confirm the date range RS Defendants are applying to each request. Our understanding from the Responses and Objections, as modified by Marshall's September 26 letter, is that the RS Defendants are applying an end date of July 30, 2025 to Request Nos. 1–5 and 42, April 24, 2026 for Requests 10, 11, 12, 16, 31, 32, and July 8, 2025 to all other requests (to the extent you've agreed to produce in response to a request). The end date for all requests for which the RS Defendants have agreed to conduct searches is April 24, 2026, with the exception of Request Nos. 1-5, for which the end date is July 30, 2025.

***Plaintiffs to Respond***

14. Request No. 37: Plaintiffs do not agree with your redacting of premium information in exchange for reservation of rights pages. The premium information is unnecessary for purposes of understanding the insurance policies, and the RS Defendants' offer to produce the policies with premium information redacted is more than sufficient to comply with their obligations under Rule 26(a)(1)(A). If you are rejecting our proposed compromise, please explain why you believe you are entitled to reservation of rights letters or any of the other insurance-related information requested in Request No. 37.
15. Interrogatories: We understand that Plaintiffs and the Reed Smith Defendants each have objections to the other side's interrogatory responses, some of which have been raised and others of which have not. Plaintiffs propose that both sides agree to defer any dispute over those objections, with all rights reserved to raise them, or any other objections, at a later date. Agreed

***Impasse*** Agreed, except as noted below

16. Request No. 7: RS Defendants will produce only documents concerning the UniGas transaction, cease-and-desist letters, and the sale or Transfer of the Preferred Shares.
17. Request No. 8: RS Defendants will not produce.
18. Request Nos. 9, 10, 11, 13, 16, and 31: RS Defendants will produce only as to Eletson Gas, EMC Gas, and their subsidiaries.
19. Request Nos. 17–23: RS Defendants will not produce documents concerning representations before July 2022.
20. Request Nos. 24–28 and 30: RS Defendants will not produce.
21. Request No. 29: RS Defendants will not produce documents concerning Golden Energy or Oaktree, or dated before July 1, 2022.
22. Request Nos. 35(a), 36, 41, and 42: RS Defendants will not produce. For No. 42, the RS Defendants are not refusing to produce, but we are not running searches separate from those being run for documents responsive to other requests.
23. Request No. 40: RS Defendants will not produce the documents produced in the Bankruptcy.
24. Custodians: RS Defendants will not add Peter Kennedy or Daniel Booker.
25. Start date: RS Defendants will not search for documents dated before July 1, 2022.

**Marshall R. King**
Partner

T: +1 212.351.3905 | M: +1 201.788.4374
MKing@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Monday, October 19, 2026 12:52 PM
**To:** Freire, Andrew <AFreire@gibsondunn.com>; matthewroznovak@quinnemanuel.com; King, Marshall R. <MKing@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Hi Marhsall,

I hope you had a good weekend.

I'm following up on my email from Friday.  Can we please get a response to the outstanding issues on your side by tomorrow and then schedule a time to discuss potentially setting a briefing schedule for our respective motions to compel?

Please let us know at your earliest convenience.

Regards,
Michael

---

**From:** Michael Wittmann
**Sent:** Friday, October 16, 2026 5:22 PM
**To:** 'Freire, Andrew' <AFreire@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall, et al.,

We write to summarize the parties' October 13 meet and confer. Request numbers refer to Plaintiffs' First Set of Requests unless noted.  Please let us know if your understanding differs.

We note that updates upon which you have agreed to get back to us have been taking a significant amount of time which is delaying our ability to comply with the discovery schedule. Can you please get back to us with outstanding responses promptly?

***Agreements***

1. The parties will mutually withdraw RS Defendants' Request No. 36 and Plaintiffs' Request No. 39.
2. RS Defendants will produce responsive, non-privileged documents in response to Request Nos. 1–3, 6, 12, 14, 15, and 32.
3. As to Request No. 35(d), RS Defendants will not withhold responsive documents that hit on the search terms on the basis of their objections.
4. Plaintiffs will include all Vessels in their search terms, consistent with Plaintiffs' position that all Vessels and Eletson Entities are relevant to this action.

**RS Defendants to Respond**

5. Request Nos. 4–5: whether RS Defendants accept the definition of "Withheld Documents" Plaintiffs proposed on October 7. RS Defendants otherwise agree to produce in response to these requests.
6. Request Nos. 17–23: confirmation that Reed Smith's accounting and matter-opening systems contain all of the information sought in these requests.
7. Request No. 33: whether RS Defendants will produce an organizational chart.
8. Mobile devices (to the extent the RS Defendants are seeking to add mobile devises as repositories): whether the RS Defendants' custodians use mobile devices for business communications.
9. Request No. 35(b)–(c): whether RS Defendants will provide a declaration addressing these requests.
10. Plaintiffs' Request No. 38 and RS Defendants' Request No. 4: whether RS Defendants agree to Plaintiffs' proposal that both sides produce in response to these requests.
11. Custodians: whether RS Defendants will add Rymer, Singer, Avdellas, Shachmurove, Borman, Irizarry, Semoy, Venugopal, Osei-Bonsu, Kaye, and Galibois.
12. Interrogatories: RS Defendants' response to Plaintiffs' concerns regarding RS Defendants' interrogatory objections.
13. Date ranges: please confirm the date range RS Defendants are applying to each request. Our understanding from the Responses and Objections, as modified by Marshall's September 26 letter, is that the RS Defendants are applying an end date of July 30, 2025 to Request Nos. 1–5 and 42, April 24, 2026 for Requests 10, 11, 12, 16, 31, 32, and July 8, 2025 to all other requests (to the extent you've agreed to produce in response to a request).

***Plaintiffs to Respond***

14. Request No. 37: Plaintiffs do not agree with your redacting of premium information in exchange for reservation of rights pages.
15. Interrogatories: We understand that Plaintiffs and the Reed Smith Defendants each have objections to the other side's interrogatory responses, some of which have been raised and others of which have not. Plaintiffs propose that both sides agree to defer any dispute over those objections, with all rights reserved to raise them, or any other objections, at a later date.

***Impasse***

16. Request No. 7: RS Defendants will produce only documents concerning the UniGas transaction, cease-and-desist letters, and the sale or Transfer of the Preferred Shares.
17. Request No. 8: RS Defendants will not produce.
18. Request Nos. 9, 10, 11, 13, 16, and 31: RS Defendants will produce only as to Eletson Gas, EMC Gas, and their subsidiaries.

19. Request Nos. 17–23: RS Defendants will not produce documents concerning representations before July 2022.
20. Request Nos. 24–28 and 30: RS Defendants will not produce.
21. Request No. 29: RS Defendants will not produce documents concerning Golden Energy or Oaktree, or dated before July 1, 2022.
22. Request Nos. 35(a), 36, 41, and 42: RS Defendants will not produce.
23. Request No. 40: RS Defendants will not produce the documents produced in the Bankruptcy.
24. Custodians: RS Defendants will not add Peter Kennedy or Daniel Booker.
25. Start date: RS Defendants will not search for documents dated before July 1, 2022.

Regards,
Michael

---

**From:** Freire, Andrew <AFreire@gibsondunn.com>
**Sent:** Thursday, October 15, 2026 12:17 PM
**To:** Matthew Roznovak <matthewroznovak@quinnemanuel.com>; Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from afreire@gibsondunn.com]**

---

Nate, Jen,

We are following up on several outstanding items from our September 17 meet and confer regarding Eletson's discovery responses. As memorialized in our September 19 email, Eletson agreed to follow up on the following:

1. **Hit reports.** Revised reports in Excel for both the @eletson.com and @eletsonholdings.com accounts, including per-term counts, family-inclusive counts, per-term unique hit counts, the total number of documents searched, and the collection date ranges.
2. **ESI disclosure.** Eletson's disclosure under Section III of the ESI Protocol, including clarification of the differences between the custodians identified in its response to Plaintiffs' Interrogatory No. 2 and those reflected in its hit reports.
3. **Data sources and date ranges.** Confirmation whether Eletson has any potentially relevant data sources within its possession, custody, or control beyond the two email environments, and the date ranges applied to its collections and searches, including the end date.
4. **Request No. 4.** Eletson's position on producing communications between Plaintiffs and Eletson, and an amended response stating whether responsive documents are being withheld.

We have not received an update on these items since mid-September and would appreciate your responses. Please let us know when you expect to provide these responses.

Best,

**Andrew Freire**
Associate Attorney

T: +1 212.351.5202
AFreire@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Matthew Roznovak <matthewroznovak@quinnemanuel.com>
**Sent:** Friday, October 9, 2026 9:15 PM
**To:** Freire, Andrew <AFreire@gibsondunn.com>; Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall, Andrew et al.,

Please see responses to your email inline in blue font.

Regards,
Matt

**Matthew Roznovak**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

300 W. 6th Street
Austin, TX 78701
+1 737-667-6112 Direct
+1 737 667 6100 Main Office Number
+1 737 667 6100 FAX
+1 281 881 5333 Mobile
matthewroznovak@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Quinn Emanuel Urquhart & Sullivan UK LLP operates as a limited liability partnership registered in England and Wales (with registered number OC337278) and is authorised and regulated by the Solicitors Regulation Authority. A list of members and their professional qualifications is open to inspection at our registered office, One Fleet Place, London EC4M 7RA. We operate in association with the US limited liability partnership of Quinn Emanuel Urquhart & Sullivan LLP, which is organised under the laws of the State of California, USA.

---

**From:** Freire, Andrew <AFreire@gibsondunn.com>
**Sent:** Wednesday, October 7, 2026 9:05 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from afreire@gibsondunn.com]**

---

Counsel:

We write in response to your October 2 email regarding Plaintiffs' responses to the RS Defendants' discovery requests and Plaintiffs' ESI disclosures. To the extent we have not addressed particular items, we are still reviewing and considering our position and we will follow up. Nothing here is exhaustive, and the RS Defendants reserve all rights.

**PLAINTIFFS' RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS**

**RS Defendants' Requests For Productions and Interrogatories**

We appreciate Plaintiffs' agreement to produce in response to several of the RS Defendants' requests.

**Requests Nos. 12-20.** For each of these requests, where Plaintiffs indicated that they were "willing to meet and confer in an effort to understand what documents are being requested beyond those that were produced in Relevant Proceedings," we understand, based on your September 18 email, that Plaintiffs will conduct searches and produce responsive documents, subject to agreement on search terms, custodians, and date ranges. *See* Issue # 20 ("You asked generally whether Plaintiffs are conducting new collections and searches regarding the matters previously adjudicated in the arbitration. To clarify our response: As you can see, the search terms, custodians, and date ranges proposed by Plaintiffs contemplate new collections and searches."). If our understanding is incorrect, please say so. We are attaching proposed search parameters for Plaintiffs' documents. These requests were never raised in any meet and confer (despite the many hours we met and multiple opportunities to raise it) or any of our previous email exchanges. We can agree to produce documents that are responsive to these requests to

the extent they hit on the previously-agreed to search terms, but we do not understand the basis for your request to run the long list of additional search terms you proposed.

**Request No. 34 (the Paragraph 70 proceedings).** The RS Defendants accept Plaintiffs' agreement to produce in response to Narrowed Request (A) and, in the interest of compromise and without waiving their position, will not pursue Narrowed Request (B). Ok.

**Requests Nos. 24 through 28, 31, and 32 (allegation-based requests).** In your September 25 email, Plaintiffs invited the RS Defendants to identify anything specific that would not be covered by other requests. Without waiving our position that these Requests are proper as drafted, Plaintiffs should, at a minimum, produce: (i) as to Request No. 24, documents sufficient to show which acts Plaintiffs attribute to each of the four RS Defendants, and when; (ii) as to Request No. 25, the engagement, retention, and related documents in Plaintiffs' possession on which Plaintiffs rely for the alleged attorney-client relationship and fiduciary duty; (iii) as to Request No. 26, documents showing when Plaintiffs learned of each statement they allege was false; (iv) as to Request No. 28, the bank records, invoices, and payment authorizations concerning the alleged diversion of Gas or EMC funds to pay Reed Smith; (v) as to Request No. 31, any document Plaintiffs contend evidences an agreement among Defendants; and (vi) as to Request No. 32, documents concerning causation and damages on Count 7. Please let us know whether Plaintiffs will produce these categories or whether we are at an impasse. We do not agree to (i), (iii), (v), and (vii), which are improper contention interrogatories. The same is true as to (ii), although we would consider a request for relevant engagement, retention, and related documents to be identified with search terms. We are confirming but believe (iv) is ok.

**Previously produced documents.** Rommy and Andrew are available to meet with Michael and Matt on Friday from 10AM-12PM. Will have to be next week. We can discuss after our to-be-scheduled meet and confer.

**Interrogatory Responses.** Defendants note that Plaintiffs expect to supplement their interrogatory responses; please let us know when. We can discuss timing at our meet and confer and will expect Reed Smith to supplement its responses on the same schedule.

**<u>Plaintiffs' ESI Disclosure And Search Terms</u>**

**Custodians.** For the reasons set out in our September 26 letter, the RS Defendants continue to believe that both Mr. Fenttiman and Mr. Hassett are appropriate custodians. Nonetheless, in the interest of narrowing the issues, the RS Defendants accept Plaintiffs' proposal to collect and review Mr. Fenttiman's documents in exchange for the RS Defendants withdrawing their request as to Mr. Hassett, on the following understandings: (1) Mr. Fenttiman's documents will be searched using the same negotiated search terms and date range that apply to Messrs. Spears and Lichtenstein; (2) the RS Defendants reserve the right to revisit Mr. Hassett should Plaintiffs' productions indicate that he holds relevant, non-duplicative documents. Ok.

**Elliott Bistricer.** Based on Plaintiffs' representation that Mr. E. Bistricer did not begin working on Levona-Eletson matters until early 2025, the RS Defendants will not press for an earlier start date for his collection at this time, but reserve the right to revisit the issue should the record indicate earlier involvement. Ok.

**Control of Murchinson server.** In our meet and confer calls, and in its ESI Disclosure, Plaintiffs have taken the position that they lack "possession, custody, or control" of documents on the Murchinson server, while nevertheless agreeing to obtain some of those documents. Please explain the factual basis for Plaintiffs' position. If there is a corporate document that supports that position, please produce it. If it is your position that Levona only has possession, custody and control over documents currently on Murchinson's servers that Murchinson willingly shares with Levona, please explain the basis for Murchinson providing Levona with some documents and not others, and any document providing the basis for making such a distinction. As repeatedly explained in writing and in our meet and confers with your firm and Reed Smith, and as previously litigated before Judge Liman in the Vacatur Proceeding, Levona has control of its own documents insofar as they are stored on Murchinson servers but does not have control of non-Levona documents on Murchinson servers.

**RS DEFENDANTS' RESPONSES TO PLANTIFFS' DISCOVERY REQUESTS**

**Request No. 4**. We received Plaintiffs' proposed list of "Withheld Documents" a few hours ago. The RS Defendants will evaluate the amended definition and revert. Ok.

**Request No. 8**. In addition to the fact that the request seeks documents that are irrelevant and the other objections the RS Defendants have raised, the RS Defendants do not think it is appropriate to ask lawyers to ask their clients to waive confidentiality, especially for matters in which they are not involved.

**Request No. 12**. The RS Defendants agree that the limitation to Eletson Gas and EMC Gas is not meant to exclude anything as to the Symi and Telendos. Ok, so please confirm that you do not intend to withhold any documents on the basis of your objections.

**Request Nos. 17-23**. The RS Defendants will no longer limit our response to these requests to matters for Gas or one of its subsidiaries, or for an Eletson Entity relating to disputes concerning Gas or its subsidiaries. The RS Defendants will produce non-privileged responsive documents for all Eletson Entity matters beginning with the Arbitration representation in July 2022 that hit on the negotiated search terms, supplemented by information from Reed Smith's accounting and matter opening systems. We do not agree to your exclusion of representations before July 2022. As to representations after July 2022, we suspect your proposal is ok but are hamstrung because we do not know what is and is not included in "Reed Smith's accounting and matter opening systems," and whether other relevant "systems" or repositories exist; that said, if you can represent that all of the information requested in RFPs 17-23 is contained in and expected to be produced from the "accounting and matter opening systems" supplemented by the agreed search terms, we will accept that subject to a reservation of rights to revisit the issue if the representation proves incorrect. Please let us know.

**Request No. 29**. The RS Defendants agree to search for and produce documents concerning conflicts checks for the matters responsive to Requests Nos. 17-23. We disagree on the date limitation and the party limitation. Please let us know if we are at an impasse.

**Request No. 33**. The RS Defendants will produce a copy of the 2025 audited financial statements for Reed Smith LLP (England & Wales) on file with Companies House, which (in addition to the information provided by Mr. Weller in his declaration) provides information concerning the relationship between Reed Smith LLP (England & Wales) and Reed Smith LLP (Delaware). Should Plaintiffs require additional information after receipt, we are willing to meet and confer regarding additional information Plaintiffs may require if you are able to specify more precisely what information you need. Can you please provide

an organizational chart as well? We can agree to audited financial statements and the organizational chart with reservation of rights.

**<u>Request No. 35</u>**. For subparts (b) and (c), the RS Defendants are willing to produce a list of registered offices of Reed Smith LLP (England & Wales) that is maintained with the Solicitors Regulation Authority. Beyond that, the RS Defendants do not know what could be produced that is sufficient to identify the *absence* of general contacts with the United States. The RS Defendants expect that they will have produced documents responsive to subpart (d) through their agreement to produce documents responsive to other requests, including time records. Is Reed Smith (Reed Smith LLP (England and Wales)) representing that it has no "bank accounts, brokerage accounts, real property, or receivables of Weller or Reed Smith LLP (England & Wales) within the jurisdiction of the United States, including any accounts held at institutions with a presence in the United States"? Same question with respect to (c). On (d), can you please explain what you mean? Are you willing to represent that you will search for documents sufficient to show or not?

**<u>Request No. 37.</u>** The RS Defendants have reconsidered their position regarding insurance policies and as a compromise will agree to produce all of the policies (with premium information redacted) and the reservation of rights letters. Please let us know if that is agreeable. We do not understand the basis for redacting premium information; please let us know. Otherwise, please confirm you will be producing all of the documents sought in the request and, if not, the basis for your objection.

**<u>Request No. 40 and "documents produced in the main bankruptcy case."</u>**: Blunderbuss requests for all documents produced in discovery in other proceedings are inappropriate. *See, e.g., City of New York v. Magellan Tech., Inc.*, 2026 WL 2111846, at *1 (S.D.N.Y. July 22, 2026) (denying discovery request for "all deposition transcripts, filings, and discovery productions" in other proceedings because "[r]equests for all documents produced in another litigation are inherently overboard."); *Pegoraro v. Marrero*, 281 F.R.D. 122, 132 (S.D.N.Y. 2012). Nevertheless, the RS Defendants are compiling a list of the proceedings in which the RS Defendants received productions of documents in discovery. At a minimum, that list includes: (1) 2023 JAMS Arbitration; (2) the Bankruptcy; (3) Vacatur Proceeding; and (4) Holdings Adversary Proceeding. The documents produced in the Bankruptcy are subject to a protective order, as you are already aware. Documents produced in the four closely related proceedings you just mentioned obviously do fit into the category of "blunderbuss requests" contemplated by *Magellan*. We are aware of the protective order in the main bankruptcy case and would be willing to work with you to seek waiver from the producing party to allow for production, but we need to understand Reed Smith's position with respect to the documents Plaintiffs do not have access to that were produced in that proceeding.

**<u>Personal Files</u>**. Mr. Weller does not have any personal files relating to his Eletson work. Mr. Solomon has a collection of binders on various topics, the contents of which all exist in electronic form among the sources of data that we have agreed to search. The selection of documents for his binders is protected by the attorney work product doctrine. Given that the documents from the binders will be produced if they hit on search terms and are responsive to your other document requests, we see no reason that we should be required to log the binders. Mr. Solomon has no other personal files relating to his Eletson work. Ok.

**<u>Total Documents and Review Population</u>**. Once the parties have aligned as to custodians and search terms, RS Defendants will provide this information.

**<u>Definition Objections 6 (“Eletson Entity” or “Eletson Entities”) and 10 (“Lawyer” or “Lawyers”)</u>**. The RS Defendants are not withholding documents based on the objections to the definitions. Ok, thank you.

**<u>Definition Objection 3 (“Calendar Files” or “Call Logs”)</u>**. The RS Defendants are not withholding documents based on the objections to the definitions. Ok, thank you.

**<u>GDPR</u>**: Based on their knowledge to date, the RS Defendants do not think GDPR will affect any productions. We will advise you if this changes. Ok, thank you.

**<u>Definition Objection 7 (“Escrow Agreement”)</u>**. The RS Defendants are not withholding documents based on the objections to this definition. Ok, thank you.

**<u>Custodians</u>**. Peter Kennedy and Daniel Booker have acted solely as counsel to Reed Smith. The RS Defendants stand on their objections to including them as custodians. However, the RS Defendants agree to include the Digital File in our searches. Regarding the other custodians you requested in your email from earlier this evening (including Paul Singer and Philip Rymer), the RS Defendants request a short explanation of why you believe each particular custodian is appropriate to include. We will consider and revert. As to Mr. Kennedy and Mr. Booker, documents produced in the Vacatur Proceeding indicate that both participated in legal strategy meetings with counsel to the Intervenors, in connection with the Intervenors' effort to oppose vacatur of the Award. We do not understand how those documents are consistent with your representation that they have acted solely as counsel to Reed Smith. Mr. Singer billed more hours than any other RS partner other than Mr. Solomon in the Eletson bankruptcy and bondholder litigation. Mr. Rymer appears on various invoices related to Eletson matters, including as recently as 2025 regarding Reed Smith’s purported clients’ improper assertion of control over Eletson Gas’s Kithnos vessel. Mr. Rymer was also involved in various communications with the vessel financiers, which go to core issues in the case.

**<u>Start Date</u>**. The RS Defendants have no reason to believe that any relevant communications occurred prior to July 1, 2022. If you have reason to believe otherwise--whether based on access to the Eletson server or otherwise--please advise. A relevant document in Reed Smith’s possession ought not be withheld from production merely because it was prepared before Reed Smith was engaged in the arbitration, especially because Reed Smith’s work in the arbitration necessarily involved events that predated its engagement. Moreover, as previously discussed, Reed Smith’s relationship with the Individual Defendants and Eletson pre-dates July 1, 2022; Reed Smith’s documents and communications before being hired to represent Eletson in the arbitration thus at minimum go to Reed Smith’s motives and financial interest.

**<u>End Date</u>**. The requests for which the RS Defendants have indicated an end date of July 30, 2025 (Request Nos. 1-5) all relate to events that pre-date that deadline by years. While Plaintiffs are entitled to reasonable and proportionate discovery regarding time periods that post-date the relevant events, July 30, 2025 is long after those events and is more than sufficient to capture relevant documents. By no later than July 30, 2025, documents discussing the subjects of those requests are overwhelmingly likely to be privileged. We disagree and are clearly at an impasse.

**<u>Interrogatory No. 1</u>**. The RS Defendants agree that the names of witnesses alone do not disclose privileged information, and we have not withheld any names on that basis. With the exception of persons whose sole role was acting as counsel for Reed Smith, we have identified witnesses with knowledge of information relevant to the subject matter of the action. If the RS Defendants conclude at some point

that a supplemental response is required, they will provide one. Please let us know if you plan to respond to the other objections to your interrogatory responses raised in our Oct. 7 email.

Regards,

**Andrew Freire**
Associate Attorney

T: +1 212.351.5202
AFreire@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Wednesday, October 7, 2026 6:26 PM
**To:** King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; matthewroznovak@quinnemanuel.com; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Thanks, Marshall.

As a follow up to our email on Friday, please see some updates below.

1. As to the definition of Withheld Documents, we request that you include in the definition the following additional documents in the attached excel (in addition to those already included in our RFP) and any drafts, iterations, or other versions of those defined documents thereof. Please note that documents in the same row are part of the same family.
2. As to custodians:
    a. Please confirm that you are agreeing to include the digital file and Sally-Ann Underhill as custodians in response to both sets of Plaintiffs' RFPs.
    b. We understand the parties are at impasse regarding Plaintiffs' request to add Daniel Booker, Philip Rymer, Peter Kennedy, and Paul Singer.
    c. As to your stated willingness to consider adding names beyond those to which you've already agreed, please let us know whether you would agree to the add the following (and, to the extent you do not agree, please explain why):
        i. George Avdellas
        ii. Amir Shachmurove

iii. Alexander Borman
iv. Alexandra Irizarry
v. Shamalla Semoy
vi. Karunya Venugopal
vii. Derek Osei-Bonsu
viii. Zachary Kaye
ix. Michael Galibois

Please let us know your availability to meet and confer tomorrow or Friday regarding a few more follow up items on our side and the responses that you mentioned you would be sending today.

Thank you.

Regards,
Michael

---

**From:** King, Marshall R. <MKing@gibsondunn.com>
**Sent:** Tuesday, October 6, 2026 5:27 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; Freire, Andrew <AFreire@gibsondunn.com>; Matthew Roznovak <matthewroznovak@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from mking@gibsondunn.com]**

---

Michael:
Just wanted you to know that we are pulling together an update/response for you, with the goal of getting you something tomorrow.

**Marshall R. King**
Partner

T: +1 212.351.3905 | M: +1 201.788.4374
MKing@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Friday, October 2, 2026 4:37 PM
**To:** Freire, Andrew <AFreire@gibsondunn.com>; matthewroznovak@quinnemanuel.com; King, Marshall R. <MKing@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores,

Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Marshall,

Thanks for your September 26 letter. Our response is below, organized into finalized positions (including where we agree we're at an impasse), items we're still waiting to hear back on, other open issues, and Plaintiffs' follow-ups. Plaintiffs reserve all rights.

## I. FINALIZED POSITIONS

### A. Plaintiffs' Requests To The RS Defendants

1. *Plaintiffs' RFPs*
   - Nos. 1, 2, and 3. The RS Defendants will search for and produce responsive, non-privileged documents.
   - Nos. 4 and 5. We can accept limiting "Withheld Documents" to the documents identified in subsection (a) of the definition, provided subsection (a) is expanded to include a more complete list, which we'll send, along with drafts and other iterations of those documents. Please confirm. On No. 4, we reserve rights as to the exclusion of review coding, tagging, and associated notes.
   - No. 6. The RS Defendants will produce responsive, non-privileged documents without the limitation to England, Wales, and Greece.
   - No. 7. The RS Defendants will produce documents concerning the UniGas transaction, the cease-and-desist letters, and any actual, contemplated, attempted, or purported sale or Transfer of the Preferred Shares. We disagree that transfers of the Eletson Entities are irrelevant, and we're therefore at an impasse on the remainder.
   - No. 8. We don't agree the documents aren't relevant, and we're at an impasse.
   - Nos. 9, 10, 11, and 13. The RS Defendants will produce as these requests relate to Eletson Gas, EMC Gas, and their subsidiaries. We're at an impasse as to the other Eletson Entities. At minimum, the conduct was an integrated scheme and it appears corporate formalities weren't observed.
   - Nos. 14 and 15. The RS Defendants will search for and produce responsive, non-privileged documents.
   - No. 16. The RS Defendants will produce as to vessels owned by Eletson Gas, EMC Gas, or their subsidiaries. We're at an impasse as to the other vessels, for the same reasons as Nos. 9–11 and 13.
   - Nos. 24–28 and 30. We agree we're at an impasse.
   - No. 31. The RS Defendants will produce as to Eletson Gas, EMC Gas, and their subsidiaries, covering all subparts. We're at an impasse as to Eletson Holdings and Eletson Corp.
   - No. 32. The RS Defendants will search for and produce responsive, non-privileged documents.
   - No. 34. We're at an impasse.
   - No. 35(a). We're at an impasse. *See* Section II on subparts (b)–(d).
   - Nos. 36, 37, 38, 41, and 42. We're at an impasse.
2. *Other Discovery*

- End date. April 24, 2026 for Nos. 10, 11, 12, 16, 31, and 32. *See* Section III.1 on the remaining requests.
- Custodians. Thank you for agreeing to add Sally-Ann Underhill. *See* Section III.1 regarding our demand for additional custodians.
- Previously resolved: the "Concerning" capitalization point, General Objection 22 (not withholding documents on the basis of the objection), and logging of English-law privilege claims.

B. **The RS Defendants' Requests To Plaintiffs**

1. *RS Defendants' RFPs*
   - Nos. 1, 2, 3, and 5. Plaintiffs will produce documents sufficient to show, as described in our responses. On No. 5, Eletson will provide its own ownership and control information.
   - Nos. 6 and 7. Plaintiffs will produce responsive, non-privileged documents dated from the Effective Date through the filing of this action.
   - No. 10. Plaintiffs will produce responsive, non-privileged documents that hit on the negotiated search terms.
   - Nos. 21, 22, and 23. Plaintiffs will produce responsive, non-privileged documents.
   - No. 29. As we said in our September 25 email, Plaintiffs will produce responsive, non-privileged documents that hit on the negotiated search terms, under the request as you originally served it.
   - No. 30. Plaintiffs will produce responsive, non-privileged documents that hit on the negotiated search terms.
   - No. 34. We're OK with the narrowed request (A), assuming you're not asking us to collect documents beyond what we agreed to. We stand on our objections to (B), as to which we're at an impasse including because it's an allegation-based request of the kind addressed in our September 25 email, it calls largely for privileged material, and much of what it seeks is in the RS Defendants' own possession.
   - No. 35. Plaintiffs will search for and produce responsive, non-privileged documents under your modified request, using the negotiated search terms.
2. *Other Discovery*
   - Elliott Bistricer date range. Plaintiffs can confirm that Mr. E. Bistricer did not begin working on Levona-Eletson matters until early 2025, so collection from 1/1/24 more than covers any relevant information. To the extent you have any reason to believe otherwise, Plaintiffs are willing to discuss.
   - Vessel search terms. We'll add Kithira and "Curious Joel," which were Eletson Gas vessels. We will respond next week whether we will include the other vessel names in our search terms.

## II. STILL AWAITING A RESPONSE FROM RS

1. *Plaintiffs' RFPs*
   - No. 8. You haven't told us whether you'll ask Golden Energy and Oaktree, or the Court, for leave to produce notwithstanding the ethics rules you've cited in your R&Os.
   - No. 12. What is the Gas/EMC Gas limitation meant to exclude as to the Symi and Telendos? To the extent you intend to withhold documents on the basis of that objection, we're at an impasse.
   - Nos. 17–23. Your letter says you're still considering scope.

  - On No. 18, we understand from Andrew's September 22 email that you'll produce engagement letters, retention letters, and documents showing the scope, terms, and dates of the engagements.
- No. 29. Please let us know on the Eletson conflicts materials. As to conflicts checks for other clients, it sounds like we're at an impasse; let us know if that's not your understanding.
- No. 33. We need your proposal; otherwise we're at an impasse.
- No. 35. We understand we're at an impasse on subpart (a). Please let us know on subparts (b) and (c), and confirm your position on subpart (d), which your letter didn't address.
- No. 40. In which proceedings did the RS Defendants receive documents, and what is the basis for withholding them?

2. *Other Items (most open since September 17)*
   - Whether Messrs. Weller's and Solomon's personal files are being searched, and by whom.
   - Total document volume, review population, and size of the universe searched.
   - General Objections 6 ("Eletson Entity") and 10 (other Lawyers). Please let us know whether you intend to withhold documents based on these objections and if so, the basis for doing so.
   - Whether anything is being withheld based on your objection to the "Calendar Files" and "Call Logs" definitions.
   - Whether GDPR will affect production of any agreed categories.
   - Your objection to including drafts and related documents in the "Escrow Agreement" definition.
   - Documents produced in the main bankruptcy case (No. 23-10322) that Plaintiffs do not have.

## III. OTHER ISSUES

1. *Plaintiffs' Demands*
   - Custodians. At a minimum, we need Paul Singer, Peter Kennedy, Daniel Booker, Philip Rymer, and the digital file, in addition to Ms. Underhill. We will follow up in writing with a complete list of custodians that Plaintiffs believe should be included.
   - Start date. Reed Smith was engaged with Eletson well before July 1, 2022, so for that reason and others discussed we don't agree to that start date. Please let us know if we're at an impasse.
   - End date. We need the same April 24, 2026 end date for the remaining requests. The July 2025 dates you've proposed are keyed to Eletson's suit against Reed Smith, not Plaintiffs' claims. Please let us know if we're at an impasse.
2. *Plaintiffs' Responses To RS Demands & Proposals*
   - Hassett and Fenttiman. Although we continue to believe our existing position is appropriate, solely in an effort to narrow the issues, Plaintiffs will collect and review Mr. Fenttiman's documents, using the same procedures outlined for Messrs. Lichtenstein, Spears, and Bistricer (because Plaintiffs do not have possession, custody, or control over his documents) if the RS Defendants drop their request as to Mr. Hassett. As discussed, Mr. Hassett is an independent contractor who works for multiple companies, presenting unique burdens.
   - EMC Gas custodian. We haven't designated an EMC Gas custodian including because Reed Smith and its former clients are improperly withholding EMC Gas's documents.
   - Litigation holds and preservation (Plaintiffs' No. 39; RS's No. 36). We don't necessarily agree with your legal position on No. 39, but it at least has to be considered alongside your own request for the same material. Plaintiffs are willing to drop No. 39 if the RS Defendants drop their No. 36.

- Prior productions. Matt Roznovak and I will be Plaintiffs' designees. We can meet with Rommy and Andrew early next week.
- Counsel for Murchinson and Ace148, who we understand is undertaking a process to segregate Plaintiffs' materials from non-Plaintiffs' materials, is John Elliott, Esq., Sichenzia Ross Ference Carmel LLP, 1185 Avenue of the Americas, New York, New York 10036, (Tel: 212-930-9700).

3. *RS Defendants' Interrogatory Responses*
   - Your response to our Interrogatory No. 1 leaves out people with relevant information, including at least the five attorneys we identified who aren't on your list. Please explain the basis for excluding those five attorneys and whether you will provide a supplemental response.
   - Please also explain the basis for your objections to topics (h), (n), (o), (q), (z), (aa), (bb), (cc), (dd), (ee), (gg), (jj), (kk), (ll), (mm), (nn), (oo), (qq), (rr), (ss), and (tt) in Interrogatory No. 1, as further explained below.
     - As to (h), please explain how disclosure of witness names could violate privilege, and whether you have sought the permission of Golden Energy to disclose. Please also explain how the disclosure of Reed Smith personnel would violate privilege or confidentiality.
     - As to (n), (o), and (q), please identify which "unrelated non-party clients" RS owes obligations to with respect to these topics; please also identify whether you withheld the names of any RS personnel and the basis for doing so.
     - As to (z) and (gg), please explain how the identification of witnesses would violate privilege; please also explain how non-party individuals would have knowledge concerning RS's collection efforts in this matter and would not be "relevant to any party's claim or defense."
     - As to (aa), please explain how the identity of witnesses is "confidential and private financial information of individuals."
     - As to (bb), please explain how the identity of witnesses with information concerning consequences Plaintiffs suffered as a result of the conduct at issue is not relevant; please also explain how the disclosure of witnesses with relevant information would implicate "the confidences of clients, former clients, and non-parties."
     - As to the remainder of objections on categories upon which you object, please provide an explanation for each of the following: (a) how disclosure of witness names could violate privilege or work product, (b) whether you sought the consent of third parties to disclose purportedly confidential information, (c) how witness names could be "confidential and competitively sensitive information," (d) how seeking individuals with information concerning Mr. Weller's and RS (England and Wales)'s contacts would be impermissible if plenary discovery has commenced and both have put the Court's jurisdiction at issue in their motion to dismiss, and (e) how individuals with information concerning Messrs. Weller's and Solomon's professional conduct are not relevant when Plaintiffs seek damages for claims of legal malpractice.
     - Plaintiffs reserve all rights with respect to RS's Interrogatory Responses.
   - We'll follow up in writing concerning other deficiencies.

## IV. PLAINTIFFS' FOLLOW UP

- We'll send the expanded subsection (a) list for "Withheld Documents" (Nos. 4 and 5).
- We will follow up regarding vessel names to be included in search terms.
- We will follow up with list of custodians.
- We'll follow up on your Request No. 4.

- Consistent with your request, we expect to supplement our response to Interrogatory No. 1 to identify individuals not currently included in our Rule 26(a) disclosure.
- We'll provide updated hit reports showing unique hits per term, and the size of the universe searched.
- We'll follow up on mobile devices and messaging data.

Please let us know your availability to discuss the pending items on Monday or Tuesday next week.

Regards,
Michael

---

**From:** Freire, Andrew <AFreire@gibsondunn.com>
**Sent:** Saturday, September 26, 2026 11:02 AM
**To:** Matthew Roznovak <matthewroznovak@quinnemanuel.com>; Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores, Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from afreire@gibsondunn.com]**

---

Counsel,

Please see the attached correspondence.

Regards,

**Andrew Freire**
Associate Attorney

T: +1 212.351.5202
AFreire@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Matthew Roznovak <matthewroznovak@quinnemanuel.com>
**Sent:** Friday, September 25, 2026 8:07 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; King, Marshall R. <MKing@gibsondunn.com>; Freire, Andrew <AFreire@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <NHart@gibsondunn.com>; Flores,

Rommy <RFlores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Counsel:

Pursuant to the ESI Order in this action (ECF 81), please see attached Plaintiffs' counterproposal (columns G-I) to the RS Defendants' proposed search terms.

Regards,
Matt

**Matthew Roznovak**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

300 W. 6th Street
Austin, TX 78701
+1 737-667-6112 Direct
+1 737 667 6100 Main Office Number
+1 737 667 6100 FAX
+1 281 881 5333 Mobile
matthewroznovak@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Quinn Emanuel Urquhart & Sullivan UK LLP operates as a limited liability partnership registered in England and Wales (with registered number OC337278) and is authorised and regulated by the Solicitors Regulation Authority. A list of members and their professional qualifications is open to inspection at our registered office, One Fleet Place, London EC4M 7RA. We operate in association with the US limited liability partnership of Quinn Emanuel Urquhart & Sullivan LLP, which is organised under the laws of the State of California, USA.

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Friday, September 25, 2026 4:21 PM
**To:** King, Marshall R. <mking@gibsondunn.com>; Freire, Andrew <afreire@gibsondunn.com>; CMcCracken@gibsondunn.com; 'ralbert@maglaw.com' <ralbert@maglaw.com>; Wilson, C. Lee <clwilson@gibsondunn.com>; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Adams, Anna <aadams@maglaw.com>; Hart, Nancy <nhart@gibsondunn.com>; Flores, Rommy <rflores@gibsondunn.com>; Walner, Kate <KWalner@gibsondunn.com>; 'eabramowitz@maglaw.com' <eabramowitz@maglaw.com>
**Cc:** Matthew Roznovak <matthewroznovak@quinnemanuel.com>; Isaac Nesser <isaacnesser@quinnemanuel.com>; William Adams <williamadams@quinnemanuel.com>; Daniel Kelly <danielkelly@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Furey, Jennifer <jfurey@goulstonstorrs.com>; Berger, Rae <rberger@goulstonstorrs.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Counsel,

Our responses to your September 19 and September 22 emails are below in red.

Regards,
Michael

---

**From:** Freire, Andrew <AFreire@gibsondunn.com>
**Sent:** Tuesday, September 22, 2026 9:35 PM
**To:** Matthew Roznovak <matthewroznovak@quinnemanuel.com>; Michael Wittmann <michaelwittmann@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Flores, Rommy <RFlores@gibsondunn.com>; Isaac Nesser <isaacnesser@quinnemanuel.com>
**Cc:** Walner, Kate <KWalner@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Hart, Nancy <NHart@gibsondunn.com>; Furey, Jennifer <JFurey@GOULSTONSTORRS.com>; eabramowitz@maglaw.com; Berger, Rae <rberger@goulstonstorrs.com>; QE-Levona <qe-levona@quinnemanuel.com>; aadams@maglaw.com; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; ralbert@maglaw.com; Daniel Kelly <danielkelly@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

**[EXTERNAL EMAIL from afreire@gibsondunn.com]**

---

Counsel:

We write to confirm our understanding of the principal takeaways and follow-up items from the September 20 and September 22, 2026 meet and confers concerning Plaintiffs' and the RS Defendants' responses and objections to the August 7, 2026 discovery requests. For ease of reference, we continue the numbering from our September 19 email. If your understanding differs in any respect, please let us know promptly. The RS Defendants reserve all rights.

Neither call addressed Eletson's responses and objections. We await Eletson's responses to the items identified in our September 19 email.

**I. SEPTEMBER 20 CALL: PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE RS DEFENDANTS' REQUESTS**

41. Request No. 29 (communications with Oaktree, the OCM Maritime entities, the Financiers, and other third parties concerning the Vessels). Plaintiffs stated that they will not produce as drafted, objecting that "any other third parties" is overbroad and that much of the responsive material is held by Reed Smith or its former clients. Plaintiffs indicated that they could agree to a set narrowed by subject matter and counterparty, but declined to propose one. The RS Defendants believe the request is proper as drafted because documents regarding the vessels at issue are relevant, and Defendants cannot know all the third parties to whom Plaintiffs sent communications. But Defendants will nevertheless consider whether any narrowing is possible; absent agreement, we understand the parties to be at an impasse. Plaintiffs agree to produce responsive and non-privileged documents, to the extent they hit on the to be negotiated search terms.

42. Request No. 30 (the Escrow Agreement, the $3,887,129.98 payment, and the arrest and release of the Symi). Plaintiffs stated that they will not produce any documents in response to this request, on the view that the subject is the RS Defendants' and their former clients' conduct and that any responsive material Plaintiffs hold is privileged or work product. Plaintiffs also object that the Request improperly

combines the Escrow Agreement with the arrest and release of the Symi and the change of technical manager; our position is that these are aspects of the same transaction. Plaintiffs agreed to provide further detail on what a reasonable investigation is expected to show and to revert. Our position remains that Plaintiffs must search, produce responsive non-privileged documents, and log anything withheld. We will get back to you.

43. Request No. 34 (the proceedings identified in Paragraph 70 of the Amended Complaint). Plaintiffs stated they will not produce any documents in response to this request. Defendants' position is that Paragraph 70 of the Amended Complaint alleges damages caused by enumerated proceedings, and puts the business impact of those proceedings at issue. Plaintiffs indicated that they believe a substantial number of responsive documents would be privileged and asked Defendants to narrow the request. Defendants will consider if narrowing is possible. Ok.

44. Request No. 35 (mitigation). Plaintiffs objected that the Request is too broad as drafted, but indicated that they would be prepared to produce documents concerning concrete efforts of the kind we described, including efforts to recover the Vessels. The RS Defendants will include proposed language in the written follow-up. Ok.

45. Request No. 4 (funding, direction, control, and sharing of proceeds). Plaintiffs stated their belief that no informal or unwritten arrangements exist, and that documents concerning payment of the legal fees would be a different and objectionable request. Our position is that who funded, controlled, and will be paid by the various proceedings is relevant to damages, adversity, and other issues. Plaintiffs will review the Request again and revert. We will get back you.

46. Request No. 5 (common ownership and control; organizational charts). Plaintiffs will produce documents sufficient to show the current owners, officers, and directors of Levona Holdings Ltd., Eletson Gas LLC, and EMC Gas Corp., but state that they have no documents showing the overlap with Reorganized Holdings and are not obligated to perform that comparison. Eletson's counsel clarified that Eletson will provide ownership and control information for its organizations for the whole period from the Effective date to present (to the extent it changed). Ok.

47. The parties agreed to address search terms in writing. The RS Defendants will serve a proposed term list and ask that Plaintiffs run it and provide a hit report reflecting, consistent with ECF 81 § IV(d)(i), per-term hit counts, per-term unique hit counts, counts with and without attachments and as families, the total number of documents searched, the collection date range applied, the deduplication and email-threading methodology, and the list of terms returning no hits. We reserve our remaining comments on Plaintiffs' Appendix 1 for that submission. Plaintiffs will consider the request and comply with the requirements of the ESI protocol entered in this case.

48. Vessel names. Plaintiffs' terms use 18 vessel names while Eletson's use 27, adding Fourni, Sifnos, Kastos, Arion, Kimolos, Zevulun, Kinaros, Kithira, and "Curious Joel." Mr. Nesser initially responded that the difference is because Plaintiffs control Eletson, and Mr. Wittmann stated that he believed it relates to which entity owns which vessels and that Mr. Roznovak, who was not on the call, would answer. Please do so. Not sure what you mean about what Isaac said, and cannot speak for Eletson Holdings or Eletson Corp., but we will get back to you concerning the vessel search terms.

## II. SEPTEMBER 20 CALL: THE RS DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS

49. Introductory clauses and subparts. Plaintiffs raised, across their Requests, that our responses address certain subparts without stating a position on the introductory "all Documents Concerning" clause, and in places quote language extracted from a subpart rather than responding to it as written. There was no intention to be vague, and the RS Defendants will clarify in writing what they have agreed to search for and produce. Ok.

50. Request No. 1. Plaintiffs ask that we reconsider the carve-outs at subparts (a) and (f), noting that subpart (f) is close to the relief Judge Liman granted on Plaintiffs' motion to compel in a separate proceeding. The RS Defendants will revert; our present view is that the category implicates substantial privileged and work product material. Our understanding was that RS would withhold not documents based on objection to the meaning/definition of the Purchase Option, BOL, LLCA, or FAL, and will produce or log responsive documents regardless. Please confirm if that's correct.

51. Request No. 2. The same issue as to subparts (c), (d), and (f). The RS Defendants will revert. Ok.

52. Requests Nos. 3 and 4. Plaintiffs contend these track Judge Liman's decision on their motion to compel in the Vacatur Proceeding. Our position is that counsel's collection, review, and production decisions are quintessential work product, though we have agreed to run search terms and produce responsive, non-privileged documents. We do not anticipate an issue as to subpart 4(a) and will confirm our position on the remaining subparts. Our understanding was that you were going to review Judge Liman's motion to compel ruling with respect to all aspects of the two requests, and in any event did not object to logging all documents over which RS asserts privilege. Is that correct?

53. Request No. 5. The RS Defendants will run agreed search terms and review the results; the limitation in the response is directed at privileged material. We will clarify our position as to the subparts. We had understood that RS agreed that they are searching for and will produce or log documents responsive to each subheading, and that this extends to any Relevant Proceeding. And only that they will follow up regarding the scope of the defined term "Withheld Documents." Is that correct?

54. Request No. 6. Plaintiffs object to the limitation to the English and Greek confirmation and enforcement proceedings, noting that materials in the other proceedings, including BVI attachment proceedings, are not public and in some instances are subject to protective orders. The RS Defendants will revert. Ok.

55. Request No. 7. Plaintiffs object to the carve-outs and ask that we produce documents concerning any transfer of an Eletson Entity or its shares. The RS Defendants will revert. Ok.

56. Request No. 8 (Golden Energy). Plaintiffs' asserted basis for relevance is that Reed Smith advised Golden Energy on a potential purchase of the Gas Preferred Shares and took positions on ownership of those shares, the same issue at stake in the Arbitration. We asked how that makes the engagement directly relevant, and whether Plaintiffs' concerns would be addressed if Mr. Solomon had no involvement in it. Plaintiffs maintained that it remained relevant. The RS Defendants will revert. Ok.

57. Requests Nos. 9 through 13. Plaintiffs contend this group goes to the financials and operation of the companies and is core to the dispute, citing vessel valuations as an example. As to subpart 13(b), Plaintiffs clarified that they seek only information in Reed Smith's custody, possession, and control, including records of payments to other law firms. The RS Defendants will revert. Ok, and for the

avoidance of doubt, Plaintiffs are not waiving any rights with respect to documents of other Lawyers that are in RS's possession, custody, or control and expect any such documents to be produced.

58. Requests Nos. 14 and 15 (Escrow Agreement). The RS Defendants are not refusing to produce; responsive documents will be reviewed and produced, with privileged material logged. Ty.

59. Request No. 16 (and subsequent Requests). Plaintiffs object to the limitation to vessels owned or chartered by Eletson Gas and its subsidiaries, contending the alleged conduct was an integrated scheme reaching all of the vessels. The RS Defendants will confirm the scope of their agreement. We understand the same issue recurs in the following Requests. Ok.

60. Request No. 17. Plaintiffs ask whether the documents sufficient to identify the matters will include start and end dates, the relationship partner and personnel, and amounts collected. We confirmed we expect to identify who worked on the matters and who was responsible, and will revert as to amounts collected. Plaintiffs also explained that the balance of the Request reaches representations beyond the Eletson Entities because they allege the conduct was motivated by a longstanding client relationship and the prospect of future engagements. The RS Defendants will revert. Ok.

61. Requests Nos. 18 and 19. The RS Defendants will produce engagement letters, retention letters, and documents showing the scope, terms, and dates of the engagements, and will clarify the responses in writing, including as to the subparts and the limitations to Reed Smith and to Eletson Gas and its subsidiaries. Our understanding was that RS would clarify: (a) whether their agreement to produce documents "sufficient to identify" matters includes engagement letters, related communications, and terms and dates (that's covered by your summary); (b) whether they will produce all documents concerning engagements rather than documents sufficient to identify only; (c) whether they will search on behalf of any Lawyer rather than Reed Smith alone; and (d) whether they will search as to any Eletson Entity rather than Gas and its subsidiaries alone.

62. Request No. 20. Plaintiffs clarified that they do not seek documents outside our possession, custody, or control, but contend that another firm's invoices or records held by Reed Smith are responsive. The RS Defendants will revert. Ok.

63. Request No. 21. Plaintiffs object that the agreement to produce reaches only part of subparts (a) and (b) and does not address subparts (c) through (e). Our position is that subparts (c) and (d) seek account-level banking detail and raise proportionality and privacy concerns; Plaintiffs' position is that who paid for the representations is directly relevant. The RS Defendants will give the subparts further consideration and provide clarity. Ok.

64. Request No. 22. Plaintiffs object that the response narrows the Request to a subset, pointing to their allegations concerning a contingency arrangement and unpaid fees. The RS Defendants will revert. Ok.

65. Request No. 23. The omission of "on a rolling basis" from the language quoted in the response was not a substantive change; the RS Defendants will produce documents sufficient to show the information requested, to the extent it is available. We will also revert on the limitation to representations involving disputes for Eletson Gas and its subsidiaries. Ok.

## III. SEPTEMBER 22 CALL: THE RS DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS

66. Requests Nos. 24 through 28 (fees, collection efforts, and firm-level impact). Plaintiffs contend that these Requests go to motive, and that the Eletson entities were Reed Smith's largest debtor and its largest collection problem firmwide, which Plaintiffs contend made the receivable an existential issue for the relationship rather than an ordinary one. Our position is that the amounts billed and collected are covered by the billing records we have agreed to produce, and that efforts to collect are work product and far afield from the claims or any issues that are relevant to Plaintiffs' claims. Plaintiffs indicated a willingness to narrow Request No. 25 and asked that we consider the Requests further. Our understanding was that we were at an impasse on 24, 25, and 27 (below), and 28. Please clarify if that's not the case. As to 26, we had understood that you would consider our position and revert. In general, we identified motive as one basis for relevance rather than the only one as suggested in your note.

67. Request No. 27 (Reed Smith as an entity). Plaintiffs' position is that firm-level decisions concerning conflicts, collection, supervision, and whether to continue the engagements are relevant. Our position is that discovery of the client teams will capture the relevant conduct, that in the circumstances here, communications with firm management are privileged and tangential to the conduct at issue, and that firm-level discovery is disproportionate. Plaintiffs also raised our position on including firm executives as custodians. We understand Plaintiffs to take the same position as to Requests Nos. 26 and 28. Please confirm that you agree that we are at an impasse.

68. Request No. 29 (conflicts checks). The RS Defendants indicated that they can likely produce documents concerning the conflicts check for the Eletson clients, and would consider documents sufficient to show the conflicts check performed in connection with the Arbitration. Plaintiffs' position is that the Request is broader, reaching the Golden Energy engagement, any conflicts waivers, and conflicts assessments at successive points in the relationship, including after the Award issued, because their fiduciary duty claim is not limited to the Arbitration. The RS Defendants will consider whether a workable formulation can be reached. Ok. Please let us know.

69. Request No. 30 (duties owed to the entity). Our position is that any responsive material is almost entirely privileged, notwithstanding any theoretical possibility that there could be communications with third parties outside the privilege, and that our objection as to third-party communications is to breadth rather than in principle. We also noted that once Reed Smith's own conduct was implicated, the proportion of non-privileged responsive material falls sharply. Plaintiffs' position is that the date on which privilege attached is contested and that the appropriate course is to log the documents. Plaintiffs believe the parties are at an impasse on this request; please advise if the RS's understanding differs. In general, we identified the date on which privilege attached as one issue relevant to the propriety of the request, not the only such issue.

70. Request No. 31 (books and records). The RS Defendants confirmed that their agreement to produce as to Eletson Gas covers each of the subparts, and agreed to extend the same production to EMC Gas and its subsidiaries. We declined to extend it to Eletson Holdings or Eletson Corp., as we do not understand Plaintiffs' claims to run to those entities. Plaintiffs disagree, on the view that the alleged diversion of funds among the Eletson entities and the alleged absence of corporate formalities make those records relevant, and noted that Corp. was implicated in the Arbitration. Plaintiffs believe the parties are at an impasse on this request; please advise if the RS's understanding differs. In general, our arguments as discussed during the call were not limited to those identified in your summary,

71. Request No. 32 (the Purported Nominees). Plaintiffs object to the limitation to the governance of the Purported Nominees and seek management records, accounting records, filings, board minutes, and

resolutions, on the view that how the nominees were run bears on their alter ego and agency allegations. The RS Defendants indicated that they will revert as to whether it will maintain its current objections. We had understood that we were at an impasse on this issue, but if you are considering dropping your objection please let us know.

72. Request No. 33 (relationship between the Reed Smith entities). Plaintiffs' position is that this discovery is plenary rather than jurisdictional, and that the Weller declaration puts the relationship between Reed Smith LLP (Delaware) and Reed Smith LLP (England & Wales) at issue. The RS Defendants agree that Plaintiffs are entitled to some limited discovery on the subject, but partnership agreements are a nonstarter. We will propose what we are prepared to produce sufficient to show the organizational relationship. Ok. Please let us know.

73. Request No. 34 (client and practice revenue). Plaintiffs indicated a willingness to narrow the Request to relevant offices and practice groups, on the view that the significance of the Eletson relationship cannot be assessed without the denominator. The RS Defendants do not see how the comparison bears on any claim. We understand the parties to disagree. Please confirm that you agree that we are at an impasse. To be clear,we indicated a willingness to discuss a narrowing of the Request if doing so would generate a resolution; we did not suggest and do not believe that the existing request encompasses offices and practice groups that are not "relevant," as suggested in your summary.

74. Request No. 35 (contacts with the United States). The RS Defendants confirmed that they are agreeing to produce subpart (d), and will confirm their position on subpart (a). As for (b) and (c), we struggle to see how we can prove the absence of bank accounts, offices, etc. through the production of documents, but will give thought to what we might be able to produce, if anything. Plaintiffs noted paragraphs 7 and 8 of the Weller declaration and stated their position that by challenging personal jurisdiction with a declaration the RS Defendants opened the door to general jurisdiction discovery; we disagree. We had understood that we are at an impasse as to the presence, travel, and work of Reed Smith UK attorneys in the United States, subpart (a). Please confirm that you will attempt to search for documents sufficient to show the items listed in subpart (b) and (c) and if not whether we are at an impasse.

75. Request No. 36 (sanctions and regulatory matters). The RS Defendants will not produce. Plaintiffs' position is that the Request goes to knowledge, intent, and propensity, and that Mr. Solomon's December declaration opened the door. Please confirm that you agree that we are at an impasse. To be clear, your summary of the basis for Plaintiffs' position is incomplete; for example, the Request also goes to absence of mistake, supervision, scienter, and under FRE 608b.

76. Request No. 37 (insurance). Plaintiffs stated that they consider the RS Defendants' insurance disclosures insufficient and that the parties are at an impasse on this Request. Agree that we are at an impasse. Note that the insurance disclosure issues were previously discussed by Isaac and Marshall in correspondence and by telephone

**IV. SEPTEMBER 22 CALL: PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE RS DEFENDANTS' REQUESTS**

77. Particularity objections. The RS Defendants referred Plaintiffs to our correspondence concerning *Acosta v. New York Times Co.* and noted that, while we have acknowledged Plaintiffs' point as to Request No. 25 and possibly Request No. 32, Requests Nos. 26, 27, 28, and 31 identify the categories sought with sufficient particularity and the objection does not hold as to them. Plaintiffs agreed to take

another look. The RS Defendants' remaining issues are as set out in our prior correspondence. See below.

**V. NEXT STEPS**

78. Privilege log schedule. The parties had contemplated raising the privilege log schedule with the Court in connection with these meet and confers, and agreed that it makes sense to resolve the outstanding scope issues first. Plaintiffs agreed to defer the privilege log timing discussion until the scope discussions advance further; we do not recall agreeing to defer those discussions until the scope issues are "resolve[d]" and suspect that waiting that long will not be feasible consistent with the existing scheduling order.

79. The parties agreed to try to revert to one another on all open follow-up items by the end of this week.

Regards,

**Andrew Freire**
Associate Attorney

T: +1 212.351.5202
AFreire@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Freire, Andrew
**Sent:** Saturday, September 19, 2026 9:30 PM
**To:** 'Matthew Roznovak' <matthewroznovak@quinnemanuel.com>; Michael Wittmann <michaelwittmann@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Flores, Rommy <RFlores@gibsondunn.com>; Isaac Nesser <isaacnesser@quinnemanuel.com>
**Cc:** Walner, Kate <KWalner@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Hart, Nancy <NHart@gibsondunn.com>; Furey, Jennifer <JFurey@GOULSTONSTORRS.com>; eabramowitz@maglaw.com; Berger, Rae <rberger@goulstonstorrs.com>; QE-Levona <qe-levona@quinnemanuel.com>; aadams@maglaw.com; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; ralbert@maglaw.com; Daniel Kelly <danielkelly@quinnemanuel.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Michael:

Thank you for your summary. While much was consistent with our understanding of what was discussed during the September 17 meet and confer, we differ in a few respects as described below. For ease of reference, our notes follow your numbering, and we restate the substance of each item so that this response can be read on its own.

We have also set out our understanding of the portion of the call concerning Eletson's responses and objections, continuing your numbering at item 34. This response is not exhaustive, and any silence on a particular item should not be construed as agreement with it. The Reed Smith Defendants reserve all rights.

**I. CUSTODIANS (ITEM 1)**

Your item 1 asks whether the RS Defendants will agree to search the files of "the 63 custodians identified in their interrogatory responses," and compares that group to the roughly 100 custodians (including the Digital File) said to have been identified in the vacatur proceeding.

To be clear, the 63 individuals identified in that response were not identified as custodians or even as persons with relevant knowledge. The interrogatory response states that they are identified "solely on the basis that the person recorded time to a matter opened for Eletson Holdings Inc. or Eletson Corp.," and states expressly that the identification "is not a representation that the person has knowledge of the information described in any particular subpart of this Interrogatory, or that the person has any knowledge relevant to the claims or defenses in this proceeding."

Similarly, as we explained on the call, the approximately 100 individuals identified in the Vacatur Proceeding comprised everyone across the firm who had recorded any time whatsoever, including individuals whose involvement was entirely tangential, including non-attorneys, and other support staff.

As noted on the call, we are considering your position and will revert.

The interrogatory requested identification of persons with knowledge; if you are suggesting that your response includes people without knowledge we should discuss that. In any event, we reiterate our request for the five attorneys we identified who are not on the existing list, plus the digital file, and note again that that the 63 attorneys listed in the interrogatory response are at minimum a meaningful data point in determining the appropriate custodian list. We look forward to your proposal.

**II. RS DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS**

5. "Concerning." Defendants can confirm that our responses are not drawing a distinction between "concerning" with a lower case and upper case. Ok.

8. Prior productions. We will brainstorm potential solutions, and you agreed to do the same, including regarding whether Plaintiffs should reproduce documents from other proceedings. Please also note that Reed Smith was not a party to several of the proceedings. Ok. In general, without waiver of rights and subject to further discussion, Plaintiffs would consider producing those documents. Can you please let us know which proceedings you are referring to and which productions you are seeking. Any agreement on that would obviously need to be tied to the documents produced in the main Eletson bankruptcy case. As noted in my Sept. 18 email, can you please let us know what your position is there?

17. Calendar Files and Call Logs. We did not drop the objection to the definition of "Calendar Files" and "Call Logs". What we said is that we are not categorically withholding calendar files and call logs on the basis of that objection. Not sure what "categorically withholding" means. Are you withholding *any* documents based on that objection and if so, which ones and on what basis?

**IV. PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE RS DEFENDANTS' REQUESTS**

23. Requests Nos. 24 and 25 and what your email calls "allegation-based requests." You asked for authority regarding these requests. We refer you to *Acosta v. New York Times Co.*, No. 25 CIV. 1119 (JPC), 2025 WL 3250875, at *5 (S.D.N.Y. Nov. 21, 2025). The Defendants in that case issued "Document Request No. 50" which asked Plaintiff to "[p]roduce any and all documents that relate to Plaintiff's allegations in Paragraph 39 of the Complaint regarding Ms. Dryfoos admitting fabrication of performance concerns." *Id.* (quotation marks omitted). The Court noted Plaintiffs' objections, which included an objection about lack of specificity, "border[ed] on the disingenuous." *Id.* The Court found: "Nor is there anything unclear about the request: Plaintiff is to produce any and all documents bearing on the allegation of Dryfoos admitting fabrication, an allegation which *Plaintiff herself made* in the Amended Complaint. And unlike, say, a request for any and all documents connected to a 'broad categor[y] of information' like Plaintiff's allegations of discrimination writ large, . . . this request is appropriately bounded by a discrete and specific allegation. So the Court overrules Plaintiff's objection and grants Defendants' motion to compel as to this request." *Id.* The Court also made similar findings as to other requests similarly tied to allegations in Plaintiffs' complaint. *Id.* at *4.

This reasoning applies at least to Request No. 25, which we discussed on the call, which asks about a specific allegation made in one paragraph of the Amended Complaint. Please let us know if Plaintiffs will reconsider their position in light of this authority or if we are an impasse.
Your quotation of *Acosta* is at least in part, misleading and does not further support your position. The Court's quote that plaintiff's objection was "disingenuous" was based on the plaintiff there saying that request referenced the wrong paragraphs in the amended complaint, when the discovery request was served before the amended complaint was served and referenced the correct paragraphs in the original complaint. Similarly, the fact that the request is based on "an allegation which Plaintiff herself made" is not dispositive, because as your acknowledge, the plaintiff also made allegations regarding "discrimination writ large." So the key inquiry as you note is whether "the request is appropriately bounded by a discrete and specific allegation." Requests Nos. 25 (RS "owed a fiduciary duties"), 26 (RS's "false, deceitful, or collusive" conduct) , 27 (RS's "knowledge or state of mind"), and 31 ("Defendants acted in concert, conspired with, aided and abetted, or acted as agents of one another") are far more akin to requests for "allegations of discrimination writ large" than to "allegations ... regarding Ms. Dryfoos admitting fabrication of performance concerns." Your requests seek discovery on legal arguments, not factual assertions and is therefore objectionable (in addition to the other objections listed in our R&Os). As a practical matter, we are uncertain how you would propose us searching for documents in response to these requests that are not already captured and included in other requests. If there is something specific that you believe would not be covered by other requests, please let us know and we would be happy to consider it.

28. ESI date range for Mr. Elliott Bistricer. Your email states that the January 2024 start date "reflects a conservative assessment of when he became involved in relevant matters." On the call, Plaintiffs noted that they did not know whether January 2024 referred to his joining Murchinson or Levona and stated that they would follow up with an answer regarding when he joined Murchinson and/or Levona. We will revert.

29. Depositions. In addition to the confirmations in your email, we also understood from the call that Plaintiffs confirmed that they will produce Messrs. Spears, Lichtenstein, and E. Bistricer for deposition in the United States. Please confirm. What we said is that Plaintiffs will accept service of deposition notices seeking testimony from Messrs. Spears, Lichtenstein, and E. Bistricer in their capacities as employees, agents, representatives, etc., of one or more Plaintiffs; we expressed no view on the question of whether it will actually be appropriate for each of them to be deposed, and if so where those depositions should occur, which issues are more appropriately addressed in the context of broader mutual discussions about depositions and deposition logistics. To be clear, we are not suggesting right now that we or expect to object to any of those depositions or to them taking place in the United States; just that those conversations are premature.

31. Hassett and Fenttiman. According to Plaintiffs' ESI disclosure, Messrs. Hassett and Fenttiman sit on the Eletson Gas board and are likely to have non-cumulative Actually, Plaintiffs' ESI disclosure says Hassett and Fenttiman documents "would be duplicative of documents obtainable from Messrs. Spears, Lichtenstein, and [E.] Bistricer" responsive information. We understand that Plaintiffs do not dispute that these custodians have responsive information, but Plaintiffs claim their collections will be duplicative. However, based on the call we understand that Plaintiffs' basis for that position is a conversation with the individuals and a belief that, in general, members of a board have the same materials. Respectfully, we do not think that demonstrates that these documents will be duplicative or cumulative. Please let us know if you are willing to reconsider your position as to these two custodians, or if we are at an impasse. Your summary does not accurately reflect our discussion. We disagree with the characterization that Messrs. Hassett and Fenttiman have non-cumulative responsive information. We also reiterate that Plaintiffs do not have possession, custody, or control over the servers on which Messrs. Hassett and Fenttiman's documents are maintained. And we did not only discuss these issues with Messrs. Hassett and Fenttiman. Rather, we arrived at our position after reviewing hundreds of thousands of documents in the related proceedings; reviewing witness testimony and other materials from the related proceedings; and conferring with our clients. That is more than a reasonable investigation under the circumstances. If you have a specific reason to believe that the foregoing individuals have nonduplicative relevant documents we again request that you tell us what it is so that we can consider it – we consider that request not-unreasonable given that Gibson Dunn, Reed Smith, and Reed Smith's former and purported current clients have

access to a massive record, years of experience with these matters, and first-hand knowledge of many of the relevant facts.

Plaintiffs also represented that they expect Eletson to produce all responsive documents from Mr. Hoskinson. Our understanding is that Eletson Holdings will be producing documents from Mr. Hoskinson.

Separately, your summary notes that "retention protocols were implemented." However, on the call, Plaintiffs stated that they were not certain whether a separate preservation hold had been issued for this particular action. Please confirm that a preservation hold for this action has been issued. Ok.

**V. PLAINTIFFS' OPEN ITEMS**

The following additional items were discussed on the call but do not appear in the summary.

a. Segregation of Plaintiffs' documents on the Murchinson and Ace148 systems. We understood that Murchinson is retaining an outside lawyer—not Quinn Emanuel—to identify and segregate Messrs. Elliott Bistricer's and Lichtenstein's Levona documents before Plaintiffs' counsel reviews them, and that a comparable process will apply to Mr. Spears at Ace148. Please confirm who performs the segregation on each system, the criteria applied, whether it will occur before or after agreed search terms are run, and whether any responsive material will be withheld as a Murchinson or Ace148 document. We will get back to you.

b. Plaintiffs' Interrogatory Responses. Plaintiffs' responses to Interrogatory Nos. 1 and 3 cross-reference the parties' initial disclosures without identifying any additional persons with knowledge or categories of documents. We discussed that the interrogatories differ from the Rule 26(a)(1) standard because Rule 26 is limited to information "the disclosing party may use to support its claims or defenses," not all relevant information. We understood Plaintiffs have agreed to consider that difference and advise whether they will amend their responses. Please let us know. We will get back to you about this issue as well as deficiencies we have identified in the Reed Smith Defendants' Interrogatory Responses.

**VI. ELETSON'S RESPONSES AND OBJECTIONS**

The summary does not address this portion of the call. We understood Eletson has agreed to the following, and ask that Eletson's counsel let us know promptly if their understanding differs.

34. Hit reports. Eletson will re-serve its hit reports for both the @eletson.com and @eletsonholdings.com accounts in Excel, with per-term counts, family-inclusive counts, per-term unique hit counts, the overall number of documents searched, and the collection date range applied.

35. Additional search terms. Eletson asked that the RS Defendants identify any additional proposed search terms up front rather than piecemeal so that Eletson can run one search. The RS Defendants will endeavor to do so.

36. Section III disclosure. Eletson will serve a disclosure under Section III of the ESI Protocol. Eletson identified its custodians in its answer to Plaintiffs' Interrogatory No. 2, but there is a mismatch between that answer and what was used in the hit reports.

37. Data sources. Eletson will confirm whether any data source other than the two email environments is within its possession, custody, or control and may contain relevant documents.

38. Date ranges and the Effective Date cut-off. Eletson will confirm the date ranges applied to its collection and hit reports, including the end date, which Eletson believes is the date of collection.

39. Request No. 4. Eletson will assess internally and revert as to communications between Plaintiffs and Eletson, and will amend its response to state whether responsive documents are being withheld. Eletson asked how the request relates to a claim or defense. The RS Defendants' position is that these communications bear on the absence of adversity between Plaintiffs and Eletson, and on which party may properly assert the claims, including the near-identical claim relating to the Escrow Agreement.

40. Request No. 6. At the meet and confer, Eletson stated that there were no responsive communications responsive to this request.

**VII. NEXT STEPS (ITEM 32)**

We will follow up in writing on search terms.

We will have a further call on Sunday, September 20, 2026 to continue to discuss our questions and concerns regarding your respective objections and responses, as well as to provide information regarding questions you may wish to discuss.

Regards,

**Andrew Freire**
Associate Attorney

T: +1 212.351.5202
AFreire@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Matthew Roznovak <matthewroznovak@quinnemanuel.com>
**Sent:** Friday, September 18, 2026 2:55 PM
**To:** Michael Wittmann <michaelwittmann@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Flores, Rommy <RFlores@gibsondunn.com>; Isaac Nesser <isaacnesser@quinnemanuel.com>
**Cc:** Walner, Kate <KWalner@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Hart, Nancy <NHart@gibsondunn.com>; Furey, Jennifer <JFurey@GOULSTONSTORRS.com>; eabramowitz@maglaw.com; Berger, Rae <rberger@goulstonstorrs.com>; Freire, Andrew <AFreire@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; aadams@maglaw.com; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; ralbert@maglaw.com; Daniel Kelly <danielkelly@quinnemanuel.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Counsel:

In addition to the below list, Plaintiffs are also investigating the appropriate contact information for legal counsel to Murchinson and Ace148. We will follow up with that information as soon as we're able.

Thanks,
Matt

**Matthew Roznovak**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

300 W. 6th Street
Austin, TX 78701
+1 737-667-6112 Direct
+1 737 667 6100 Main Office Number
+1 737 667 6100 FAX
+1 281 881 5333 Mobile
matthewroznovak@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Quinn Emanuel Urquhart & Sullivan UK LLP operates as a limited liability partnership registered in England and Wales (with registered number OC337278) and is authorised and regulated by the Solicitors Regulation Authority. A list of members and their professional qualifications is open to inspection at our registered office, One Fleet Place, London EC4M 7RA. We operate in association with the US limited liability partnership of Quinn Emanuel Urquhart & Sullivan LLP, which is organised under the laws of the State of California, USA.

---

**From:** Michael Wittmann <michaelwittmann@quinnemanuel.com>
**Sent:** Friday, September 18, 2026 8:20 AM
**To:** Matthew Roznovak <matthewroznovak@quinnemanuel.com>; Koslof, Nathaniel <nkoslof@goulstonstorrs.com>; Flores, Rommy <RFlores@gibsondunn.com>; Isaac Nesser <isaacnesser@quinnemanuel.com>
**Cc:** Walner, Kate <KWalner@gibsondunn.com>; King, Marshall R. <MKing@gibsondunn.com>; Hart, Nancy <NHart@gibsondunn.com>; Furey, Jennifer <JFurey@GOULSTONSTORRS.com>; eabramowitz@maglaw.com; Berger, Rae <rberger@goulstonstorrs.com>; Freire, Andrew <AFreire@gibsondunn.com>; QE-Levona <qe-levona@quinnemanuel.com>; aadams@maglaw.com; Seibald, M. Jonathan <MSeibald@gibsondunn.com>; Wilson, C. Lee <CLWilson@gibsondunn.com>; ralbert@maglaw.com; Daniel Kelly <danielkelly@quinnemanuel.com>
**Subject:** RE: Levona Adversary Proceeding (26-cv-03620) - Discovery Responses

Counsel:

We write to confirm our understanding of the principal takeaways and follow-up items from today's meet and confer concerning Plaintiffs' and the RS Defendants' responses and objections to the August 7, 2026 discovery requests. This summary is not intended to be verbatim or exhaustive. If your understanding differs in any respect, please let us know promptly so that the issue can be addressed on Sunday's call.

**I. RS DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS**

We understood RS Defendants to agree to revert to Plaintiffs on the following:

1. Custodians. The RS Defendants' basis for searching a narrower custodian set here than the custodian group that Reed Smith disclosed in *Eletson v. Levona*, 23-07331 (S.D.N.Y.). There, as a third party in an action involving narrower subject matter, Reed Smith disclosed 100 custodians plus the digital file. Please let us know whether the RS Defendants agree to include the 63 custodians identified in their interrogatory responses here, plus the following custodial sources: Paul Singer, Sally-Ann Underhill, Peter Kennedy, Daniel Booker, and Philip Rymer, as well as the digital file.

2. Personal files. The RS Defendants will revert as to whether the personal files of Messrs. Weller and Solomon are being searched, and by whom. If the RS Defendants do not intend to collect from or produce documents from those sources, please confirm that position expressly and the basis for doing so.

3. Search terms and review population. The parties will address search term proposals in writing, and the RS Defendants will provide the total document volume and the size of the proposed review population.

4. Date ranges. The RS Defendants agreed to provide the basis for their proposed July 1, 2022 start date and to state whether they will agree to extend that date to January 1, 2022. Plaintiffs' position is that relevant documents from early 2022 should be produced if Reed Smith has them, regardless of the date on those documents. The RS Defendants will also address the basis for their proposed July 30, 2025 end dates for certain requests (apparently based on the filing of Eletson Holdings's complaint in the

bankruptcy court) explain their position that the "adversity" between the parties makes documents less relevant, and indicate whether they will agree to extent the end date to the date Plaintiffs' filed the complaint in this action, in April 2026.

5. "Concerning." The RS Defendants will explain the distinction, if any, drawn between capitalized "Concerning" and lowercase "concerning" in their objections.

6. General Objection 10. The RS Defendants will explain the basis for this objection, in light of the involvement of other law firms. As explained, Plaintiffs are not seeking documents outside of the RS Defendants' possession, custody, or control; the definition is intended to encompass documents that Concern those law firms and lawyers to the extent any such documents are in the RS Defendants' possession, custody, or control.

7. General Objection 6. The RS Defendants will explain whether the objection to the definition of "Eletson Entity" is resolved if the word "affiliate" is excluded but the definition otherwise continues to include the specific entities identified in the definition. Plaintiffs reserve rights to request the inclusion of affiliates to the extent relevant.

8. Prior productions. The RS Defendants will give thought to the mechanics for handling documents produced in other proceedings (i.e., the arbitration and vacatur proceeding), including whether previously produced documents will be re-produced here with new Bates numbers. The same question applies to the Holdings adversary proceeding and to documents produced in proceedings outside the United States. Additionally, Levona does not have access to all documents produced in the main bankruptcy case (23-10322). Reed Smith has access to those documents. Reed Smith will revert with potential solutions.

9. Golden Energy and Oaktree. The RS Defendants will let us know whether they agree to ask those parties (current or former clients) and/or the court for leave to produce the documents at issue notwithstanding the cited ethics rules. As to Golden Energy, Plaintiffs explained that Reed Smith represented Golden Energy during Golden Energy's potential purchase Gas Preferred Shares from Levona during or around the time of Reed Smith's representation of Eletson.

10. GDPR. The RS Defendants will revert as to whether GDPR or related legal or statutory requirements will require the non-production of any otherwise agreed categories of documents.

11. Escrow Agreement. The RS Defendants will explain why they object to including drafts and related documents in the definition, or alternatively will drop those objections.

12. Vessels. The RS Defendants will provide their basis for limiting production by vessel name, type, or owner, both in the General Objections and in their specific responses to requests. Plaintiffs' position is that there is no basis to exclude any vessels.

13. General Objection 20. The RS Defendants will explain how they propose to define "Withheld Documents," including what documents they propose to include in that definition.

14. Request 41. The RS Defendants will revert as to whether they will produce the Gas client file in the event the Second Circuit-based objection is resolved in a future decision of the Circuit.

15. Request 39 re litigation hold notices. Plaintiffs requested the Eletson litigation holds/document retention policies and asserted that they are not privileged. The RS Defendants indicated that they likely disagree and believe they are privileged, but will discuss and revert.

16. Request 38 re indemnification agreements. Plaintiffs explained that, among other things, indemnification agreements (or any similar agreements) between Reed Smith and its former clients are responsive, not privileged, and should be produced. The Reed Smith Defendants agreed to consider their objection and revert.

We further understood the RS Defendants to confirm that:

17. The RS Defendants are dropping their objection to the definition of "Calendar Entries" and "Call Logs"

18. Documents withheld by the RS Defendants on English law privilege grounds will be logged in the same manner as documents withheld on U.S. privilege grounds.

19. General Objection 22 (re August 19, 2026 Order) reserves rights only, and the RS Defendants are not withholding any documents on that basis.

**II. PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE RS DEFENDANTS' REQUESTS**

20. You asked generally whether Plaintiffs are conducting new collections and searches regarding the matters previously adjudicated in the arbitration. To clarify our response: As you can see, the search terms, custodians, and date ranges proposed by Plaintiffs contemplate new collections and searches.

21. Previously produced documents. The parties agreed to designate one attorney per side to work out a mutually acceptable protocol for documents already produced in other proceedings, including whether and when to re-Bates stamp productions here. Plaintiffs will designate Michael Wittmann or Matthew Roznovak. Please confirm the RS Defendants' designee.

22. Request 10. Plaintiffs will consider searching for and producing communications between or among Plaintiffs concerning the RS Defendants if the request is narrowed to that scope. Plaintiffs also noted that communications between Plaintiffs and the RS Defendants are in RS Defendants' own possession, and that Plaintiffs do not hold the documents of Gas or EMC.

23. Requests 24 and 25, and the related allegation-based requests. The parties disagree as to whether a request for all documents concerning a pleaded allegation is proper. The RS Defendants will send Plaintiffs in writing the portions of the cited authority on which they rely, together with any additional authority, and Plaintiffs will consider it. Separately, Plaintiffs confirmed that they will comply with their obligations as to documents they intend to rely upon, which is a distinct question from their response to the RS Defendants' document requests.

24. Search terms. The RS Defendants will propose additional search terms in writing. Plaintiffs asked that all proposed additions be provided at once rather than piecemeal, so that they can be incorporated into a single collection and the associated burden quantified. Plaintiffs do not agree in advance to run every proposed term.

25. Hit reports. Plaintiffs will provide updated hit reports reflecting unique hits per search term.

26. Universe searched. Plaintiffs will provide the size of the universe searched, and understand that the RS Defendants will provide the same.

27. Interrogatory 3. The RS Defendants will follow up in writing regarding Plaintiffs' reference to the initial disclosures and the identification of categories of documents and custodians.

28. ESI date range. Plaintiffs explained that the January 2024 through April 2026 range for Mr. Elliot Bistricer reflects a conservative assessment of when he became involved in relevant matters.

29. Depositions. Plaintiffs will accept service of deposition notices for Messrs. Spears, Lichtenstein, and E. Bistricer who are employees, agents, and/or representatives of some or all of Plaintiffs.

30. Verification. Plaintiffs confirmed that Mr. Spears fully verified Plaintiffs' interrogatory responses (excluding objections), relying on information from others where the information was not within his personal knowledge.

31. Additional custodians. Plaintiffs confirmed that they made a reasonable inquiry and investigation as to Messrs. Eliyahu Hassett and Joshua Fentiman and have no reason to believe either holds relevant non-duplicative non-privileged documents; that Mr. Marc Bistricer's documents are not within Plaintiffs' possession, custody, or control; that retention protocols were implemented; and that Plaintiffs have identified no non-custodial data sources. As to mobile device and messaging data, we explained that the parties in the vacatur proceeding did not engage in such discovery but invited the RS Defendants to let us know whether they propose to change that arrangement.

**III. NEXT STEPS**

32. The parties did not discuss search terms or the balance of the specific requests. Those issues remain to be addressed.

33. The next meet and confer is set for Sunday, September 20, 2026 at 9:30 a.m. Eastern.

Regards,
Michael

**Michael Wittmann**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Ave
New York, NY 10016
212-849-7186 Direct
212-849-7000 Main Office Number
michaelwittmann@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----Original Appointment-----
**From:** Michael Wittmann
**Sent:** Thursday, September 17, 2026 6:09 PM
**To:** Michael Wittmann; Matthew Roznovak; Koslof, Nathaniel; Flores, Rommy; Isaac Nesser
**Cc:** Walner, Kate; King, Marshall R.; Hart, Nancy; Furey, Jennifer; eabramowitz@maglaw.com; Berger, Rae; Freire, Andrew; QE-Levona; aadams@maglaw.com; Seibald, M. Jonathan; Wilson, C. Lee; ralbert@maglaw.com; Daniel Kelly
**Subject:** Levona Adversary Proceeding (26-cv-03620) - Discovery Responses
**When:** Sunday, September 20, 2026 9:30 AM-11:00 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** https://quinnemanuel.zoom.us/j/87158941390?from=addon

Michael Wittmann is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://quinnemanuel.zoom.us/j/87158941390?from=addon

Meeting ID: 871 5894 1390
One tap mobile
+16465189805,,87158941390# US (New York)
+16465588656,,87158941390# US (New York)

Dial by your location
+1 646 518 9805 US (New York)
+1 646 558 8656 US (New York)
+1 470 381 2552 US (Atlanta)
+1 651 372 8299 US (Minnesota)
+1 786 635 1003 US (Miami)
+1 267 831 0333 US (Philadelphia)
+1 301 715 8592 US (Washington DC)
+1 312 626 6799 US (Chicago)
+1 470 250 9358 US (Atlanta)
+1 669 219 2599 US (San Jose)
+1 720 928 9299 US (Denver)
+1 971 247 1195 US (Portland)
+1 213 338 8477 US (Los Angeles)
+1 253 215 8782 US (Tacoma)
+1 346 248 7799 US (Houston)
+1 602 753 0140 US (Phoenix)
Meeting ID: 871 5894 1390

Alternate Dial-in Numbers: https://quinnemanuel.zoom.us/u/kdkynZzHkr

Join by SIP
87158941390@zoomcrc.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---