# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEVONA HOLDINGS LTD., ELETSON GAS LLC, and EMC GAS CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>ELETSON HOLDINGS, INC., ELETSON CORP., APARGO LIMITED, FENTALON LIMITED, DESIMUSCO TRADING LIMITED, VASSILIS KERTSIKOFF, VASILIS HADJIELEFTHERIADIS, LASCARINA KARASTAMATI, REED SMITH LLP (DELAWARE), REED SMITH LLP (ENGLAND & WALES), CHARLES G. WELLER, and LOUIS M. SOLOMON,<br><br>Defendants. | Case No. 1:26-cv-03620-LJL<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE REED SMITH DEFENDANTS' SECOND SET OF DOCUMENT REQUESTS** |

## GENERAL OBJECTIONS

The following general objections are incorporated into each of Plaintiffs' specific responses and objections:

1. Plaintiffs incorporate each of the general objections, objections to definitions, and objections to instructions asserted in Plaintiffs' Responses and Objections to the Reed Smith Defendants' First Set of Document Requests, dated September 8, 2026.

2. Requests 38 to 45 in the Reed Smith Defendants' Second Set of Document Requests ("Second Set") are copied, in whole or in substantial part, from document requests in Plaintiffs' First and Second Sets of Document Requests to which the Reed Smith Defendants objected (Plaintiffs' Request Nos. 5, 10–13, 16, 45, 50). Likewise, Definition No. 2 in the Reed Smith Defendants' Second Set of Document Requests incorporates 20 definitions applicable to Plaintiffs' requests, of which the Reed Smith Defendants objected to 10. The Reed Smith Defendants have

not sought to explain the inconsistency in their position. Plaintiffs will produce documents in response to each of the foregoing requests to the extent indicated in Plaintiffs' specific responses below. Nonetheless, if the Court or the parties set or have set a different scope for the Reed Smith Defendants' response to the corresponding request served by Plaintiffs—in view of considerations of relevance, burden, or otherwise—Plaintiffs will apply that scope to their production. Plaintiffs also reserve the right to seek modification or an appropriate order, under Rule 26 or otherwise, if the Court narrows any identical or substantially similar request. Plaintiffs' responses are not an admission that any request is proportional under Rule 26(b)(1) in any other context.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST 38:**

All Documents Concerning Your efforts to obtain the Withheld Documents in any Relevant Proceeding, including:

a. assessments of and responses to those efforts;
b. draft or final requests, demands, motions, applications, or submissions comprising, Concerning, or made in furtherance of those efforts; and
c. the veracity of assertions made in connection with those efforts and in any response or opposition thereto.

Response: In addition to their general objections, Plaintiffs do not understand the relevance of, and object to the unduly burdensome and overbroad request for, "[a]ll Documents" in *Plaintiffs'* possession, custody, or control "Concerning" Plaintiffs' efforts to obtain the Withheld Documents in any Relevant Proceeding, including draft and final requests, demands, motions, applications, and submissions. Plaintiffs also object because the request seeks publicly available documents, including court filings and orders in the Relevant Proceedings, which are equally available to the Reed Smith Defendants. Plaintiffs also object to subpart (c) of the request as vague and ambiguous because "the veracity of assertions made in connection with those efforts" is not a Document or a category of Documents. Plaintiffs also object to the extent the request seeks documents protected

by the attorney-client privilege or attorney work product, including drafts of requests, demands, motions, applications, and submissions, and assessments of Plaintiffs' efforts. Because of the foregoing objections, Plaintiffs will not produce documents in response to this request, but are willing to meet and confer in an effort to understand what documents are being requested beyond those that were produced in Relevant Proceedings, that are available publicly, and that are not privileged. This request is a near-copy of Plaintiffs' Request No. 5.

**REQUEST 39:**

All Documents Concerning the assets, liabilities, budgets, revenues, profits, losses, expenses, value, and Valuation of the Preferred Shares or any Eletson Entity (excluding natural persons), including:

a. projections or pro forma modeling;
b. appraisals;
c. Valuations and net value calculations, discounted cash flow analyses, and market comparable analyses;
d. Vessel Valuations; and
e. Valuations or assessments of the value of the Preferred Shares or of Levona's or any other Person's interest in Gas or its assets, or losses and damages relating thereto, including such assessments conducted for purposes of fact or expert testimony in the Arbitration or any other Relevant Proceeding.

Response: Subject to their general objections, and excluding documents subject to expert discovery in this action, Plaintiffs will produce responsive non-privileged documents, if any, identified pursuant to the ESI Protocol through a reasonable search using search terms and date ranges applied to previously-agreed custodians' documents within Plaintiffs' possession, custody, or control. Plaintiffs do not otherwise intend to produce documents in response to this request. This request is copied from Plaintiffs' Request No. 10.

**REQUEST 40:**

All Documents Concerning the financing, chartering, management, revenue, expenses, profits, losses, Valuation, or value of any Vessel, or the actual, contemplated, or proposed sale, lease, refinancing, or Transfer of any Vessel or associated revenues or value, including:

a. actual, contemplated, or proposed financing, refinancing, mortgaging, leasing, chartering, arresting, promissory note, guarantee, lien, security interest, or sale of any Vessel, including any prevented, blocked, or unconsummated transaction;
b. chartering revenue, hire, or other income generated by any Vessel, including any diversion, misappropriation, or withholding of such revenue;
c. projections of revenue, hire, or income generated by any Vessel;
d. projected or pro forma modeling of the value of any Vessel, including any Valuation, appraisal, or calculation of net value or comparable transactions;
e. actual, potential, or threatened defaults under any financing, leasing, chartering, or mortgage agreement relating to any Vessel;
f. Communications with Vessel Financiers Concerning the Vessels, any Eletson Entity, the Preferred Shares, the actual or purported exercise of the Purchase Option, the Purported Nomination, or the Escrow Agreement;
g. attempts to purchase any Vessel from the Vessel Financiers or Tufton Corporate Services Limited;
h. Communications with, or Documents held by, any bank or financial institution—including ABN AMRO Bank N.V., Berenberg, Hellenic Bank, Bank of America, or DNB Bank ASA—Concerning any Eletson Entity, the Preferred Shares, the actual or purported exercise of the Purchase Option, or the Purported Nomination, including any know-your-customer records, account-opening records, credit-committee memoranda, or risk or compliance records held by any such bank or financial institution; and
i. increased or decreased financing costs, interest expenses, or equity value in any Vessel caused in whole or in part by any default, impaired refinancing, or blocked transaction.

Response: Subject to their general objections, and excluding documents subject to expert discovery in this action, Plaintiffs will produce responsive non-privileged documents, if any, identified pursuant to the ESI Protocol through a reasonable search using search terms and date ranges applied to previously-agreed custodians' documents within Plaintiffs' possession, custody, or control. Plaintiffs do not otherwise intend to produce documents in response to this request. This request is copied from Plaintiffs' Request No. 11.

**REQUEST 41:**

All Documents Concerning the Symi and Telendos, including their ownership, control, operation, management, chartering, technical manager, crew, arrest, and release, and associated costs, revenues, or fees.

Response: Subject to their general objections, and excluding documents subject to expert discovery in this action, Plaintiffs will produce responsive non-privileged documents, if any,

identified pursuant to the ESI Protocol through a reasonable search using search terms and date ranges applied to previously-agreed custodians' documents within Plaintiffs' possession, custody, or control. Plaintiffs do not otherwise intend to produce documents in response to this request. This request is copied from Plaintiffs' Request No. 12.

**REQUEST 42:**

All Documents Concerning any Funds, Payments, wire transfers or confirmations, charter hire, freight, revenue, refunds, management fees, receivables, or escrow proceeds owed to, belonging to, or held for the benefit of any Eletson Entity, any Plaintiff, or any Levona Affiliate, including:

a. any escrow agreement involving any Lawyer, including any Payments, Funds, proceeds, or property associated with or claimed by any Plaintiff;
b. account statements for any operating, trust, IOLTA, escrow, segregated-client-funds, or third-party-managed escrow account maintained by any Lawyer that holds or held Funds for, for the benefit of, or claimed by any Plaintiff; and
c. bank accounts used or attempted to be used to receive or hold Payments or Funds from any charterers, financing parties, lenders, brokers, registries, banks, or other third parties.

Response: Plaintiffs' Request No. 13, from which this request is copied, properly seeks documents relevant to the Defendants' improper payments, including payments and escrow accounts involving Reed Smith. The same request, addressed to Plaintiffs, is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case.

Thus, in addition to their general objections, Plaintiffs object to the overbroad and unduly burdensome request for "[a]ll Documents Concerning" any Funds, Payments, wire transfers or confirmations, charter hire, freight, revenue, refunds, management fees, receivables, or escrow proceeds owed to, belonging to, or held for the benefit of any Eletson Entity, any Plaintiff, or any Levona Affiliate. Plaintiffs also object because the request seeks documents outside Plaintiffs' possession, custody, or control. Plaintiffs also object because the requested documents, including escrow agreements and account statements for accounts maintained by any Lawyer (subparts (a) and (b)), are more appropriately sought from and produced by the Reed Smith Defendants and

other Lawyers. Plaintiffs also object because Defendants, including the Reed Smith Defendants, are exercising improper possession, custody, and control over the documents of Plaintiffs Gas and EMC Gas, and have wrongfully denied Gas and EMC Gas access to those documents, including documents that are likely to be responsive to the request. Because of these objections, Plaintiffs do not intend to produce documents in response to this request but are willing to meet and confer to better understand what documents the Reed Smith Defendants are seeking other than those already sought in the Reed Smith Defendants' First Set of Document Requests.

**REQUEST 43:**

All Documents Concerning the arrest, detention, or release of any Vessel and any Proceedings related thereto.

Response: Subject to their general objections, and excluding documents subject to expert discovery in this action, Plaintiffs will produce responsive non-privileged documents, if any, identified pursuant to the ESI Protocol through a reasonable search using search terms and date ranges applied to previously-agreed custodians' documents within Plaintiffs' possession, custody, or control. This request is copied from Plaintiffs' Request No. 16.

**REQUEST 44:**

All Communications with any Vessel Financier Concerning any Eletson Entity or affiliate.

Response: Plaintiffs' Request No. 45, from which this request is copied, properly seeks documents relevant to the Defendants' improper communications and actions. The same request, addressed to Plaintiffs, seeks irrelevant documents and is overbroad, unduly burdensome, and not proportional to the needs of the case.

Thus, in addition to their general objections, Plaintiffs object to the overbroad and unduly burdensome request for "[a]ll Communications with any Vessel Financier Concerning any Eletson Entity or affiliate," which is not limited to the matters at issue in this action. Plaintiffs also object

because the request does not specify documents or categories of documents with reasonable particularity, including because it seeks every Communication with any Vessel Financier Concerning "any Eletson Entity or affiliate." Plaintiffs also object because the request is duplicative of Request No. 40, including subpart (f) of that request. Plaintiffs also object because Defendants, including the Reed Smith Defendants, are exercising improper possession, custody, and control over the documents of Plaintiffs Gas and EMC Gas, and have wrongfully denied Gas and EMC Gas access to those documents, including documents that may be responsive to the request.

Subject to their objections, Plaintiffs will produce non-privileged Communications, if any, between Plaintiffs and any Vessel Financier Concerning any Vessel during the Relevant Period, that Plaintiffs identify through a reasonable search of documents within Plaintiffs' possession, custody, or control conducted using search terms and date ranges applied to previously-agreed custodians' documents pursuant to the ESI Protocol. Plaintiffs do not otherwise intend to produce documents in response to this request.

**REQUEST 45:**

All Documents between You and LISCR, any vessel or corporate registry, registered agent, flag-state authority, address-of-record provider, or similar Person Concerning the ownership, beneficial ownership, management, control, officers, directors, registered office, address of record, or authority to act for Gas, EMC, any of their subsidiaries, or any Vessel. This Request includes any instruction or request to create, change, maintain, or refrain from changing registry or address-of-record information, and all Documents Concerning any application, submission, filing, certification, or representation made to any such Person Concerning any of the foregoing subjects.

Response: Subject to their general objections, Plaintiffs will produce responsive non-privileged documents, if any, identified through a reasonable search of documents within Plaintiffs' possession, custody, or control using search terms and date ranges applied to previously-

agreed custodians' documents pursuant to the ESI Protocol. This request is copied from Plaintiffs' Request No. 50.

**REQUEST 46:**

Without regard to the Relevant Period, all Documents Concerning Kanelos from October 2020 to the present, including without limitation Documents reflecting or Concerning Communications between Marc Bistricer, Joshua Fenttiman, Adam Spears, Mark Lichtenstein, or any Murchinson Affiliate, on the one hand, and Kanelos, on the other hand.

Response: In addition to their general objections, Plaintiffs object to the overbroad and unduly burdensome request for "[a]ll Documents Concerning Kanelos," which is not limited to any subject matter and which, "[w]ithout regard to the Relevant Period," purports to reach documents spanning approximately six years. Plaintiffs also object because the request seeks irrelevant information.[1] Plaintiffs also object because "Murchinson Affiliate" is not defined; Plaintiffs will construe the term to refer to Murchinson Ltd. Plaintiffs also object to the definition of "Kanelos," which is vague, ambiguous, and overly broad because it includes "any attorney, agent, or representative acting on his behalf"; Plaintiffs will construe the definition to mean the natural person Peter Kanelos. Plaintiffs also object because the request seeks documents concerning matters that were the subject of discovery in prior proceedings. Plaintiffs also object to the extent the request seeks documents protected by the attorney-client privilege or attorney work product. Because of these objections, Plaintiffs do not intend to produce documents in response to this request, but are willing to meet and confer in an effort to understand what

---

[1] *See* Case No. 23-cv-7331, ECF 678 (Vacatur Decision), at 91–92, n.29 ("Neither Intervenors nor the Arbitrator explained how any of [Kanelos's at-issue] conduct injured, or was to the detriment of, Eletson. If anyone would have had a complaint about the agreement, it would have been Blackstone (which apparently never complained). None of the [remuneration] paid to Kanelos was from Eletson's share of any Eletson Gas proceeds. Levona and Eletson would have had a common interest in financing Gas's debt, and Eletson would have no interest in how much Levona had to pay for Blackstone's interest.").

documents are being requested beyond those that were produced in Relevant Proceedings and/or that are being sought via the Reed Smith Defendants' First Set of Document Requests.

**REQUEST 47:**

All Documents Concerning any payments, compensation, benefits, or things of value provided or promised to, Kanelos.

Response: In addition to their general objections, Plaintiffs object to the overbroad and unduly burdensome request for "[a]ll Documents Concerning" any "payments, compensation, benefits, or things of value" provided or promised (by anyone) to Kanelos. Plaintiffs also object because the request seeks irrelevant information. *See* n.1 *supra.* Plaintiffs also object to the terms "compensation," "benefits," and "things of value" as overbroad and vague and ambiguous. Plaintiffs also object to the definition of "Kanelos," which is vague, ambiguous, and overly broad because it includes "any attorney, agent, or representative acting on his behalf"; Plaintiffs will construe the definition to mean the natural person Peter Kanelos. Plaintiffs also object because the request seeks documents concerning matters that were the subject of discovery in prior proceedings. Because of these objections, Plaintiffs do not intend to produce documents in response to this request, but are willing to meet and confer in an effort to understand what documents are being requested beyond those that were produced in Relevant Proceedings and/or that are being sought via the Reed Smith Defendants' First Set of Document Requests.

**REQUEST 48:**

For each default, termination, notice, or enforcement step Concerning any Vessel that You allege was manufactured or precipitated by Defendants (FAC ¶¶ 54–60, 70(i)), all Documents identifying the instrument, the counterparty, and the notice or action at issue, and all Communications between You and any Vessel Financier, lessor, mortgagee, or charterer Concerning it, including all Communications Concerning any Reed Smith Defendant, Weller, or Solomon.

Response: In addition to their general objections, Plaintiffs object to the overbroad and unduly burdensome request for "all Communications" between Plaintiffs and any Vessel

Financier, lessor, mortgagee, or charterer, and for "all Communications Concerning any Reed Smith Defendant, Weller, or Solomon." Plaintiffs also object because certain of the cited paragraphs of the Amended Complaint (ECF 61) ("AC") do not allege any default, termination, notice, or enforcement step concerning a Vessel, including paragraphs 54 and 59. Plaintiffs also object because Defendants, including the Reed Smith Defendants, are exercising improper possession, custody, and control over the documents of Plaintiffs Gas and EMC Gas, and have wrongfully denied Gas and EMC Gas access to those documents, including documents that may be responsive to the request. Subject to their objections, Plaintiffs will produce (i) the August 28, 2023, November 21, 2024, and December 19, 2024 emails described in paragraph 54 of the AC, (ii) documents sufficient to identify the January 2025 and February 2025 actions alleged in paragraph 54 of the AC, (iii) the February 23, 2025 email cited in paragraph 56 of the AC, (iv) the March 9, 2025 email cited in paragraph 57 of the AC, (v) the March 26, 2025 email cited in paragraph 58 of the AC, (vi) the May 11, 2025 email cited in paragraph 59 of the AC, (vii) the June 2, 2025 email cited in paragraph 60 of the AC, and (viii) responsive non-privileged documents, if any, identified through a reasonable search of documents within Plaintiffs' possession, custody, or control using search terms and date ranges applied to previously-agreed custodians' documents pursuant to the ESI Protocol, concerning "defaults under financing agreements" as relevant to the allegations in paragraph 70(i) of the AC (including such documents that may describe "the instrument, the counterparty, and the notice or action at issue" and that may consist of "Communications between [Plaintiffs] and any Vessel Financier, lessor, mortgagee, or charterer Concerning [those defaults]"). Plaintiffs do not otherwise intend to produce documents in response to this request.

**REQUEST 49:**

For each ship as to which You allege Gas was deprived of a valuable right to acquire the vessel from a lender (FAC ¶ 70(i)), all Documents identifying the right or option, its terms, exercise price, and deadline, the lender or lessor, whether and when an exercise was attempted, and all Documents Concerning the amount and calculation of the diminished vessel equity You allege.

Response: In addition to their general objections, Plaintiffs object to the overbroad and unduly burdensome request for "all Documents Concerning the amount and calculation of the diminished vessel equity" Plaintiffs allege. Plaintiffs also object because the request is premature and calls for expert analysis and Plaintiffs' contentions, including the calculation of damages. Plaintiffs will serve expert reports concerning damages and valuation, if any, on the schedule provided in the operative case management order. Plaintiffs also object to the extent the request seeks documents protected by the attorney-client privilege or attorney work product. Subject to their objections and without waiver of Plaintiffs' rights to modify or alter the categories and amounts of damages they seek, Plaintiffs will produce (i) the contracts specifying the rights at issue in the cited portion of paragraph 70(i) of the AC, and (ii) non-privileged documents, if any, concerning attempts to exercise those rights, identified through a reasonable search of documents within Plaintiffs' possession, custody, or control using search terms and date ranges applied to previously-agreed custodians' documents pursuant to the ESI Protocol. Plaintiffs do not otherwise intend to produce documents in response to this request.

**REQUEST 50:**

For each Payment of funds or revenues of Gas, EMC, or any of their subsidiaries that You allege was wrongfully diverted to pay Reed Smith's legal fees (FAC ¶¶ 35, 55, 69), all Documents identifying the Payment, including its date, amount, payor, payee, originating and receiving account, and the instrument or instruction effecting it, and all Documents Concerning Your basis for alleging that any Reed Smith Defendant conceived, architected, assisted in implementing, or was aware of it.

Response: In addition to their general objections, Plaintiffs object to the overbroad and unduly burdensome request for "all Documents Concerning" Plaintiffs' basis for alleging that any

Reed Smith Defendant "conceived, architected, assisted in implementing, or was aware of" any Payment. Plaintiffs also object because the request improperly seeks Plaintiffs' contentions and depends on legal conclusions. Plaintiffs also object because the Payments at issue, and the Reed Smith Defendants' receipt of and knowledge concerning them, are within the knowledge and possession of the Reed Smith Defendants. Plaintiffs also object because Defendants, including the Reed Smith Defendants, are exercising improper possession, custody, and control over the documents of Plaintiffs Gas and EMC Gas, and have wrongfully denied Gas and EMC Gas access to those documents, including documents that may be responsive to the request. Plaintiffs also object to the extent the request seeks documents protected by the attorney-client privilege or attorney work product. Because of those objections, Plaintiffs do not intend to produce documents in response to this request.

**REQUEST 51:**

All Documents Concerning the "reputational damages" You allege were incurred (FAC ¶ 70(iv)), including all Documents Concerning: the reputation, standing, public recognition, or goodwill of any Plaintiff or any Murchinson Affiliate; any regulatory or governmental inquiry or investigation of any Plaintiff or any Murchinson Affiliate; any lawsuits, complaints, claims or causes of action asserted against any Plaintiff or any Murchinson Affiliate, any written allegation of wrongdoing by any person Concerning any Plaintiff or any Murchinson Affiliate; any sanctions or contempt ruling with respect to any Plaintiff or any Murchinson Affiliate; and any effect of the matters alleged in the FAC on assets under management, fundraising, or the terms on which capital was raised or retained; and any goodwill, intangible asset, customer relationship, or brand value recognized, impaired, written down, or written off on the books or in the financial statements of any Plaintiff or any Murchinson Affiliate.

Response: In addition to their general objections, Plaintiffs object to the overbroad and unduly burdensome request for "[a]ll Documents Concerning" the reputation, standing, public recognition, or goodwill of "any Plaintiff or any Murchinson Affiliate," and the six further categories of documents listed in the request. Plaintiffs also object to the irrelevant request concerning reputational damages to any "Murchinson Affiliate" (which term is also not defined and which Plaintiffs will construe to refer to Murchinson Ltd.), and to the irrelevant requests for

documents concerning any "regulatory or governmental inquiry or investigation," "lawsuits, complaints, claims or causes of action," "written allegation of wrongdoing by any person," and "sanctions or contempt ruling." Plaintiffs also object because the request seeks documents outside Plaintiffs' possession, custody, or control, including in connection with the request for information "on the books or in the financial statements of" Gas and EMC Gas, which are outside Plaintiffs' possession, custody, or control; indeed, Defendants, including the Reed Smith Defendants, are exercising improper possession, custody, and control over the documents of Plaintiffs Gas and EMC Gas, and have wrongfully denied Gas and EMC Gas access to those documents, including documents that may be responsive to the request. Plaintiffs also object because the request for Documents Concerning "any goodwill, intangible asset, customer relationship, or brand value recognized, impaired, written down, or written off on the books or in the financial statements" is irrelevant, as Levona is not asserting that any goodwill, intangible asset, customer relationship, or brand value was recognized, impaired, written down, or written off on its books or in its financial statements. Plaintiffs also object because the request for Documents Concerning "any effect of the matters alleged in the AC on assets under management, fundraising, or the terms on which capital was raised or retained" is irrelevant, as Plaintiffs are not asserting that assets under management, fundraising, or the terms on which capital was raised or retained were impacted. Plaintiffs also object to the extent the request seeks documents protected by the attorney-client privilege or attorney work product. Subject to their objections and without waiver of Plaintiffs' rights to modify or alter the categories and amounts of damages they seek, Plaintiffs will produce responsive non-privileged documents concerning goodwill and reputational injury to Plaintiffs, if any, to the extent agreed to in connection with Plaintiffs' response to Request No. 23 of the Reed Smith Defendants' First Set of Document Requests.

**REQUEST 52:**

All Communications with any investor, limited partner, member, prospective investor, placement agent, fund administrator, or auditor of Levona or any Murchinson Affiliate Concerning any Eletson Entity, any Defendant, or any Relevant Proceeding, including any investor letter, update, presentation, capital call, redemption request, withdrawal, or fundraising materials.

Response: In addition to their general objections, Plaintiffs object to the overbroad and unduly burdensome request for "all Communications … Concerning" the specified matters. Plaintiffs also object because the request seeks documents that are not relevant to any claim or defense in this action, including because, as stated in Plaintiffs' response to Request No. 51, Plaintiffs are not asserting that assets under management, fundraising, or the terms on which capital was raised or retained were impacted. Plaintiffs also object to the extent the request seeks documents protected by the attorney-client privilege or attorney work product. Because of the foregoing objections, Plaintiffs do not intend to produce documents in response to this request.

**REQUEST 53:**

All Documents Concerning any press release, media inquiry, interview, statement, article, posting, or industry-publication item Concerning any Plaintiff, any Defendant, or any Relevant Proceeding, including all Communications with any journalist, publication, or public-relations, crisis-communications, or reputation-management adviser, and all Documents Concerning any engagement of or Payment to any such adviser.

Response: In addition to their general objections, Plaintiffs object because the request seeks documents not relevant to the claims or defenses in this action. Plaintiffs also object to the overbroad and unduly burdensome request for "[a]ll Documents Concerning any press release, media inquiry, interview, statement, article, posting, or industry-publication item Concerning any Plaintiff, any Defendant, or any Relevant Proceeding," and for all Communications with any journalist, publication, or public-relations, crisis-communications, or reputation-management adviser. Plaintiffs also object to the extent the request seeks publicly available documents, including published articles and press releases, which are equally available to the Reed Smith

Defendants. Plaintiffs also object to the extent the request seeks documents protected by the attorney-client privilege or attorney work product. Because of the foregoing objections, Plaintiffs do not intend to produce documents in response to this request.

DATED: October 19, 2026

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ *Isaac Nesser*

Isaac Nesser
William B. Adams
Daniel M. Kelly
Michael A. Wittmann

295 Fifth Avenue
New York, New York 10016
Tel: (212) 849-7000
isaacnesser@quinnemanuel.com
williamadams@quinnemanuel.com
danielkelly@quinnemanuel.com
michaelwittmann@quinnemanuel.com

Matthew Scheck
Matthew Roznovak (*pro hac vice* forthcoming)
Alexander Van Dyke (*pro hac vice* forthcoming)
300 W. 6th Street
Austin, Texas 78701
Tel: (737) 667-6100
matthewscheck@quinnemanuel.com
matthewroznovak@quinnemanuel.com
alexvandyke@quinnemanuel.com

*Attorneys for Plaintiffs*